UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00-6035 CIV-ZLOCH**

CASE NO: _____

Magistrate Judge:

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly situated,

   Plaintiff,

vs.

GEICO CASUALTY COMPANY,

   Defendant.

_____/

MAGISTRATE JUDGE
SELTZER

**NIGHT BOX
FILED**

JAN 7 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

 Defendant, GEICO CASUALTY COMPANY, respectfully notifies this Court of

the removal of the above-entitled case from the Circuit Court of the Seventeenth Judicial

Circuit, in and for Broward County, Florida, to the United States District Court for the

Southern District of Florida pursuant to 28 U.S.C. § 1441. Since this is a civil action

wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000),

exclusive of interest and costs, and since the parties share complete diversity of

citizenship, this Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332. As grounds for this removal, GEICO CASUALTY COMPANY ("GEICO

Casualty") states:

 1. On or about December 2, 1999, Kimberly Jones Hubbard, individually and

on behalf of others similarly situated (Jones Hubbard), filed the above-captioned case in



Burd
Lozano &
Zacherl, L.L.P. 601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 019110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 3161



the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida,

styled <u>Kimberly Jones Hubbard v. GEICO Casualty Company</u>, Case No. 99-020406.

2.    Jones Hubbard purports to bring a nationwide class action lawsuit

involving the laws of 50 different states.

3.    GEICO Casualty was first served with process and a copy of Plaintiff's

Class Action Complaint (hereinafter "the Complaint") on December 10, 1999, from the

Florida Insurance Commissioner.  In accordance with 28 U.S.C. § 1446(a), a copy of all

process and pleadings served upon GEICO Casualty are attached as Exhibit A.

4.    Thirty days have not elapsed since the service of process and Plaintiff's

Complaint upon GEICO Casualty.  Therefore, pursuant to 28 U.S.C. § 1446(b), this

Notice of Removal is timely and proper.

## DIVERSITY OF CITIZENSHIP

5.    At the commencement of this action and at times material hereto, Plaintiff

Kimberly Jones Hubbard was and is a citizen of the State of Florida.  *See* Complaint ¶ 1.

6.    At the commencement of this action and at all times material hereto,

GEICO Casualty was and is a citizen of the State of Maryland, having been incorporated

under the laws of the State of Maryland, with its principal place of business in the State

of Maryland.  GEICO Casualty was not and is not a citizen of the state of Florida.

7.    GEICO Casualty and Plaintiff are completely diverse, such that the

diversity of citizenship requirement is satisfied.

## AMOUNT IN CONTROVERSY

8.    The amount in controversy in this case exceeds $75,000.00, exclusive of

interest and costs.  Plaintiff's Complaint seeks an award of attorneys' fees pursuant to

Fla. Stat. § 627.428.  *See* Complaint ¶ 8, p. 9.  Statutorily-mandated attorney's fees are


Burd
Lozano &
Zacherl, L.L.P.

601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131  •  TELEPHONE 305-374-3100/FAX 305-374-3161

included in determining whether the amount in controversy requirement is satisfied for federal diversity jurisdiction. See Howard v. Globe Life Ins. Co., 973 F. Supp. 1412, 1419-21 (N.D. Fla. 1996) (finding the requisite amount in controversy satisfied by the claim for attorney's fees under Section 627.428, Florida Statutes) ; In re Abbott Labs., 51 F.3d 524 (5th Cir. 1995), cert. granted by, 120 S. Ct. 525 (1999).

9.      Plaintiff's Complaint seeks certification of a nationwide class action.  To pursue this action, Plaintiff will be required, at minimum, to review the controlling law in fifty states and litigate national class certification in addition to the merits of her own underlying claim.  Given the magnitude and complexity of this case, should Plaintiffs be successful, her attorneys' fees will certainly greatly exceed $75,000.00.

10.     Additionally, Plaintiff's Complaint seeks a permanent injunction enjoining GEICO Casualty from continuing its alleged "practice and policy" of authorizing or using "inferior, imitation (non-OEM) parts to repair Plaintiff's and the class [members'] vehicles." Complaint ¶ 32.  Plaintiff, in seeking injunctive relief, is asserting a common and undivided interest belonging to the entire plaintiff class.  See Edge v. Blockbuster Video, Inc., 10 F. Supp. 2d 1248, 1252-53 (N.D. Ala. 1997) (holding claim for injunctive relief in customer's class action challenging defendant video rental franchisor's late fee policy was common and undivided interest of plaintiff class).  Where the putative class alleges a common and undivided interest in the relief sought, the value of the claim is considered in the aggregate in determining whether the amount in controversy requirement for diversity jurisdiction is met.  See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996) (allowing aggregation of common interest punitive damages



claim to meet amount in controversy); Edge, 10 F. Supp. 2d at 1252-53 (allowing aggregation of common interest injunctive relief claim to meet amount in controversy).

11.     Although the exact value of the injunctive relief sought by the plaintiff class cannot accurately be determined at this time, it certainly would exceed $75,000 if Plaintiff were to prevail. Plaintiff is attempting to permanently change GEICO Casualty's alleged practice and policy, seeking to require the specification of OEM parts in all future repairs. See Complaint ¶ 4, at p. 9. GEICO Casualty has several million policyholders and handles thousands of claims on an annual basis. If Plaintiff's allegations are taken at face value that the putative class is entitled to enjoin forever the specification of less expensive "non-OEM" parts for the repair of damaged vehicles, the total value to the plaintiff class would easily exceed $75,000.

12.     Pursuant to the provisions of § 1446(d), a copy of this Notice of Removal has been filed this day with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and all parties have been provided with a copy of same.

WHEREFORE, Defendant, GEICO CASUALTY COMPANY, respectfully requests that the above mentioned state court action, now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and styled Kimberly Jones Hubbard v. GEICO Casualty Company, Case No. 99-020406, be removed to this Court.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7th day of January, 2000 to: **SEAN C. DOMINICK, ESQ.,** Counsel for Plaintiff, Searcy Denney Scarola Banhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O.


Burd
Lozano &
Zacherl, L.L.P.

601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 019110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 3161

Drawer 3626. West Palm Beach. FL 33402-3626: and **JEFFREY ORSECK, ESQ.,**

Co-Counsel for Plaintiff. Jeffrey Orseck. P.A.. 1111 E. Broward Blvd.. Orseck Plaza,

Fort Lauderdale. FL 33301.

Respectfully submitted,

BURD LOZANO & ZACHERL. LLP
Counsel for Defendant
GEICO CASUALTY COMPANY
601 Brickell Key Drive
Suite 500
P.O. Box 01-9110
Miami. Florida 33131
Telephone: (305) 374-3100
Fax: (305) 374-3161

By: _____
        Frank A. Zacherl
        Florida Bar No. 868094



THE TREASURER OF THE STATE OF FLORIDA
DEPARTMENT OF INSURANCE

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

PLAINTIFF(S).

VS.

GEICO CASUALTY COMPANY

DEFENDANT(S).

CASE #:       99020406 CACE 21
COURT:       CIRCUIT COURT
COUNTY:     BROWARD
DOI-SOP#:   99-32173

*S. Ayers*
*FCC: 02*
*N615*

SUMMONS, CLASS ACTION COMPLAINT, EXHIBIT "1", DISCOVERY

*Clm# 0124351190101013*

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, served or delivered to my office by MAIL
on the 8th day of December, 99, addressed to the Insurance Commissioner (as process agent or
agent for the insurer). A copy of said process was mailed by certified mail from this office to:

    GEICO CASUALTY COMPANY
    DAVID H PUSHMAN
    4295 OCMULGEE EAST BOULEVARD
    MACON GA 31201

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney on the 10th day
of December, 99.

*Bill Nelson*

Bill Nelson
Insurance Commissioner and Treasurer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:
SEAN C. DOMNICK
P.O. DRAWER 3626
WEST PALM BEACH FL 33402-3626



**EXHIBIT**
**A**
ALL-STATE LEGAL SUPPLY CO.

# CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

CASE NO.:

**99020406**

**21**

Plaintiff,

v.

GEICO CASUALTY COMPANY

Defendant.

**CIVIL ACTION SUMMONS**

## SUMMONS:

THE STATE OF FLORIDA
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons, a copy of the complaint or petition, and
Demand for Jury Trial, in this action on defendant,

**GEICO CASUALTY COMPANY**
· **By Serving:  Insurance Commissioner of Florida**
**Capitol Building**
**Tallahassee, Florida 32304**

Each defendant is required to serve written defenses to the complaint or petition on Sean
C. Domnick, Plaintiff's attorney, whose address is Searcy Denney Scarola Barnhart & Shipley,
P.A., P.O. Drawer 3626, West Palm Beach, FL 33402-3626, within 20 days after service of this
summons on that defendant, exclusive of the day of service, and to file the original of the defenses
with the clerk of this court, either before service on plaintiff's attorney or immediately thereafter.
If a defendant fails to do so, a default will be entered against that defendant for the relief demanded
in the complaint or petition.

DATED on DEC 0 2 1999, 1999.

ROBERT E. LOCKWOOD

CLERK OF THE CIRCUIT COURT (SEAL)

BY: VALERIE FORD
Deputy Clerk

A TRUE COPY
Clerk's Court Seal

## AMERICANS WITH DISABILITIES ACT

In accordance with the Americans With Disabilities Act, persons in need of a special accommodation to participate in this proceeding or to access a court service, program or activity shall, within a reasonable time prior to any proceeding or need to access a service, program or activity, contact the Administrative Office of the Court, Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954) 831-6364; 1-800-955-8771 (TDD); or 1-800-955-8770 (V), via Florida Relay Service.

De acuerdo con el Acta de los Americanos con Impedimentos, Inhabilitados, aquellas personas que necessiten de algun servicio especia para participar en este proceso o tener acceso a servicios, programs o actividades de law Corte deberan, dentro de un periodo rasonable antes de cualquier proceso o de tener necesidad de acceso a servicios, programas o actividades, ponerse en contacto con la Oficina Administrativa de la Corte, que esta situada en el Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954)(954) 831-6364; 1-800-955-8771 (TDD), y si u sa el servicio Florida Relay Service al ó 1-800-955-8770 (V)

D'aprè akó ki té fet avek Akt Pou Amérikin Ki Infim, tout mcun ki genyen yon bézwen éspesyal pou akomodasyon pou yo palisipé nan pwosé obyen pou gin aks. Sévis, pwogram ak aktivité finbinal-la, dwé nan yon tan rézonab anvan okin pwosé oubyen bezwen aksé sévis, pwogram oubyen aktivité fet, yo dwé konta Ofis Tribinal-la ki nan Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954) 831-6364; ou byen 1-800-9558771 (T.D.D.) ou byen 1-800-995-8770 (V) an pasan pa Florida Relay Service.

En accordance avec l'Acte Pour les Américains Incapacités, les personnes personnes en besoin d'une accommodation spéciale pour participer à ces procédures, ou bien pour avoir accès au service, programme, ou activité de la Court doivent, dans un temps raisonable, avant aucune procédures ou besoin d'accès de service, programme ou activité, contacter l'office administrative de la Court situcé au numero Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954) 831-6364; ou 1-800-955-8771 (TDD) ou 1-800-955-8770 (V) ou par Florida Relay Service.

# CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

**21**

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendant.

_____/

CASE NO..

**99020406**

DEC 0 2 1999

A TRUE COPY
ROBERT E. LOCKWOOD

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, KIMBERLY JONES HUBBARD, on behalf of herself and all others similarly situated, by and through her undersigned attorney, and sues the Defendant, GEICO INSURANCE COMPANY, and states as follows:

1.     Plaintiff, KIMBERLY JONES HUBBARD, resides in Lauderhill, Broward County, Florida. Plaintiff, KIMBERLY JONES HUBBARD holds a Geico Auto Policy issued by Defendant, GEICO CASUALTY COMPANY ("GEICO").

2.     GEICO is an insurance company transacting business in the State of Florida and in all states throughout the United States, sometimes by or through its subsidiaries or affiliates.

3.     This Court has jurisdiction over the subject matter hereto and the parties hereof.

4.     Venue is proper in this Court.

5.     Plaintiff and the class assert no federal question. Plaintiff's state law claim cannot be federally preempted on any grounds, and this case must be heard in a state forum.

### Class Representation Allegations

6.     This claim is maintainable as a class action based on Fla. R. Civ. P. 1.220(a), (b)(1) and (b)(2).

7.     Defendant, GEICO, advertised, solicited and sold the GEICO Policy to Plaintiff. Under

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 2

the terms of Defendant GEICO's Policy, in consideration for the premiums paid, Defendant, GEICO,

agreed to restore Plaintiff's vehicles to their pre-loss condition using parts of like kind and quality.

The Plaintiff is not in possession of a copy of her policy, but believes that Defendant is in

possession. Thus, based upon the Geico Car Policy, a contract, Plaintiff reasonably expected that

her vehicle would be repaired with parts that were of like kind and quality and would restore her

vehicle to her pre-loss condition. After Plaintiff wrecked her vehicle, Defendant's, GEICO, practice

and policy is to use inferior, substandard imitation parts (whenever possible and practicable) in the

repair of Plaintiff's vehicle.

       8.      Plaintiff brings this class action to secure redress for Defendant's, GEICO, uniform

and common practice of using inferior, imitation parts. At all times material hereto, Defendant,

GEICO, was obligated to all its policy holders to make repairs pursuant to the same or common

general terms set forth in Plaintiff's GEICO Policy. Specifically, Defendant, GEICO, was obligated

to undertake repairs on damaged vehicles using only parts of like kind and quality sufficient to restore

the vehicles to their pre loss condition. As a practical matter, this obligation could be met only by

requiring the exclusive use in repairs of factory-authorized or original equipment manufacturer's parts

(OEM parts). Defendant's, GEICO, common practice of using inferior, imitation parts in repairs

constitutes a breach of its obligation to all insureds who either received such parts in repairs or were

obligated to pay the difference in price between imitation parts and the OEM parts actually installed.

       9.      Plaintiff's insured vehicle was involved in accidents causing damage to Plaintiff's

vehicle. Plaintiff's damaged vehicle was presented to Defendant, GEICO, for repair. Defendant,

GEICO, inspected Plaintiff's vehicle and prepared estimates of repair costs. A copy of certain of

these estimates is attached as Exhibit 1.

       10.     Defendant, GEICO, requires the use of inferior copies of vehicle parts, which are not

authorized or sanctioned by the vehicle manufacturer, commonly referred to as "imitation crash

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 3

parts," "after market crash parts," and/or "non-original equipment manufacturer's parts/non-OEM crash parts," hereinafter referred to as imitation parts. Since many of these imitation parts are manufactured in Taiwan, in the trade they are commonly referred to as "Taiwan tin," which reflects their inferior quality and craftsmanship. These inferior imitation parts are not authorized for use by vehicle manufacturers, and the incorporation into an insured vehicle will not restore the vehicle to its pre-loss condition.

11.    The imitation parts are inferior in quality to the factory-authorized parts made by or for the original equipment manufacturer, in that the imitation parts have, among other defects:

        a.      substandard fit and appearance;

        b.      substandard finish;

        c.      substandard structural integrity and mechanical operation;

        d.      substandard corrosion resistance; and

        e.      substandard dent resistance.

12.    These defects make the imitation parts inferior in quality to the parts made by or for the original equipment manufacturer, and the imitation parts are not of "like kind and quality" as the parts originally installed in the vehicle nor will use of the imitation parts restore the insured vehicle to its pre-loss condition.

13.    Use of the imitation parts does the following to Plaintiff and members of the class: (i) diminishes the vehicle's value, (ii) jeopardizes the effectiveness of the manufacturer's vehicle warranty, (iii) impairs the vehicle's structural integrity and impacts passenger safety, (iv) may detrimentally affect the vehicle's performance, (v) reduces the vehicle's resale value; and (vi) does not restore the vehicle to its pre-loss condition.

14.    Defendant, GEICO, entered into a common course of conduct using or paying the cost of inferior imitation parts to satisfy its repair obligations wherever such parts were available, thereby reducing its coverage obligations under its policies, all at the expense and loss to policy

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 4

holders, but Defendant, GEICO, did not disclose these practices to its policy holders.

15.     Defendant, GEICO, did not disclose to Plaintiff prior to her purchase of the GEICO Policy, that Defendant, GEICO, would use and pay for only unauthorized inferior imitation parts (whenever possible and practicable) rather than factory-authorized parts made by or for the original equipment manufacturer, and that use of unauthorized imitation parts would not restore Plaintiff's vehicle to its pre-loss condition.

16.     Defendant, GEICO, was aware of its obligation to repair vehicles using "like kind and quality" parts and its obligation to restore the vehicles to their pre-loss condition.  At all times material hereto, Defendant, GEICO, knew or should have known that the unauthorized imitation parts were not of "like kind and quality" as parts originally installed in Plaintiff's vehicle, and the use of the inferior imitation parts would not restore the vehicles to their pre-loss condition and their pre-loss value.

17.     At all times material hereto, Defendant, GEICO, avoided its obligations under these insurance policies, which policies used common language by only authorizing repairs using inferior imitation parts.

18.     Defendant, GEICO, has refused to pay or not paid to the Plaintiff or Class Members an amount equal to the difference in value of Plaintiff's vehicle before the accident and the value after the accident, once repaired, restored, and returned to Plaintiff.

19.     Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant to Rule 1.220, Florida Rules of Civil Procedure, as representatives of the following class:

> All persons in the United States who (1) were insured by a vehicle casualty insurance policy issued by Defendant, GEICO, and (2) made a claim for vehicle repairs pursuant to their policy and had imitation that is, non-factory-authorized and/or non-OEM parts installed in their vehicles or else received monetary compensation determined in relation to the cost of imitation parts.

Excluded from the class are employees of Defendant, GEICO,, its officers, its directors, its

    c.    Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

23.    All class members have the same legal rights to, and interests in, the fair treatment by GEICO, the proper interpretation and implementation of the Policy, and the restoration of their vehicles to their pre-loss condition when they are damaged. Defendant, GEICO, engaged in a uniform or common practice regarding repairs to its insured vehicles. When Plaintiff's or a Class Members' car needed repairs it paid for imitation parts, as set forth herein, and not "like kind and quality" as set forth in its vehicle casualty insurance policies. Plaintiff, thus, by proving her own claims presumptively proves the claims of the class.

24.    The class action is an appropriate method for the fair and efficient adjudication of the controversy given the following:

    a.    Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigation the common issues on a classwide instead of a repetitive individual basis;

    b.    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

    c.    Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members;

    d.    Despite the relatively small size of individual class members' claims, their aggregate volume is coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    e.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law or fact to be litigated at the liability stage are common to the class.

25.    Class certification is fair and efficient as well because prosecution of separate actions

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 7

would create a risk of adjudications with respect to individual members of the class, which as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

     26.   Class certification is appropriate under Florida law because Defendant, GEICO, has acted on grounds generally applicable to the class.

**COUNT I**
**BREACH OF CONTRACT**

     27.   Paragraphs 1-26 are re-alleged and restated, as if fully set forth herein.

     28.   Defendant, GEICO, common practice regarding the use of inferior imitation parts to its insureds, Plaintiff and Class Members, constitutes a breach of contract. The uniform insurance policy is a contract. Plaintiff and Class Members entered these contracts with Defendant, GEICO, and undertook obligations, paying premiums; the use of inferior imitation parts breaches that contract to Plaintiff and Class Members.

     29.   Plaintiff and Class Members were injured or damaged as a result. The courts in Florida and the other states enforce contracts and provide remedies for breach.

     30.   Therefore, Plaintiff and Class Members are entitled to lawful remedies attendant with the breach of contract by Defendant, GEICO.

**COUNT II**
**INJUNCTIVE/EQUITABLE RELIEF**

     31.   Paragraphs 1-26 are re-alleged and restated, as if fully set forth herein.

     32.   Defendant's practice and policy, whenever possible under the circumstances, is to authorize or use inferior, imitation (non-OEM) parts to repair Plaintiff's and the class' vehicles.

     33.   Each time that their vehicles may be or actually are wrecked and inferior imitation parts are available, because of Defendant's policy and practice, Plaintiff's and class members' vehicles will not be restored to their pre-loss condition at Defendant's cost.

     34.   As such, Defendant consistently and repeatedly violated their contracts (insurance

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 8

policies).

35.    Because of this policy and practice, Plaintiff and class members will not receive the benefit of the common or similar terms of contracts with the Defendant. Plaintiff and class members are subject to Defendant's policy and practice with each contract entered into with Defendant.

36.    Defendant does not meaningfully or effectively disclose the policy of using inferior imitation parts.

37.    Defendant maintains that it has the right to use inferior, aftermarket parts. Therefore, a declaration of rights under the policy and applicable law is necessary.

38.    Injunctive relief is necessary because money damages are inadequate to redress the wrong done by the Defendant. Among other things, the aftermarket parts create a real and present danger to those who drive vehicles that have been repaired using these parts. The vehicles are not as safe and only injunctive relief, in conjunction with monetary damages for the breach of contract, will fully protect the plaintiff and the prospective class members.

39.    Unless a declaration of rights and a permanent injunction are issued requiring Defendant to comply with these provisions of these contracts with Plaintiff and class members' contracts, class members will not receive the benefit of the bargain, will have no effective means to learn about the practice and policy of Defendant not to honor the terms of its policies (set forth herein), Defendant will continue not to restore Plaintiff's and class members' vehicles to their pre-loss condition, and will otherwise continue to avoid their contractual obligations.

## RELIEF REQUESTED

1.    An Order confirming that this conditionally certified class action is properly maintainable as a class action, and appointing Plaintiff and her undersigned counsel to represent the class;

2.    An award of compensatory damages and all monetary relief authorized by law or referenced in the Complaint;

3.    An Order declaring the rights of the class and the obligations of GEICO under the standard

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 9

contractual provisions at issue in this action;

4.     An Order enjoining GEICO from using inferior, imitation non-OEM parts, from refusing to pay for original equipment parts, and from engaging in unfair or deceptive acts or practices set forth in or related to the policy and practice in the Complaint;

5.     An Order requiring GEICO to restore Plaintiff's and class members' vehicles to their pre-loss condition, to meaningfully and effectively disclose its past policy and practice of using inferior, imitation parts and to fully remedy these past acts or practices, and to cease and desist from making any false, deceptive, or misleading representations about its practices in authorizing or repairing and restoration to Plaintiff and class members;

6.     An award of prejudgment and post judgment interest;

7.     An award providing for payment of costs of suit, including payment of experts' fees and expenses;

8.     An award of reasonable attorneys' fees pursuant to F.S. §627.428, and

9.     Such other and further relieve as this Court may deem proper and just.\

10.    Trial by jury on all issues so triable.

Dated this _24th_ day of _November_, 1999.

_Sean C. Domnick_

Sean C. Domnick
Florida Bar No.:843679
Jack Scarola
Florida Bar No.:169440
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
Attorneys for Plaintiff(s)

Jeffrey Orseck
Florida Bar No.:216963
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, Florida 33301
(954) 763-3000
Co-Counsel for Plaintiff(s)

11-11-1999 2:44PM      FROM                                                    P. 2

AUG. -19'99(THU) 14:06   TOH BODY SHOP            TEL:305-985-1625        P. 001

### D.V. Report

08/19/1999 at 10:35 AM                                    0124351190101012-01
45789

GEICO
DAVIE, FLA
FREE RATE QUOTES 800-555-2756 ONE CALL DOES IT AL
3501 S UNIVERSITY DR # 5
DAVIE, FL 33328
(800)584-3426 Fax: (954)370-0953

SUPPLEMENT OF RECORD 1 WITH SUMMARY

Written by: JORGE REBOLLEDO # 08/19/1999 10:34 AM
Adjuster: H758 EXT: 2846 FCC: #

Insured: KIMBERLY JONES            Claim #0124351190101012-01
Owner: KIMBERLY JONES              Policy #17620020
Address: 5421 NW 16TH CT           Date of Loss: 08/04/1999 at 12:00 AM
LAUDERHILL, FL 33313-5422          Type of Loss: Collision
Evening: (954)733-3278             Point of Impact: 6. Rear
Business: (954)631-5659

Inspect AIRPORT WEST                       Day: (954)731-0561x0000
Location: ABBFCO AUTO BODY                 DRIVE IN
PLANTATION, FL 33324-0000

Repair UNK.DT: 10                          Days to Repair
Facility:                                  Idename #

92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:
VIN: 1HGCB7653NA062681 Lic: VBA122   FL Prod Date:          Odometer: 86677
Air Conditioning      Rear Defogger         Tilt Wheel
Cruise Control        Intermittent Wipers   Tinted Glass
Body Side Moldings    Dual Mirrors          Clear Coat Paint
Power Steering        Power Brakes          Power Windows
Power Locks           Power Antenna         Power Mirrors
AM Radio              FM Radio              Stereo
Cassette              Search/Seat           Driver Airbag
Cloth Seats           Bucket Seats          Recline/Lounge Seats
Automatic Transmission

1

Exhibit "1"

12/15/99 WED 16:59 [TX/RX NO 5970]

AUG.-19'99(THU) 11:06   TCH BODY SHOP        TEL:305-985-1625        P.002

08/19/1999 at 10:35 AM                    0124351190101012-01
45789

SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

| NO. | OP. | DESCRIPTION | QTY | EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|---|
| 1 | | REAR BUMPER | | | | |
| 2 | | O/H rear bumper | | | 1.5 | |
| 3 | S01 | Deduct for Rear Bumper R&I | | | -0.6 | |
| 4 | | Repl Bumper cover LX & EX | 1 | 194.65 | Incl. | 2.5 |
| 5 | | Add for Clear Coat | | | | 1.0 |
| 6# | -Repl Flex Additive | | 1 | 10.00 T | | |
| 7** | -Repl Qual Repl Parts Reinforcement | | 1 | 83.65 | Incl. | |
| 8 | | Repl Mount beam | 1 | 71.62 | Incl. | |
| 9 | | Repl LT Bumper Cover slide | 1 | 10.78 | Incl. | |
| 10 | | REAR LAMPS | | | | |
| 11**S01 | Repl Qual Repl Parts LT Combo lamp | | 1 | 74.25 | Incl. | |
| 12 | | TRUNK LID | | | | |
| 13 | | Repl Deck lid & door | 1 | 313.83 | 1.0 | 2.3 |
| 14 | | Add for Clear Coat | | | | 0.9 |
| 15 | | Add for Underside (Complete) | | | | 1.2 |
| 16 | | REAR BODY & FLOOR | | | | |
| N 17 | S01 | Repl Panel below lid | 1 | 243.93 | Incl. | 1.5 |
| 18 | S01 | Overlap Major Adj. Panel | | | | -0.6 |
| 19 | S01 | Add for Clear Coat | | | | 0.2 |
| 20# | | Rpr Unibody Repair | | | 6.0 T | |
| 21# | | Repl Pinstripes - Tape | 1 | 16.00 | | |
| N 22 | S01 | Repl Rear floor pan | 1 | 1017.08 | 16.0 | 1.8 |
| N 23 | S01 | Repl LT sidemember assy | 1 | 300.18 | S 6.5 | |
| 24 | | REAR DOOR | | | | |
| 25* | | Refn LT Door shell | | | | 1.0 |
| 26 | | Add for Clear Coat | | | | 0.2 |
| 27 | | QUARTER PANEL | | | | |
| 28* | | Refn RT Quarter panel | | | S | 1.0 |
| 29 | | Add for Clear Coat | | | | 0.2 |
| 30 | | Repl LT Molding wheel opening | 1 | 15.76 | 0.3 | |
| N 31 | S01 | Repl LT Quarter panel | 1 | 495.37 | S 16.0 | 3.0 |
| 32 | S01 | Overlap Major Adj. Panel | | | | -0.4 |
| 33 | S01 | Add for Clear Coat | | | | 0.5 |

2

08/19/1999 at 10:35 AM                    0124351150101012-01
45789

**SUPPLEMENT OF RECORD 1 WITH SUMMARY**
**92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:**

| NO. | OP. | DESCRIPTION | QTY EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|
| 34 | S01 | Deduct for Overlap | | -1.4 | |
| | | Subtotals ==> | 2789.13 | 45.3 | 16.5 |

Line 17 : REPLACED W/S REPAIR(ADD.DAMAGE FOUND)
Line 22 : REPLACED W/S REPAIR(ADD.DAMAGE FOUND)
Line 23 : CONCESD REPLACED W/S REPAIR(ADD.DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

Estimate Notes:
CO.CODE: 01
PAY CODE: 2
POLICY NO: 17620020
DL: 69
DI: 11
CHECK NO: 056245376
OD: MUFFLER, R/DOORS, R/FENDER, R/FT.HUB-CAP MISSING.

| | | | |
|---|---|---|---|
| Parts | | | 2775.13 |
| Body Labor | 39.3 hrs @ $ 30.00/hr | | 1179.00 |
| Paint Labor | 16.5 hrs @ $ 30.00/hr | | 495.00 |
| Frame Labor | 6.0 hrs @ $ 30.00/hr | | 180.00 |
| Paint Supplies | 16.5 hrs @ $ 15.00/hr | | 247.50 |
| Sublet/Misc. | | | 10.00 |
| SUBTOTAL | | | $ 4890.63 |
| Sales Tax | $ 4890.63 @ 6.0000% | | 293.44 |
| TOTAL COST OF REPAIRS | | | $ 5184.07 |
| ADJUSTMENTS: | | | |
| Deductible | | | 250.00 |

3

AUG -19 99(THU) 11:07    TOM BODY SHOP                    TEL:305-985-1625  .            P.004

08/19/1999 at 10:35 AM                                      0124351190101012-01
- 45789

SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GRSN Int:

------------------------------------------------------------

                TOTAL ADJUSTMENTS                    $   250.00
                NET COST OF REPAIRS                  $  4934.07


                    THIS IS NOT AN AUTHORIZATION TO REPAIR

NO SUPPLEMENT WILL BE HONORED UNLESS AUTHORIZED BY GEICO DIRECT
A/P:   _____

NOTICE: NEW HIGH STRENGTH STEELS MAY REQUIRE THE USE OF MIG WELDER FOR PROPER
REPAIRS. NEW DESIGNS REQUIRE MEASUREMENT TO PROPERLY ALIGN THE VEHICLE. MAKE
SURE YOUR SHOP HAS THE RIGHT EQUIPMENT TO REPAIR YOUR VEHICLE.

_____
*** LKQ ****
MINTON'S 305-688-6661----------JD INTERNATIONAL1800-683-0379-----------------
AFFORDABLE TRUCK/AUTO 1800-771-2640---- VENEZUELA305-681-8168-----
OTHER:-----------------------------------------
_____

THIS ESTIMATE HAS BEEN PREPARED BASED ON THE USE OF CRASH PARTS SUPPLIED BY A
SOURCE OTHER THAN THE MANUFACTURER OF YOUR MOTOR VEHICLE. THE AFTERMARKET CRASH
PARTS USED IN THE PREPARATION OF THIS ESTIMATE ARE WARRANTED BY THE
MANUFACTURER OR DISTRIBUTOR OF SUCH PARTS RATHER THAN THE MANUFACTURER OF YOUR
VEHICLE.

DEC 15 '99 17:25 FR    CORP         301 986 3054 TO    029425999    P.17

AUG. 19 99(THU) 11:07   TOH BODY SHOP           . TEL:305-985-1625 .        P..005

08/19/1999 at 10:35 AM                          0124351190101012-01
. 45789
                    . SUPPLEMENT OF RECORD 1 WITH SUMMARY
              92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

| | NO. | OP. | DESCRIPTION | QTY | EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|---|---|
A.M.P. (ainforcement | | | ----- CHANGED ITEMS ------- | | | | |
→ | 10** | Repl | Qual Repl Parts LT Combo lamp | 1 | -74.25 | -0.4 | |
| 11**S01 | Repl | Qual Repl Parts LT Combo lamp | 1 | 74.25 | Incl. | |
| | | ------ DELETED ITEMS ------ | | | | |
N | 16* | Rpr | Panel below lid | | | -4.0 | -1.5 |
| 17 | | Overlap Major Adj. Panel | | | | 0.4 |
| 18 | | Add for Clear Coat | | | | -0.2 |
| 20 | Repl | Reinforcement | 1 | -30.48 | -0.8 | -0.4 |
N | 21* | Rpr | Rear floor pan | | | -5.0 | -1.8 |
| | | ------ ADDED ITEMS ------- | | | | |
| 3 | S01 | Deduct for Rear Bumper Rei | | s -0.6 | | |
N | 17 | S01 | Repl Panel below lid | 1 | 243.93 | Incl. | 1.5 |
| 18 | S01 | Overlap Major Adj. Panel | | | | -0.4 |
| 19 | S01 | Add for Clear Coat | | | | 0.2 |
N | 22 | S01 | Repl Rear floor pan | 1 | 1017.08 | 16.C | 1.8 |
N | 23 | S01 | Repl LT Sidemember assy | 1 | 300.18 | s 6.5 | |
N | 31 | S01 | Repl LT Quarter panel | 1 | 435.90 | s 16.0 | 3.0 |
| 32 | S01 | Overlap Major Adj. Panel | | | | -0.4 |
| 33 | S01 | Add for Clear Coat | | | | 0.5 |
| 34 | S01 | Deduct for Overlap | | | -1.4 | |

                              Subtotals -->    1966.61    26.3    2.7

Line 17 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 22 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 23 : CONCEED REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

6

AUG.-19'99 (THU) 11:09   TOH BODY SHOP          TEL:305-985-1625          P.006

08/19/1999 at 10:35 AM                          0124351190101012-01
45789
              SUPPLEMENT OF RECORD 1 WITH SUMMARY
        92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

-------------------------------------------------------------------------

Estimate Notes:
CO.CODE; 01
PAY CODE; 2
POLICY NO; 17620020
DM: 59
DI; 11
CHECK NO; 056245379
OD; MUFFLER,R/DOORS,R/FENDER,R/FT.HUB-CAP MISSING,

                        Parts                              1966.61
                        Body Labor      26.3 hrs @ $ 30.00/hr  789.00
                        Paint Labor      2.7 hrs @ $ 30.00/hr   81.00
                        Paint Supplies   2.7 hrs @ $ 15.00/hr   40.50
                        --------------------------------------------
                        SUBTOTAL                            $ 2877.11
                        Sales Tax      $ 2877.11 @  6.0000%  172.63
                        --------------------------------------------
                        TOTAL SUPPLEMENT AMOUNT              $ 3049.74

                        NET COST OF SUPPLEMENT               $ 3049.74

Estimate        2134.33 JORGE REBOLLEDO
Supplement S1   3049.74 JORGE REBOLLEDO
                                        TOTAL ADJUSTMENTS $   250.00
Workfile Total $ 5184.07                NET COST OF REPAIRS $ 4934.07

# CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

    Plaintiff,

v.

GEICO CASUALTY COMPANY

    Defendant.

_____/

CASE NO.:    **99020406**

**21**

## INITIAL REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, KIMBERLY JONES HUBBARD, by and through the undersigned counsel and propounds the following Request For Admissions pursuant to Rule 1.370 Florida Rules of Civil Procedure, requesting that Defendant, GEICO CASUALTY COMPANY, admit the truth of the facts set forth as follows:

1.    That it is GEICO CASUALTY COMPANY's policy to use aftermarket parts to repair wrecked automobiles.

2.    That GEICO CASUALTY COMPANY's policy of using aftermarket parts is a nationwide policy.

3.    That GEICO CASUALTY COMPANY's policy of using aftermarket parts affects at least hundreds of thousands of cars every year.

4.    That GEICO CASUALTY COMPANY's policy of using aftermarket parts affects at least millions of cars every year.

5.    That GEICO CASUALTY COMPANY's policy of using aftermarket parts affects tens of millions of cars every year.

6.    That GEICO CASUALTY COMPANY has conducted studies comparing the quality of aftermarket parts to OEM parts.



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

    Plaintiff,

v.

GEICO CASUALTY COMPANY

    Defendant.

_____/

CASE NO.:

99020406

## REQUEST TO PRODUCE

Plaintiff hereby requests, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, that Defendant, GEICO CASUALTY COMPANY produce and permit Plaintiff to inspect and copy each of the following documents":

    1.    A true and correct copy of the insurance contract between GEICO CASUALTY COMPANY and KIMBERLY JONES HUBBARD in force on 8/4/99.

    2.    A copy of the declarations pages covering KIMBERLY JONES HUBBARD.

    3.    Any and all documents regarding the quality of aftermarket parts.

    4.    Any and all documents reflecting comparisons in quality between aftermarket parts and original equipment manufactured parts.

    5.    Any and all documents regarding whether the use of aftermarket parts constitutes a breach of the insurance contract.

    6.    Any and all documents regarding whether the use of aftermarket parts is a violation of any State or Federal Deceptive and/or Unfair Trade Practices Act.

    7.    Any and all documents reflecting any and all testing of the quality of aftermarket parts.

    8.    Any and all documents reflecting complaints about aftermarket parts, including, but not limited to, complaints by insureds, auto body repairers, or any others whose car was repaired using aftermarket parts.

Jones Hubbard vs. Geico
Initial Request to Produce
Page 2

9.    Any and all CAPA documents regarding aftermarket parts.

10.    Any and all documents produced in any other aftermarket parts litigation involving this Defendant.

11.    Any and all documents sent to auto body repair shops regarding the use of aftermarket parts.

12.    Any and all documents reflecting analysis of savings due to the use of aftermarket parts rather than OEM parts (actual and projected analysis).

13.    Any and all documents reflecting and discussing reduction in premiums charged as a result of using aftermarket parts.

14.    Any and all documents submitted to any governmental agency that discuss the use of aftermarket parts including, but not limited to, how aftermarket parts affect premiums.

15.    Any and all documents comparing premiums using only OEM parts versus using aftermarket parts.

16.    Any and all documents reflecting repairs done in 1995 -1999 using aftermarket parts including, but not limited to, repair estimates for vehicles with collision damage.

17.    All documents reflecting the last known names, addresses and phone numbers of insureds or claimants whose autos were repaired using aftermarket parts.

18.    Any and all directives issued by GEICO regarding the use of aftermarket parts.

19.    Any and all Interrogatories, Requests to Produce, Answers to Interrogatories, Responses to Requests to Produce, Requests for Admissions, Responses to Requests for Admissions, and/or depositions created in any other litigation involving this Defendant.

20.    Claims manuals for the last 10 years as they relate to the use of aftermarket parts.

21.    Underwriting manuals for the last 10 years as they relate to the use of aftermarket parts.

22.    Policy and Procedure Manuals for the last 10 years as they relate to the use of aftermarket parts.

Jones Hubbard vs. Geico
Initial Request to Produce
Page 3

23.    Any and all documents that reflect definitions, or discuss the definition, past or present, of the term "like kind and quality."

"Documents" shall include, but not be limited to, writings, drawings, graphs, charts, photographs, phono-records, recordings, and/or any other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form.

It is requested that the aforesaid production be made within thirty days of service of this request at the offices of Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida. Inspection will be made by visual observation, examination and/or copying.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant together with service of the Complaint in the above-referenced cause this 24th day of _____, 1999.

Sean C. Domnick
Florida Bar No.:843679
Jack Scarola
Florida Bar No.:169440
Searcy Denney Scarola Barnhart
& Shipley, P.A.
2139 Palm Beach Lakes Blvd.
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
Attorneys for Plaintiff(s)

Jeffrey Orseck
Florida Bar No.:215953
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, Florida 33301
(954) 763-3000
Co-Counsel for Plaintiff(s)

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

CASE NO.:

**99020406**

**21**

    Plaintiff,

v.

GEICO CASUALTY COMPANY

    Defendant.

_____/

### NOTICE OF PROPOUNDING INTERROGATORIES
### TO DEFENDANT, GEICO CASUALTY COMPANY

Plaintiff hereby gives notice that pursuant to Rule 1.340(d), Florida Rules of Civil Procedure,

that interrogatories numbered 1 through 15 have been directed to Defendant, GEICO CASUALTY

COMPANY this _24th_ day of _November_, 1999.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the

Defendant together with service of the Complaint in the above-referenced cause this _24th_ day of

_November_, 1999.

Sean C. Domnick
Florida Bar No.:843679
Jack Scarola
Florida Bar No.:169440
Searcy Denney Scarola Barnhart
& Shipley, P.A.
2139 Palm Beach Lakes Blvd.
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
Attorneys for Plaintiff(s)

Jeffrey Orseck
Florida Bar No.:215953
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, Florida 33301
(954) 763-3000
Co-Counsel for Plaintiff(s)

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 2

## INTERROGATORIES



1. Please state the name, address, and official position of all persons answering these interrogatories.

2. Please define the term "like kind and quality" as used in your Contract.

3. Do you contend that aftermarket parts are of "like kind and quality" to OEM parts? If yes, please state, with as much specificity as possible, the basis for this assertion (to the extent you rely on any testing or other material, please attach copies of those documents).

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 3

4.      Is it GEICO CASUALTY COMPANY's nationwide policy to use aftermarket parts when
        available?

5.      What documents in your possession and control would reflect the names and/or addresses
        and/or phone numbers of persons whose cars were repaired using aftermarket parts?

6.      What is GEICO CASUALTY COMPANY's policy regarding the use of aftermarket parts?
        (If it varies from State to State, please list the policy for each State).

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 4

7.   How many cars which were repaired under a GEICO Policy were repaired using aftermarket
     parts in the following years:  (Please produce the documents from which this information
     was gathered).

     a.    1995?



     b.    1996?



     c.    1997?



     d.    1998?



8.   Who is/are the GEICO records custodians of the documents which reflect all repairs done
     using aftermarket parts (include addresses and business titles)?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 5

9.   How many GEICO insureds/claimants had repairs done that included aftermarket parts in
     the following years:

     a.      1995?

     b.      1996?

     c.      1997?

     d.      1998?

     e.      1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 6

10.    How many collision claims did GEICO CASUALTY COMPANY have in the following years:

     a.     1995?

     b.     1996?

     c.     1997?

     d.     1998?

     e.     1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 7

11.  How many comprehensive claims did GEICO CASUALTY COMPANY have in the following
     years:

     a.     1995?

     b.     1996?

     c.     1997?

     d.     1998?

     e.     1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 8

12.   What percentage of GEICO CASUALTY COMPANY's repair estimates included non-OEM
parts for the following years.

    a.    1995?

    b.    1996?

    c.    1997?

    d.    1998?

    e.    1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 9

13.   What year did GEICO CASUALTY COMPANY begin using aftermarket parts to repair automobiles?

14.   How much money did GEICO CASUALTY COMPANY save by using aftermarket parts rather than OEM parts in the following years?

a.   1995?

b.   1996?

c.   1997?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 10

     d.     1998?

     e.     1999?

     15.     What computer programs does GEICO CASUALTY COMPANY use to locate aftermarket parts?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 11

STATE OF                    )

COUNTY OF          )

The foregoing instrument was acknowledged before me this ____ day of _____, 19____, by
_____, who is personally known to me or who has
produced_____ as identification and who did not take an oath.

        **(SEAL)**

_____
(Notary signature)

_____
(Notary name - print)

NOTARY PUBLIC, State of Florida

_____
     (Serial number, if any)

**09-6035**

# CIVIL COVER SHEET

**00-60-** CIV-ZLOCH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

KIMBERLY JONES HUBBARD,

**DEFENDANTS**

GEICO CASUALTY COMPANY

MAGISTRATE JUDGE
SELTZER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

A-NORTH-6035 ZLOCN/BSS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **NIGHT BOX**
(IN U.S. PLAINTIFF CASES ONLY) **FILED**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**JAN 7 2000**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sean Dominick, Esq.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33402

ATTORNEYS (IF KNOWN)

Frank A. Zacherl, Esq.   CLARENCE MADDOX
601 Brickell Key Dr.,  CLERK, USDC/SDFL/FTL
Miami, FL 33131  (305) 374-3100

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

IVa. 30-90 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | **PERSONAL PROPERTY** | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | B ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **B PRISONER PETITIONS** | B ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | B ☐ 791 Empl. Ret. Inc. Security Act | | * ☐ 890 Other Statutory Actions *A or B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 ... | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

Frank A. Zacherl, Esq., Burd Lozano & Zacherl, LLP

DATE  1-7-00

SIGNATURE OF ATTORNEY OF RECORD  601 Brickell Key Dr., #500
Miami, FL 33131

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. 518258   Amount: 150.00

Date Paid: 1/10/00   M/ifp: ____