UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 00-6035-CIV-WJZ
Magistrate Judge:

KIMBERLY JONES HUBBARD,
on behalf of herself and all others
similarly situated,

      Plaintiff,

vs.

GEICO CASUALTY COMPANY,

      Defendant.
_____/

**NIGHT BOX
FILED**

**JAN 1 0 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## <u>DEFENDANT'S NOTICE OF FILING</u>
## <u>CORRECTED EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant, GEICO CASUALTY COMPANY, by and through undersigned counsel,

hereby files the attached corrected Exhibit A to its Notice of Removal filed on January 7, 2000.

The copy of Plaintiff's Class Action Complaint which was attached to Defendant's Notice of

Removal, as required by 28 U.S.C. § 1446(a), did not contain page five of the Complaint. The

contents of the omitted page do not substantively affect the basis for removal. Defendant is filing

this Notice to ensure the record before the Court is complete.

           Respectfully submitted,

           BURD LOZANO & ZACHERL, LLP
           Counsel for Defendant,
           601 Brickell Key Drive, Suite 500
           P.O. Box 01-9110
           Miami, Florida 33131
           Telephone: (305) 374-3100
           Fax: (305) 374-3161

           By:_____
                Frank A. Zacherl
                Florida Bar No. 868094



## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _10th_ day of January, 2000 to:    **SEAN C. DOMNICK, ESQ.**,Counsel for Plaintiff, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, Florida  33402-3626; and **JEFFREY ORSECK, ESQ.**, Co-Counsel for Plaintiff, Jeffery Orseck, P.A., 1111 E. Broward Blvd., Orseck Plaza, Fort Lauderdale, FL 33301.

By: _____
David A. Seiler
Florida Bar No. 108286

G:\oem parts\hubbard\Lit\notice filing corrected exhibit.wpd

**Burd Lozano & Zacherl, L.L.P.**    601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131  •  TELEPHONE  305.374.3100 / FAX  305.374.3161



### THE TREASURER OF THE STATE OF FLORIDA
### DEPARTMENT OF INSURANCE

---

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

PLAINTIFF(S),

VS.

GEICO CASUALTY COMPANY

DEFENDANT(S).

CASE #: 99020406 CACE 21
COURT: CIRCUIT COURT
COUNTY: BROWARD
DOI-SOP#: 99-32173

*S. Ayers*
*FCC: 02*
*N 615*

---

SUMMONS, CLASS ACTION COMPLAINT, EXHIBIT "1", DISCOVERY

*Clm# 012435119010101*

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, served or delivered to my office by MAIL
on the 8th day of December, 99, addressed to the Insurance Commissioner (as process agent or
agent for the insurer). A copy of said process was mailed by certified mail from this office to:

GEICO CASUALTY COMPANY
DAVID H PUSHMAN
4295 OCMULGEE EAST BOULEVARD
MACON GA 31201

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney on the 10th day
of December, 99.

*Bill Nelson*

Bill Nelson
Insurance Commissioner and Treasurer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:
SEAN C. DOMNICK
P.O. DRAWER 3626
WEST PALM BEACH FL 33402-3626



EXHIBIT
A
ALL-STATE LEGAL SUPPLY CO.

# CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

CASE NO.:

### 99020406

     Plaintiff,

v.

GEICO CASUALTY COMPANY

     Defendant.

**CIVIL ACTION SUMMONS**

## S U M M O N S:

THE STATE OF FLORIDA
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons, a copy of the complaint or petition, and
Demand for Jury Trial, in this action on defendant,

### GEICO CASUALTY COMPANY
#### By Serving: Insurance Commissioner of Florida
#### Capitol Building
#### Tallahassee, Florida 32304

     Each defendant is required to serve written defenses to the complaint or petition on Sean
C. Domnick, Plaintiff's attorney, whose address is Searcy Denney Scarola Barnhart & Shipley,
P.A., P.O. Drawer 3626, West Palm Beach, FL 33402-3626, within 20 days after service of this
summons on that defendant, exclusive of the day of service, and to file the original of the defenses
with the clerk of this court, either before service on plaintiff's attorney or immediately thereafter.
If a defendant fails to do so, a default will be entered against that defendant for the relief demanded
in the complaint or petition.

     DATED on DEC 0 2 1999, 1999.

                     ROBERT E. LOCKWOOD

                     CLERK OF THE CIRCUIT COURT (SEAL)



BY     MARIE FORD
             Deputy Clerk

A TRUE COPY
Clerk Circuit Court Seal

## AMERICANS WITH DISABILITIES ACT

In accordance with the Americans With Disabilities Act, persons in need of a special accommodation to participate in this proceeding or to access a court service, program or activity shall, within a reasonable time prior to any proceeding or need to access a service, program or activity, contact the Administrative Office of the Court, Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954) 831-6364; 1-800-955-8771 (TDD); or 1-800-955-8770 (V), via Florida Relay Service.

De acuerdo con el Acta de los Americanos con Impedimentos, Inhabilitados, aquellas personas que necessiten de algun servicio especia para participar en este proceso o tener acceso a servicios, programs o actividades de law Corte deberan, dentro de un periodo rasonable antes de cualquier proceso o de tener necesidad de acceso a servicios, programmas o actividades, ponerse en contacto con la Oficina Administrativa de la Corte, que esta situada en el Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954)(954) 831-6364; 1-800-955-8771 (TDD), y si u sa el servicio Florida Relay Service al 6 1-800-955-8770 (V)

D'aprè akô ki té fet avek Akt Pou Amérikin Ki Infim, tout moun ki genyen yon bézwen éspesyal pou akomodasyon pou yo palisipé nan pwosè obyen pou gin aks. Sévis, pwogram ak aktivité tinbinal-la, dwé nan yon tan rézonab anvan okin pwosè oubyen bezwen aksé sévis, pwogram oubyen aktivité fet, yo dwé konta Ofis Tribinal-la ki nan Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954) 831-6364; ou byen 1-800-9558771 (T.D.D.) ou byen 1-800-995-8770 (V) an pasan pa Florida Relay Service.

En accordance avec l'Acte Pour les Américains Incapacités, les personnes personnes en besoin d'une accommodation spéciale pour participer à ces procédures, ou bien pour avoir accès au service, programme, ou activité de la Court doivent, dans un temps raisonable, avant aucune procedures ou besoin d'accès de service, programme ou activité, contacter l'office administrative de la Court situeé au numero Carol Lee Ortman, Broward County Courthouse, 201 South East Sixth Street, Fort Lauderdale, FL 33301 (954) 831-6364; ou 1-800-955-8771 (TDD) ou 1-800-955-8770 (V) ou par Florida Relay Service.

# CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

**21**

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendant.

_____/

CASE NO.,

**99020406**

DEC 0 2 1999

A TRUE COPY
ROBERT E. LOCKWOOD

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, KIMBERLY JONES HUBBARD, on behalf of herself and all others similarly situated, by and through her undersigned attorney, and sues the Defendant, GEICO INSURANCE COMPANY, and states as follows:

1.    Plaintiff, KIMBERLY JONES HUBBARD, resides in Lauderhill, Broward County, Florida.  Plaintiff, KIMBERLY JONES HUBBARD holds a Geico Auto Policy issued by Defendant, GEICO CASUALTY COMPANY ("GEICO").

2.    GEICO is an insurance company transacting business in the State of Florida and in all states throughout the United States, sometimes by or through its subsidiaries or affiliates.

3.    This Court has jurisdiction over the subject matter hereto and the parties hereof.

4.    Venue is proper in this Court.

5.    Plaintiff and the class assert no federal question.  Plaintiff's state law claim cannot be federally preempted on any grounds, and this case must be heard in a state forum.

### Class Representation Allegations

6.    This claim is maintainable as a class action based on Fla. R. Civ. P. 1.220(a), (b)(1) and (b)(2).

7.    Defendant, GEICO, advertised, solicited and sold the GEICO Policy to Plaintiff.  Under

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 2

the terms of Defendant GEICO's Policy, in consideration for the premiums paid, Defendant, GEICO,
agreed to restore Plaintiff's vehicles to their pre-loss condition using parts of like kind and quality.
The Plaintiff is not in possession of a copy of her policy, but believes that Defendant is in
possession. Thus, based upon the Geico Car Policy, a contract, Plaintiff reasonably expected that
her vehicle would be repaired with parts that were of like kind and quality and would restore her
vehicle to her pre-loss condition. After Plaintiff wrecked her vehicle, Defendant's, GEICO, practice
and policy is to use inferior, substandard imitation parts (whenever possible and practicable) in the
repair of Plaintiff's vehicle.

8.      Plaintiff brings this class action to secure redress for Defendant's, GEICO, uniform
and common practice of using inferior, imitation parts. At all times material hereto, Defendant,
GEICO, was obligated to all its policy holders to make repairs pursuant to the same or common
general terms set forth in Plaintiff's GEICO Policy. Specifically, Defendant, GEICO, was obligated
to undertake repairs on damaged vehicles using only parts of like kind and quality sufficient to restore
the vehicles to their pre loss condition. As a practical matter, this obligation could be met only by
requiring the exclusive use in repairs of factory-authorized or original equipment manufacturer's parts
(OEM parts). Defendant's, GEICO, common practice of using inferior, imitation parts in repairs
constitutes a breach of its obligation to all insureds who either received such parts in repairs or were
obligated to pay the difference in price between imitation parts and the OEM parts actually installed.

9.      Plaintiff's insured vehicle was involved in accidents causing damage to Plaintiff's
vehicle. Plaintiff's damaged vehicle was presented to Defendant, GEICO, for repair. Defendant,
GEICO, inspected Plaintiff's vehicle and prepared estimates of repair costs. A copy of certain of
these estimates is attached as Exhibit 1.

10.     Defendant, GEICO, requires the use of inferior copies of vehicle parts, which are not
authorized or sanctioned by the vehicle manufacturer, commonly referred to as "imitation crash

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 3

parts," "after market crash parts," and/or "non-original equipment manufacturer's parts/non-OEM crash parts," hereinafter referred to as imitation parts. Since many of these imitation parts are manufactured in Taiwan, in the trade they are commonly referred to as "Taiwan tin," which reflects their inferior quality and craftsmanship. These inferior imitation parts are not authorized for use by vehicle manufacturers, and the incorporation into an insured vehicle will not restore the vehicle to its pre-loss condition.

11.    The imitation parts are inferior in quality to the factory-authorized parts made by or for the original equipment manufacturer, in that the imitation parts have, among other defects:

     a.    substandard fit and appearance;

     b.    substandard finish;

     c.    substandard structural integrity and mechanical operation;

     d.    substandard corrosion resistance; and

     e.    substandard dent resistance.

12.    These defects make the imitation parts inferior in quality to the parts made by or for the original equipment manufacturer, and the imitation parts are not of "like kind and quality" as the parts originally installed in the vehicle nor will use of the imitation parts restore the insured vehicle to its pre-loss condition.

13.    Use of the imitation parts does the following to Plaintiff and members of the class: (i) diminishes the vehicle's value, (ii) jeopardizes the effectiveness of the manufacturer's vehicle warranty, (iii) impairs the vehicle's structural integrity and impacts passenger safety, (iv) may detrimentally affect the vehicle's performance, (v) reduces the vehicle's resale value; and (vi) does not restore the vehicle to its pre-loss condition.

14.    Defendant, GEICO, entered into a common course of conduct using or paying the cost of inferior imitation parts to satisfy its repair obligations wherever such parts were available, thereby reducing its coverage obligations under its policies, all at the expense and loss to policy

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 4

holders, but Defendant, GEICO, did not disclose these practices to its policy holders.

15. Defendant, GEICO, did not disclose to Plaintiff prior to her purchase of the GEICO Policy, that Defendant, GEICO, would use and pay for only unauthorized inferior imitation parts (whenever possible and practicable) rather than factory-authorized parts made by or for the original equipment manufacturer, and that use of unauthorized imitation parts would not restore Plaintiff's vehicle to its pre-loss condition.

16. Defendant, GEICO, was aware of its obligation to repair vehicles using "like kind and quality" parts and its obligation to restore the vehicles to their pre-loss condition. At all times material hereto, Defendant, GEICO, knew or should have known that the unauthorized imitation parts were not of "like kind and quality" as parts originally installed in Plaintiff's vehicle, and the use of the inferior imitation parts would not restore the vehicles to their pre-loss condition and their pre-loss value.

17. At all times material hereto, Defendant, GEICO, avoided its obligations under these insurance policies, which policies used common language by only authorizing repairs using inferior imitation parts.

18. Defendant, GEICO, has refused to pay or not paid to the Plaintiff or Class Members an amount equal to the difference in value of Plaintiff's vehicle before the accident and the value after the accident, once repaired, restored, and returned to Plaintiff.

19. Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant to Rule 1.220, Florida Rules of Civil Procedure, as representatives of the following class:

All persons in the United States who (1) were insured by a vehicle casualty insurance policy issued by Defendant, GEICO, and (2) made a claim for vehicle repairs pursuant to their policy and had imitation that is, non-factory-authorized and/or non-OEM parts installed in their vehicles or else received monetary compensation determined in relation to the cost of imitation parts.

Excluded from the class are employees of Defendant, GEICO,, its officers, its directors, its

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 5

subsidiaries or affiliates.

20.    The requirements of Rule 1.220 of the Florida Rules of Civil Procedure, as explicated in applicable Florida case law, have been met.  The class is so numerous that joinder of all members is impracticable.  Plaintiff does not know the exact size of the class, since such information is in the exclusive control of Defendant, GEICO.  However, the exact number may be determined by appropriate discovery.

21.    There are questions of fact and law common to the class, which common questions predominate over any questions affecting only individual members.  Those common questions include:

a.    whether imitation parts of the kind utilized by Defendant, GEICO,  are of a "like kind and quality" as the original equipment parts made by or for the original equipment manufacturer;

b.    whether imitation parts in the repair of Class Members' vehicles restores the vehicles to their pre-loss condition;

c.    whether the use of imitation parts in the repair of Class Members' vehicles restores the vehicles to their pre-loss value; and

d.    whether Defendant, GEICO, breached its duties and obligations owed to class members or breached the standard form provisions of its contracts (policies) with class members by its common practice of repairing class members' vehicles with imitation parts and/or paying class members or repair shops the costs of imitation, rather than original equipment, parts.

22.    Plaintiff can and will fairly and adequately represent and protect the interests of the class and have no interests that conflict with or are antagonistic to the interests of the class.  Plaintiff has retained attorneys who are experienced and competent in class action litigation.  No conflict exists between Plaintiff and class members because:

a.    all of the questions of law and fact regarding the liability of Defendant, GEICO, are common to the class and predominate over any individual issues that may exist, such that by prevailing on her own claim, Plaintiff necessarily will establish Defendant, GEICO,  liability to all class members;

b.    without the representation provided by Plaintiff, virtually no class members would receive legal redress or representation for her damages; and

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 6

   c. Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

23. All class members have the same legal rights to, and interests in, the fair treatment by GEICO, the proper interpretation and implementation of the Policy, and the restoration of their vehicles to their pre-loss condition when they are damaged. Defendant, GEICO, engaged in a uniform or common practice regarding repairs to its insured vehicles. When Plaintiff's or a Class Members' car needed repairs it paid for imitation parts, as set forth herein, and not "like kind and quality" as set forth in its vehicle casualty insurance policies. Plaintiff, thus, by proving her own claims presumptively proves the claims of the class.

24. The class action is an appropriate method for the fair and efficient adjudication of the controversy given the following:

   a. Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigation the common issues on a classwide instead of a repetitive individual basis;

   b. Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

   c. Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members;

   d. Despite the relatively small size of individual class members' claims, their aggregate volume is coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   e. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law or fact to be litigated at the liability stage are common to the class.

25. Class certification is fair and efficient as well because prosecution of separate actions

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 7

would create a risk of adjudications with respect to individual members of the class, which as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

26.     Class certification is appropriate under Florida law because Defendant, GEICO, has acted on grounds generally applicable to the class.

## COUNT I
## BREACH OF CONTRACT

27.     Paragraphs 1-26 are re-alleged and restated, as if fully set forth herein.

28.     Defendant, GEICO, common practice regarding the use of inferior imitation parts to its insureds, Plaintiff and Class Members, constitutes a breach of contract. The uniform insurance policy is a contract. Plaintiff and Class Members entered these contracts with Defendant, GEICO, and undertook obligations, paying premiums; the use of inferior imitation parts breaches that contract to Plaintiff and Class Members.

29.     Plaintiff and Class Members were injured or damaged as a result. The courts in Florida and the other states enforce contracts and provide remedies for breach.

30.     Therefore, Plaintiff and Class Members are entitled to lawful remedies attendant with the breach of contract by Defendant, GEICO.

## COUNT II
## INJUNCTIVE/EQUITABLE RELIEF

31.     Paragraphs 1-26 are re-alleged and restated, as if fully set forth herein.

32.     Defendant's practice and policy, whenever possible under the circumstances, is to authorize or use inferior, imitation (non-OEM) parts to repair Plaintiff's and the class' vehicles.

33.     Each time that their vehicles may be or actually are wrecked and inferior imitation parts are available, because of Defendant's policy and practice, Plaintiff's and class members' vehicles will not be restored to their pre-loss condition at Defendant's cost.

34.     As such, Defendant consistently and repeatedly violated their contracts (insurance

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 8

policies).

35.     Because of this policy and practice, Plaintiff and class members will not receive the benefit of the common or similar terms of contracts with the Defendant. Plaintiff and class members are subject to Defendant's policy and practice with each contract entered into with Defendant.

36.     Defendant does not meaningfully or effectively disclose the policy of using inferior imitation parts.

37.     Defendant maintains that it has the right to use inferior, aftermarket parts. Therefore, a declaration of rights under the policy and applicable law is necessary.

38.     Injunctive relief is necessary because money damages are inadequate to redress the wrong done by the Defendant. Among other things, the aftermarket parts create a real and present danger to those who drive vehicles that have been repaired using these parts. The vehicles are not as safe and only injunctive relief, in conjunction with monetary damages for the breach of contract, will fully protect the plaintiff and the prospective class members.

39.     Unless a declaration of rights and a permanent injunction are issued requiring Defendant to comply with these provisions of these contracts with Plaintiff and class members' contracts, class members will not receive the benefit of the bargain, will have no effective means to learn about the practice and policy of Defendant not to honor the terms of its policies (set forth herein), Defendant will continue not to restore Plaintiff's and class members' vehicles to their pre-loss condition, and will otherwise continue to avoid their contractual obligations.

## RELIEF REQUESTED

1.     An Order confirming that this conditionally certified class action is properly maintainable as a class action, and appointing Plaintiff and her undersigned counsel to represent the class;

2.     An award of compensatory damages and all monetary relief authorized by law or referenced in the Complaint;

3.     An Order declaring the rights of the class and the obligations of GEICO under the standard

Hubbard v. Geico Casualty Company
Class Action Complaint
Page 9

contractual provisions at issue in this action;

4.  An Order enjoining GEICO from using inferior, imitation non-OEM parts, from refusing to pay for original equipment parts, and from engaging in unfair or deceptive acts or practices set forth in or related to the policy and practice in the Complaint;

5.  An Order requiring GEICO to restore Plaintiff's and class members' vehicles to their pre-loss condition, to meaningfully and effectively disclose its past policy and practice of using inferior, imitation parts and to fully remedy these past acts or practices, and to cease and desist from making any false, deceptive, or misleading representations about its practices in authorizing or repairing and restoration to Plaintiff and class members;

6.  An award of prejudgment and post judgment interest;

7.  An award providing for payment of costs of suit, including payment of experts' fees and expenses;

8.  An award of reasonable attorneys' fees pursuant to F.S. §627.428, and

9.  Such other and further relieve as this Court may deem proper and just.\

10. Trial by jury on all issues so triable.

Dated this 24th day of _November_, 1999.

Sean C. Domnick
Florida Bar No.:843679
Jack Scarola
Florida Bar No.:169440
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
Attorneys for Plaintiff(s)

Jeffrey Orseck
Florida Bar No.:216963
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, Florida 33301
(954) 763-3000
Co-Counsel for Plaintiff(s)

11-11-1999 2:44PM   FROM                                              P. 2

AUG. -19' 99(THU) 11:06   TOW BODY SHOP            TEL:305-985-1625    P. 001

D.V. Report

08/19/1999 at 10:35 AM                          0124351190101012-01
45789

GEICO
DAVIE, FLA
FREE RATE QUOTES 800-555-2756 ONE CALL DOES IT AL
3501 & UNIVERSITY DR # 5
DAVIE, FL 33328
(800) 584-3426 Fax: (954)370-0053

SUPPLEMENT OF RECORD 1 WITH SUMMARY

Written by: JORGE ARROLLEDO # 08/19/1999 10:34 AM
Adjuster: H758 EXT: 2846 FCC: #

Insured: KIMBERLY JONES           Claim #0124351190101012-01
Owner: KIMBERLY JONES             Policy #17620020
Address: 5421 NW 16TH CT          Date of Loss: 08/04/1999 at 12:00 AM
         LAUDERHILL, FL 33313-5422 Type of Loss: Collision
Evening: (954)733-3278            Point of Impact: 6.  Rear
Business: (954)631-3659

Inspect: AIRPORT WEST                    Day: (954)751-0561x0000
Location: ABBECIO AUTO BODY              DRIVE IN
          PLANTATION, FL 33324-0000

Repair UNK.DT: 10                        Days to Repair
Facility:                                License #

92 HOND ACCORD LX 4*2.2L*FI 4S SED GREEN Int:
VIN: 1HGCB7653NA062431 Lic: VRAZEL   FL Prod Date:        Odometer: 86677
Air Conditioning        Rear Defogger          Tilt Wheel
Cruise Control          Intermittent Wipers    Tinted Glass
Body Side Moldings      Dual Mirrors           Clear Coat Paint
Power Steering          Power Brakes           Power Windows
Power Locks             Power Antenna          Power Mirrors
AM Radio                FM Radio               Stereo
Cassette                Search/Seek            Driver Airbag
Cloth Seats             Bucket Seats           Recline/Lounge Seats
Automatic Transmission

1

Exhibit "1"

FILE

12/15/99   WED 16:59  [TX/RX NO 5970]

11-11-1999 2.46PM   FROM   P.3

AUG. -19'99(THU) 11:06   TCH BODY SHOP   TEL:305-985-1625   P.002

08/19/1999 at 10:35 AM   0124351190101012-01
45789

**SUPPLEMENT OF RECORD 2 WITH SUMMARY**
**92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:**

| NO. | OP. | DESCRIPTION | CTY | EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|---|
| 1 | | REAR BUMPER | | | | |
| 2 | | O/H rear bumper | | | 1.5 | |
| 3 | S01 | Deduct for Rear Bumper R&I | | | =0.6 | |
| 4 | Repl | Bumper cover LX & EX | 1 | 194.65 | Incl. | 2.5 |
| 5 | | Add for Clear Coat | | | | 1.0 |
| 6# | -Repl | Flex Additive | 1 | 10.00 T | | |
| 7** | -Repl | Qual Repl Parts Reinforcement | 1 | 63.65 | Incl. | |
| 8 | Repl | Mount beam | 1 | 71.62 | Incl. | |
| 9 | Repl | LT Bumper cover slide | 1 | 10.78 | Incl. | |
| 10 | | REAR LAMPS | | | | |
| 11**S01 | Repl | Qual Repl Parts LT Combo lamp | 1 | 74.25 | Incl. | |
| 12 | | TRUNK LID | | | | |
| 13 | Repl | Deck lid & door | 1 | 313.83 | 1.0 | 2.3 |
| 14 | | Add for Clear Coat | | | | 0.9 |
| 15 | | Add for Underside(Complete) | | | | 1.2 |
| 16 | | REAR BODY & FLOOR | | | | |
| N 17 | S01 | Repl Panel below lid | 1 | 243.93 | Incl. | 1.5 |
| 18 | S01 | Overlap Major Adj. Panel | | | | =0.4 |
| 19 | S01 | Add for Clear Coat | | | | 0.2 |
| 20# | Rpr | Unibody Repair | | | 6.0 F | |
| 21# | Repl | Pinstripes - Tape | 1 | 16.00 | | |
| N 22 | S01 | Repl Rear floor pan | 1 | 1017.08 | 16.0 | 1.8 |
| N 23 | S01 | Repl LT Sidemember assy | 1 | 300.18 s | 6.5 | |
| 24 | | REAR DOOR | | | | |
| 25* | Refn | LT Door shell | | | | 1.0 |
| 26 | | Add for Clear Coat | | | | 0.2 |
| 27 | | QUARTER PANEL | | | | |
| 28* | Refn | RT Quarter panel | | | s | 1.0 |
| 29 | | Add for Clear Coat | | | | 0.2 |
| 30 | Repl | LT Molding wheel opening | 1 | 15.96 | 0.3 | |
| N 31 | S01 | Repl LT Quarter panel | 1 | 435.30 s | 16.0 | 3.0 |
| 32 | S01 | Overlap Major Adj. Panel | | | | =0.4 |
| 33 | S01 | Add for Clear Coat | | | | 0.5 |

2

Case 0:00-cv-06035-KMM   Document 2   Entered on FLSD Docket 01/11/2000   Page 17 of 35
DEC 15 '99 17:25 FR   CO CORP 2                   301 986 3054 TO 12029425399        P.18

AUG.-19'99(THU) 11:07    TOM BODY SHOP            TEL:305-985-1625                    P.003

08/19/1999 at 10:35 AM                                          0124351150101012-01
45789

SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

| NO. | OP. | DESCRIPTION | QTY EXT. PRICE | LABOR | PAINT |
|-----|-----|-------------|----------------|-------|-------|
| 34 | S01 | Deduct for Overlap | | -1.4 | |

Subtotals ==>    2789.13    45.3    16.5

Line 17 : REPLACED W/S REPAIR(ADD.DAMAGE FOUND)
Line 22 : REPLACED W/S REPAIR(ADD.DAMAGE FOUND)
Line 23 : CONCESD REPLACED W/S REPAIR(ADD.DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

Estimate Notes:
CO.CODE: 01
PAY CODE: 2
POLICY NO: 17620020
DM: 59
DT: 11
CHECK NO: 056245376
OD; MUFFLER, R/DOORS, R/FENDER, R/FT.HUB-CAP MISSING.

| | | |
|---|---|---:|
| Parts | | 2779.13 |
| Body Labor | 39.3 hrs @ $ 30.00/hr | 1179.00 |
| Paint Labor | 16.5 hrs @ $ 30.00/hr | 495.00 |
| Frame Labor | 6.0 hrs @ $ 30.00/hr | 180.00 |
| Paint Supplies | 16.5 hrs @ $ 15.00/hr | 247.50 |
| Sublet/Misc. | | 10.00 |
| SUBTOTAL | | $ 4890.63 |
| Sales Tax | @ 4890.63 @ 6.0000% | 293.44 |
| TOTAL COST OF REPAIRS | | $ 5184.07 |
| ADJUSTMENTS: | | |
| Deductible | | 250.00 |

3

AUG -19 99(THU) 11:09   TOM BODY SHOP              TEL:305-985-1625                  P.004

08/19/1999 at 10:55 AM                           0124351190101012-01
45789

SUPPLEMENT OF RECORD 1 WITH SUMMARY
95 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

TOTAL ADJUSTMENTS                              $  250.00
NET COST OF REPAIRS                            $ 4934.07

THIS IS NOT AN AUTHORIZATION TO REPAIR

NO SUPPLEMENT WILL BE HONORED UNLESS AUTHORIZED BY GEICO DIRECT
A/B:

NOTICE: NEW HIGH STRENGTH STEELS MAY REQUIRE THE USE OF MIG WELDER FOR PROPER
REPAIRS.  NEW DESIGNS REQUIRE MEASUREMENT TO PROPERLY ALIGN THE VEHICLE.  MAKE
SURE YOUR SHOP HAS THE RIGHT EQUIPMENT TO REPAIR YOUR VEHICLE.

*** LKQ ****
MINTON'S 305-688-6661----------JD INTERNATIONAL1800-683-0379--------------
AFFODRABLE TRUCK/AUTO 1800-771-2640--- VENTURIA305-681-8168----
OTHER:-----------------------------------------------------

THIS ESTIMATE HAS BEEN PREPARED BASED ON THE USE OF CRASH PARTS SUPPLIED BY A
SOURCE OTHER THAN THE MANUFACTURER OF YOUR MOTOR VEHICLE.  THE AFTERMARKET CRASH
PARTS USED IN THE PREPARATION OF THIS ESTIMATE ARE WARRANTED BY THE
MANUFACTURER OR DISTRIBUTOR OF SUCH PARTS RATHER THAN THE MANUFACTURER OF YOUR
VEHICLE.

AUG. -19 99(THU) 11:07    TOH BODY SHOP                TEL:305-985-1625              P. 005

08/19/1999 at 10:35 AM                          0124351190101012-01
45789

### SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

| NO. | OP. | DESCRIPTION | QTY | EXT. PRICE | LABOR | PAINT |
|-----|-----|-------------|-----|-----------|-------|-------|
| | | ------ CHANGED ITEMS ------ | | | | |
| 10** | Repl | Qual Repl Parts LT Combo lamp | 1 | -74.25 | -0.4 | |
| 11**S01 | Repl | Qual Repl Parts LT Combo lamp | 1 | 74.25 | Incl. | |
| | | ------ DELETED ITEMS ------ | | | | |
| N 16* | Rpr | Panel below lid | | | -4.0 | -1.5 |
| 17 | | Overlap Major Adj. Panel | | | | 0.4 |
| 18 | | Add for Clear Coat | | | | -0.2 |
| 20 | Repl | Reinforcement | 1 | -30.48 | -0.8 | -0.4 |
| N 21* | Rpr | Rear floor pan | | | -5.0 | -1.8 |
| | | ------ ADDED ITEMS ------ | | | | |
| 3 | S01 | Deduct for Rear Bumper R&I | | | s -0.6 | |
| N 17 | S01 | Repl Panel below lid | 1 | 243.93 | Incl. | 1.5 |
| 18 | S01 | Overlap Major Adj. Panel | | | | -0.4 |
| 19 | S01 | Add for Clear Coat | | | | 0.2 |
| N 22 | S01 | Repl Rear floor pan | 1 | 1017.08 | 16.0 | 1.8 |
| N 23 | S01 | Repl LT Sidemember assy | 1 | 300.18 | s 6.5 | |
| N 31 | S01 | Repl LT Quarter panel | 1 | 435.90 | s 16.0 | 3.0 |
| 32 | S01 | Overlap Major Adj. Panel | | | | -0.4 |
| 33 | S01 | Add for Clear Coat | | | | 0.5 |
| 34 | S01 | Deduct for Overlap | | | -1.4 | |
| | | Subtotals ---> | | 1966.61 | 26.3 | 2.7 |

Line 17 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 22 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 23 : CONCEED REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

6

AUG.-19'99(THU) 11:07   TOH BODY SHOP          TEL:305-985-1625          P.006

08/19/1999 at 10:35 AM                          0124351190101012-01
45789

SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

----------------------------------------------------------------

Estimate Notes:
CO.CODE: 01
PAY CODE: 2
POLICY NO: 17620020
DM: 59
DI: 11
CHECK NO: 056245378
OD: MUFFLER,R/DOORS,R/FENDER,R/FT,HUB-CAP MISSING.

| | | |
|---|---|---:|
| Parts | | 1966.61 |
| Body Labor | 26.3 hrs @ $ 30.00/hr | 789.00 |
| Paint Labor | 2.7 hrs @ $ 30.00/hr | 81.00 |
| Paint Supplies | 2.7 hrs @ $ 15.00/hr | 40.50 |

--------------------------------------------------------

SUBTOTAL                                    $ 2877.11
Sales Tax                $ 2877.11 @ 6.0000%  172.63

--------------------------------------------------------

TOTAL SUPPLEMENT AMOUNT                     $ 3049.74

NET COST OF SUPPLEMENT                      $ 3049.74

Estimate      2134.33 JORGE REBOLLEDO
Supplement S1 3049.74 JORGE REBOLLEDO
                                  TOTAL ADJUSTMENTS $  250.00
Workfile Total $ 5184.07          NET COST OF REPAIRS $ 4934.07

# CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

      Plaintiff,

v.

GEICO CASUALTY COMPANY

      Defendant.

_____/

CASE NO.:      **99020406**

**21**

## INITIAL REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, KIMBERLY JONES HUBBARD, by and through the undersigned
counsel and propounds the following Request For Admissions pursuant to Rule 1.370 Florida Rules
of Civil Procedure, requesting that Defendant, GEICO CASUALTY COMPANY, admit the truth of the
facts set forth as follows:

1.      That it is GEICO CASUALTY COMPANY's policy to use aftermarket parts to repair
wrecked automobiles.

2.      That GEICO CASUALTY COMPANY's policy of using aftermarket parts is a nationwide
policy.

3.      That GEICO CASUALTY COMPANY's policy of using aftermarket parts affects at least
hundreds of thousands of cars every year.

4.      That GEICO CASUALTY COMPANY's policy of using aftermarket parts affects at least
millions of cars every year.

5.      That GEICO CASUALTY COMPANY's policy of using aftermarket parts affects tens of
millions of cars every year.

6.      That GEICO CASUALTY COMPANY has conducted studies comparing the quality of
aftermarket parts to OEM parts.

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA



KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

CASE NO.: 

**99020406**

　　　Plaintiff,

v.

GEICO CASUALTY COMPANY

　　　Defendant.
_____/

### REQUEST TO PRODUCE

　　　Plaintiff hereby requests, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, that Defendant, GEICO CASUALTY COMPANY produce and permit Plaintiff to inspect and copy each of the following documents":

　　　1.　　A true and correct copy of the insurance contract between GEICO CASUALTY COMPANY and KIMBERLY JONES HUBBARD in force on 8/4/99.

　　　2,　　A copy of the declarations pages covering KIMBERLY JONES HUBBARD.

　　　3.　　Any and all documents regarding the quality of aftermarket parts.

　　　4.　　Any and all documents reflecting comparisons in quality between aftermarket parts and original equipment manufactured parts.

　　　5,　　Any and all documents regarding whether the use of aftermarket parts constitutes a breach of the insurance contract.

　　　6.　　Any and all documents regarding whether the use of aftermarket parts is a violation of any State or Federal Deceptive and/or Unfair Trade Practices Act.

　　　7.　　Any and all documents reflecting any and all testing of the quality of aftermarket parts.

　　　8.　　Any and all documents reflecting complaints about aftermarket parts, including, but not limited to, complaints by insureds, auto body repairers, or any others whose car was repaired using aftermarket parts.

Jones Hubbard vs. Geico
Initial Request to Produce
Page 2

9.      Any and all CAPA documents regarding aftermarket parts.

10.     Any and all documents produced in any other aftermarket parts litigation involving this Defendant.

11.     Any and all documents sent to auto body repair shops regarding the use of aftermarket parts.

12.     Any and all documents reflecting analysis of savings due to the use of aftermarket parts rather than OEM parts (actual and projected analysis).

13.     Any and all documents reflecting and discussing reduction in premiums charged as a result of using aftermarket parts.

14.     Any and all documents submitted to any governmental agency that discuss the use of aftermarket parts including, but not limited to, how aftermarket parts affect premiums.

15.     Any and all documents comparing premiums using only OEM parts versus using aftermarket parts.

16.     Any and all documents reflecting repairs done in 1996 -1999 using aftermarket parts including, but not limited to, repair estimates for vehicles with collision damage.

17.     All documents reflecting the last known names, addresses and phone numbers of insureds or claimants whose autos were repaired using aftermarket parts.

18.     Any and all directives issued by GEICO regarding the use of aftermarket parts.

19.     Any and all Interrogatories, Requests to Produce, Answers to Interrogatories, Responses to Requests to Produce, Requests for Admissions, Responses to Requests for Admissions, and/or depositions created in any other litigation involving this Defendant.

20.     Claims manuals for the last 10 years as they relate to the use of aftermarket parts.

21.     Underwriting manuals for the last 10 years as they relate to the use of aftermarket parts.

22.     Policy and Procedure Manuals for the last 10 years as they relate to the use of aftermarket parts.

Jones Hubbard vs. Gelco
Initial Request to Produce
Page 3

23.     Any and all documents that reflect definitions, or discuss the definition, past or present, of the term "like kind and quality."

"Documents" shall include, but not be limited to, writings, drawings, graphs, charts, photographs, phono-records, recordings, and/or any other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form.

It is requested that the aforesaid production be made within thirty days of service of this request at the offices of Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida. Inspection will be made by visual observation, examination and/or copying.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant together with service of the Complaint in the above-referenced cause this _24th_ day of _November_, 1999.

Sean C. Domnick
Florida Bar No.:843679
Jack Scarola
Florida Bar No.:169440
Searcy Denney Scarola Barnhart
& Shipley, P.A.
2139 Palm Beach Lakes Blvd.
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
Attorneys for Plaintiff(s)

Jeffrey Orseck
Florida Bar No.:215953
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, Florida 33301
(954) 763-3000
Co-Counsel for Plaintiff(s)

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

**CACE**

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly
situated,

        Plaintiff,

v.

GEICO CASUALTY COMPANY

        Defendant.

CASE NO.:

**99020406**

**21**

### NOTICE OF PROPOUNDING INTERROGATORIES
### TO DEFENDANT, GEICO CASUALTY COMPANY

Plaintiff hereby gives notice that pursuant to Rule 1.340(d), Florida Rules of Civil Procedure,

that interrogatories numbered 1 through 15 have been directed to Defendant, GEICO CASUALTY

COMPANY this 24th day of _____ November _____, 1999.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the

Defendant together with service of the Complaint in the above-referenced cause this 24th day of

_____ November _____, 1999.

Sean C. Domnick
Florida Bar No.:843679
Jack Scarola
Florida Bar No.:169440
Searcy Denney Scarola Barnhart
& Shipley, P.A.
2139 Palm Beach Lakes Blvd.
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
Attorneys for Plaintiff(s)

Jeffrey Orseck
Florida Bar No.:215953
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, Florida 33301
(954) 763-3000
Co-Counsel for Plaintiff(s)

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 2

## INTERROGATORIES

1.    Please state the name, address, and official position of all persons answering these
      interrogatories.

2.    Please define the term "like kind and quality" as used in your Contract.

3.    Do you contend that aftermarket parts are of "like kind and quality" to OEM parts?  If yes,
      please state, with as much specificity as possible, the basis for this assertion (to the extent
      you rely on any testing or other material, please attach copies of those documents).

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 3

4.   Is it GEICO CASUALTY COMPANY's nationwide policy to use aftermarket parts when available?

5.   What documents in your possession and control would reflect the names and/or addresses and/or phone numbers of persons whose cars were repaired using aftermarket parts?

6.   What is GEICO CASUALTY COMPANY's policy regarding the use of aftermarket parts? (If it varies from State to State, please list the policy for each State).

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 4

7.    How many cars which were repaired under a GEICO Policy were repaired using aftermarket
      parts in the following years: (Please produce the documents from which this information
      was gathered).

      a.    1995?

      b.    1996?

      c.    1997?

      d.    1998?

8.    Who is/are the GEICO records custodians of the documents which reflect all repairs done
      using aftermarket parts (include addresses and business titles)?

Jones-Hubbard *vs.* Geico
Initial Interrogatories
Page 5

9.   How many GEICO insureds/claimants had repairs done that included aftermarket parts in the following years:

a.   1995?

b.   1996?

c.   1997?

d.   1998?

e.   1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 6

10. How many collision claims did GEICO CASUALTY COMPANY have in the following years:

    a.    1995?

    b.    1996?

    c.    1997?

    d.    1998?

    e.    1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 7

11.    How many comprehensive claims did GEICO CASUALTY COMPANY have in the following
       years:

       a.    1995?

       b.    1996?

       c.    1997?

       d.    1998?

       e.    1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 8

12.   What percentage of GEICO CASUALTY COMPANY's repair estimates included non-OEM
      parts for the following years.

      a.     1995?

      b.     1996?

      c.     1997?

      d.     1998?

      e.     1999?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 9

13.    What year did GEICO CASUALTY COMPANY begin using aftermarket parts to repair automobiles?

14.    How much money did GEICO CASUALTY COMPANY save by using aftermarket parts rather than OEM parts in the following years?

a.    1995?

b.    1996?

c.    1997?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 10

      d.     1998?

      e.     1999?

    15.    What computer programs does GEICO CASUALTY COMPANY use to locate aftermarket parts?

Jones-Hubbard vs. Geico
Initial Interrogatories
Page 11


STATE OF                 )

COUNTY OF                )

The foregoing instrument was acknowledged before me this _____ day of _____, 19____, by
_____, who is personally known to me or who has
produced_____ as identification and who did not take an oath.

                    (SEAL)

_____
(Notary signature)

_____
(Notary name - print)

NOTARY PUBLIC, State of Florida

_____
(Serial number, if any)