UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 00-6035-CIV-ZLOCH
Magistrate Judge Seltzer

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly situated,

Plaintiff,

vs.

GEICO CASUALTY COMPANY,

Defendant.

**NIGHT BOX FILED**
**JAN 2 0 2000**
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT GEICO CASUALTY COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, GEICO CASUALTY COMPANY ("GEICO Casualty"), by and through undersigned counsel, hereby moves to dismiss the Class Action Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56(c), on the ground that Plaintiff has sued the wrong party. Plaintiff is insured by Government Employees Insurance Company ("GEICO"), not GEICO Casualty, an entity separate from GEICO. GEICO Casualty has offered Plaintiff an opportunity to amend her Complaint, but she has failed to do so, leaving GEICO Casualty with no choice but to file this motion. In support of its motion, GEICO Casualty hereby files this incorporated memorandum of law:[1]

---

[1] GEICO Casualty has separately filed its Statement of Material Facts as required by S.D.Fla.L.R. 7.5.

Burd
Lozano &
Zacherl, L.L.P.  601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01 9110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX. 305 374-3161

## MEMORANDUM OF LAW

1. Plaintiff, Kimberly Jones Hubbard, brings this suit against GEICO Casualty for breach of contract and injunctive/equitable relief. Both counts in the Class Action Complaint are premised on the existence of an insurance contract between Plaintiff and GEICO Casualty. In addition to compensatory damages for the alleged breach of contract, Plaintiff seeks, among other relief, a permanent injunction requiring GEICO Casualty to comply with the alleged terms of Plaintiff's purported contract and a declaration of Plaintiff's rights under the purported contract. *See, e.g.,* Class Action Complaint ¶¶ 1, 28 (Count I) and 39 (Count II).

2. Plaintiff conspicuously fails to attach her insurance contract to the Complaint. A copy of Plaintiff's insurance policy, including amendments, is attached hereto as Exhibit A.[2]

3. When a document upon which a cause of action is based contradicts the allegations in the Complaint, the language of the document will control and may serve as the basis for a motion to dismiss. *See Caplan v. Guardian Life Ins. Co. of Am.*, 1996 WL 1057652, at *4-5 (S.D. Fla. 1996) (granting motion to dismiss breach of contract claim for failure to state a claim where claim was contradicted by the terms of Plaintiff's insurance policy); *see also Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524, 526 (Fla. 2nd DCA 1990) (affirming dismissal of breach of contract claim where the contract, attached as an exhibit to the complaint, negated the claim).

---

[2] Because Plaintiff's insurance contract underlies her Complaint, the court may consider this contract on a motion to dismiss. *See generally Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997) (per curiam) (when plaintiff refers to certain documents in her complaint and the documents are central to her claim, the court may consider the documents as part of the pleading for purposes of ruling on a 12(b)(6) motion, even if the documents are not attached to the complaint); *Venture Assocs. Corp v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (same); Fed. R. Civ. P. 10(c).

4. At the pertinent time, Plaintiff was not insured by GEICO Casualty; instead, she was insured by GEICO, a separate corporate entity. *See* Affidavit of Joseph R. Thomas ¶¶ 4-8 (Jan. 18, 2000) (Attached as Ex. B). That Plaintiff was not insured by GEICO Casualty may be determined from the face of her insurance policy. While the body of the policy is a form used at various times by four separate entities, including GEICO and GEICO Casualty, the amendments to Plaintiff's policy show that GEICO Casualty was not Plaintiff's insurer. Specifically, the amendments captioned "RENTAL REIMBURSEMENT AMENDMENT" and "EMERGENCY ROAD SERVICE COVERAGE AMENDMENT" are signed by GEICO and GEICO General Insurance Company, not by GEICO Casualty. *See* Ex. A, at 6-7; *see also* Ex. B ¶ 4.

5. In addition, the estimate attached to Plaintiff's Complaint contains the company code (abbreviated as "CO") of "01," which identifies GEICO, not GEICO Casualty, as Plaintiff's insurer. *See* Compl. Ex. 1, at 3; Ex. B ¶ 6.

6. Finally, the express terms of Plaintiff's policy state that the insurance contract is only between the insured and "the Company named in the declarations attached to this policy." Ex. A at 10. GEICO does not retain hard copies of these policy declarations, but they were sent to Plaintiff and would show that GEICO Casualty did not insure her. *See* Ex. B ¶ 5.

7. Once Defendant determined that Plaintiff's Complaint named the wrong entity, it advised Plaintiff's counsel of the error and sought to resolve the matter cooperatively and efficiently by having Plaintiff amend her Complaint. *See* Letter from E. Preheim to S. Domnick (Jan. 13, 2000) (Attached as Ex. C); *Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653, 655 (D. Colo. 1994) ("Of course the normal, and decent, procedure in situations such as this is to raise the matter by a telephone call notifying opposing counsel she has sued the wrong entity, so that a correction can be made with a minimum of wasted time and expense.").



Burd Lozano & Zacherl, L.L.P.  601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305.374.3100/FAX 305.374.3161

3

8. Plaintiff has not amended the Complaint, nor has Plaintiff's counsel responded to defense counsel. Consequently, Defendant was left with no choice but to file this motion to dismiss or for summary judgment.

9. Because Plaintiff's Class Action Complaint fails to name the proper defendant, the Complaint must be dismissed. *See, e.g., Johnson v. Nationwide Indus., Inc.*, 450 F. Supp. 948, 952 (N.D. Ill. 1978) (dismissing claim as to wrongly named defendants upon condition that such defendants disclose the identity of the proper party), *aff'd*, 715 F.2d 1233 (7th Cir. 1983); *see also Barrett*, 153 F.R.D. at 655 (noting that where wrong corporate entity was named, the issue should have been raised by a timely motion to dismiss or for summary judgment on such a ground).

10. In the alternative, because the undisputed facts demonstrate that no contract exists between Plaintiff and the named Defendant, GEICO Casualty, Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anthony Distribs., Inc. v. Miller Brewing Co.*, 941 F. Supp. 1567, 1574 (M.D. Fla. 1996) (recognizing that an existing contract between parties is an element of a breach of contract action under Florida law; granting summary judgment where evidence showed no agreement between plaintiff and defendant).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss Or, in the Alternative, for Summary Judgment.

Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374-3100, FAX 305 374-3161

Respectfully submitted,

Frank A. Zacherl
Florida Bar. No. 868094

BURD LOZANO & ZACHERL, LLP
601 Brickell Key Drive
Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Telephone: (305) 374-3100
Fax: (305) 374-3161

ATTORNEYS FOR DEFENDANT
GEICO CASUALTY CO.

Dated: January 19, 2000

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of GEICO Casualty Company's Statement of Material Facts was mailed this 19th day of January, 2000 to the following counsel of record: **SEAN C. DOMNICK, ESQ.**, Counsel for Plaintiff, Searcy Denney Scarola Banhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, FL 33402-3626; and **JEFFREY ORSECK, ESQ.**, Co-Counsel for Plaintiff, Jeffrey Orseck, P.A., 1111 E. Broward Blvd., Orseck Plaza, Fort Lauderdale, FL 33301.

Frank A. Zacherl
Florida Bar. No. 868094



601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 3161

# A F F I D A V I T

I, M. D. West, Claims Coverage Underwriter of Government Employees Insurance Company, a corporation organized and existing under the laws of the state of Maryland, do hereby certify that the attached copy of the policy code sheet, amendments, and policy contract form is a copy of policy contract number 176-20-02 in effect on 8/4/99 issued to **Kimberly D. Jones** and reprinted from our computer data for the date of loss.

_M. D. West_ (signature)
M. D. West
Claims Coverage Underwriter

Subscribed and sworn before me this 17th day of January, 2000.

_Notary signature_
Notary Public

Notary Public, ___ County, Georgia.
My Commission Expires Feb. 2, 2003.

**EXHIBIT A  Pg 1 of 24**

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE