UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 00-6035-CIV-ZLOCH
Magistrate Judge Seltzer

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly situated,

Plaintiff,

vs.

GEICO CASUALTY COMPANY,

Defendant.

**NIGHT BOX FILED**
JAN 2 0 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GEICO CASUALTY COMPANY'S
### STATEMENT OF MATERIAL FACTS

Defendant, GEICO CASUALTY COMPANY ("GEICO Casualty"), by and through undersigned counsel, and pursuant to S.D.Fla.L.R. 7.5, hereby submits this statement of material facts as to which there is no genuine issue to be tried.

1. Plaintiff, Kimberly Jones Hubbard, brings this suit against GEICO Casualty for breach of contract, injunctive relief requiring GEICO Casualty to comply with the alleged terms of Plaintiff's purported contract, and a declaration of her rights under the purported contract. *See, e.g.*, Class Action Complaint ¶¶ 1, 28 (Count I), 39 (Count II).

2. Underlying each count of the Class Action Complaint is Plaintiff's claim that she and the putative class members were injured by GEICO Casualty's failure to abide by the terms of its purported insurance contract with the GEICO Casualty insured. *See, e.g.*, Class Action Complaint ¶¶ 7, 8, 28 and 34.

3. The face of Plaintiff's insurance policy indicates that Plaintiff was not insured by GEICO Casualty, as neither of the two policy amendments were affirmed by GEICO Casualty. *See* Plf.'s Policy at 6-7 (attached as Ex. A to Motion to Dismiss Or, in the Alternative, for Summary Judgment [hereinafter "Mot. to Dismiss"]); Affidavit of Joseph R. Thomas ¶ 4 (Jan. 18, 2000) (attached as Ex. B to Mot. to Dismiss).

4. Plaintiff's insurance policy states that she entered an agreement with "the Company named in the declarations attached to this policy." *See* Plf.'s Policy at 10. Government Employees Insurance Company ("GEICO") does not maintain hard copies of these declarations, but they were sent to Plaintiff and would show that GEICO Casualty did not insure her. *See* Thomas Aff. ¶ 5.

5. The estimate attached to Plaintiff's Complaint contains a company code (abbreviated as "CO") of "01," identifying GEICO, not GEICO Casualty, as her insurer. *See id.* ¶ 6.

6. During the time period relevant to this suit, Plaintiff was not insured by GEICO Casualty. *See id.* ¶¶ 4-6 and 8.

7. During the time period relevant to this suit, Plaintiff was insured by GEICO, not GEICO Casualty. *See id.* ¶¶ 6-8.

8. GEICO Casualty is an existing corporate entity separate from GEICO. *See id.* ¶ 6.

9. Counsel for GEICO Casualty previously has advised Counsel for Plaintiff that Plaintiff's Class Action Complaint names the wrong defendant. *See* Letter from E. Preheim to S. Domnick (Jan. 13, 2000) (attached as Ex. C to Mot. to Dismiss).


Burd Lozano & Zacherl, L.L.P.    601 BRICKELL KEY DRIVE, SUITE 500  P.O. BOX 01-9110, MIAMI, FLORIDA 33131  •  TELEPHONE  305 374-3100 / FAX  305 374-3161

2

Respectfully Submitted,

*Frank A. Zacherl*
Florida Bar. No. 868094

BURD LOZANO & ZACHERL, LLP
601 Brickell Key Drive
Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Telephone: (305) 374-3100
Fax: (305) 374-3161

ATTORNEYS FOR DEFENDANT
GEICO CASUALTY COMPANY
Dated: January 19, 2000

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of GEICO Casualty Company's Statement of Material Facts was mailed this 19th day of January, 2000 to the following counsel of record: **SEAN C. DOMNICK, ESQ.**, Counsel for Plaintiff, Searcy Denney Scarola Banhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, FL 33402-3626; and **JEFFREY ORSECK, ESQ.**, Co-Counsel for Plaintiff, Jeffrey Orseck, P.A., 1111 E. Broward Blvd., Orseck Plaza, Fort Lauderdale, FL 33301.

Frank A. Zacherl
Florida Bar. No. 868094

Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE: 305 374-3100/FAX: 305 374-3161

3