UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6035-CIV-ZLOCH
Magistrate Judge Seltzer

KIMBERLY JONES HUBBARD,
on behalf of herself and all others
similarly situated,

    Plaintiff,

vs.

GEICO CASUALTY COMPANY,

    Defendant.
_____/



### NOTICE OF FILING ORIGINAL AFFIDAVIT OF JOSEPH R. THOMAS

Defendant, Geico Casualty Company, by and through undersigned counsel, hereby files the original Affidavit of Joseph R. Thomas, to be used in reference to Defendant's Motion to Dismiss, and or in the Alternative Summary Judgment and incorporated memo filed with the Court on January 19, 2000.

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 8th day of February, 2000, to: **SEAN C. DOMNICK, ESQ.**, Counsel for Plaintiff, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, Florida 33402-3626 and **JEFFREY ORSECK, ESQ.**, Co-counsel for Plaintiff, Jeffrey Orseck, P.A., 111 E. Broward Blvd., Orseck Plaza, Ft. Lauderale, FL 33301..

Respectfully submitted,

_____
Frank A. Zacherl
Florida Bar No. 868094

BURD, LOZANO & ZACHERL, LLP
Counsel for Geico Casualty Company
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Tel:   305-374-3100
Fax:   305-374-3161



G:\oem parts\hubbard\Lit\N-filing Affidavit of Thomas.wpd



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 00-6035-CIV-WJZ
Magistrate Judge:

KIMBERLY JONES HUBBARD, on behalf
of herself and all other similarly situated,

Plaintiff,

vs.

GEICO CASUALTY COMPANY,

Defendant.

## AFFIDAVIT OF JOSEPH R. THOMAS

State of Georgia)
                 )
County of Bibb )

BEFORE ME, the undersigned authority, personally appeared Joseph R. Thomas, who having been sworn, deposes and says:

1. I am over eighteen years of age, have personal knowledge of the facts set forth herein, and am otherwise competent to testify.

2. I am currently Assistant Vice President-Underwriting of Government Employees Insurance Company ("GEICO").

3. I have reviewed the records, kept in the ordinary course of business, relating to Kimberly Jones Hubbard's automobile insurance policy.

4.  The face of Ms. Jones Hubbard's policy indicates that she was not insured by GEICO Casualty, as neither of the two policy amendments were affirmed by GEICO Casualty.

5.  In addition, the policy states that the insurance agreement with Ms. Jones Hubbard was made with "the Company named in the declarations attached to this policy." GEICO does not maintain hard copies of these declarations, but they were sent to Ms. Jones Hubbard and would show that GEICO Casualty did not insure her.

6.  Finally, I have reviewed the records relating to Ms. Jones Hubbard's automobile insurance policy and have confirmed that Ms. Jones Hubbard was insured by Government Employees Insurance Company ("GEICO"), and not by GEICO Casualty Company, which is an existing corporate entity separate from GEICO. This is further confirmed by the estimate attached to Ms. Jones Hubbard's Complaint, which contains on the third page the company code (abbreviated as "CO") of "01," identifying GEICO, not GEICO Casualty, as her insurer.

7.  GEICO delivered the policy at issue in this case to Ms. Jones Hubbard at her residence in Lauderhill, Florida at the beginning of the period covered by the policy.

8.  The car accident to which the Complaint in this case refers occurred during the period covered by the policy GEICO delivered to Ms. Jones Hubbard.

FURTHER AFFIANT SAYETH NOT

*/s/ Joseph R. Thomas*

Joseph R. Thomas

2

Sworn to and subscribed before me this _18th_ day of January, 2000 by Joseph R. Thomas who is personally known to me or produced _____ as identification, and did/did not take an oath.

_____
Notary Public

My Commission Expires:
Notary Public ...
My Commission ...

3