UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:00-6035-CIV-MOORE



KIMBERLY JONES HUBBARD,
On Behalf Of Herself And All Others
Similarly Situated,

    Plaintiff,                                    **CLASS REPRESENTATION**

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

### FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, KIMBERLY JONES HUBBARD, on behalf of herself and all others similarly situated, by and through her undersigned attorney, and sues the Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY, and states as follows:

1.    Plaintiff, KIMBERLY JONES HUBBARD, resides in Lauderhill, Broward County, Florida, and is a citizen of the State of Florida. Plaintiff, KIMBERLY JONES HUBBARD, holds a GEICO Auto Policy issued by Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO").

2.    GEICO is an insurance company transacting business in the State of Florida and in all states throughout the United States, sometimes by or through its subsidiaries or affiliates. GEICO is a citizen of the State of Maryland with its principal offices in the State of Maryland.

3.  This Court has jurisdiction over the subject matter hereto and the parties hereof. The amount in controversy inclusive of fees and punitive damages exceeds $75,000.00.

4.  Venue is proper in this Court.

5.  On August 4, 1999, KIMBERLY JONES HUBBARD, was involved in an automobile accident resulting in damage to her vehicle. The Defendant, GEICO, pursuant to its contract with the Plaintiff, was obligated to pay for repairs to her car.

### Class Representation Allegations

6.  This claim is maintainable as a class action based on Fed. R. Civ. P. 23.

7.  Defendant, GEICO, advertised, solicited and sold the GEICO Policy to Plaintiff. Under the terms of Defendant, GEICO's, Policy, in consideration for the premiums paid, Defendant, GEICO, agreed to restore Plaintiff's vehicle to its pre-loss condition. The Plaintiff is not in possession of a copy of her policy, but believes that it is in Defendant's possession. The GEICO Car Policy, a contract, obligates GEICO to pay for repairs to Plaintiff's vehicle with parts that would restore her vehicle to her pre-loss condition. After Plaintiff wrecked her vehicle, Defendant, GEICO's, practice and policy was and is to use inferior, substandard imitation parts (whenever possible and practicable) in the repair of Plaintiff's vehicle.

8.  Plaintiff brings this class action to secure redress for Defendant, GEICO's, uniform and common practice of using inferior, imitation parts. At all times material hereto, Defendant, GEICO, was obligated to all its policyholders to make repairs pursuant to the same or common general terms set forth in Plaintiff's GEICO Policy. Specifically, Defendant, GEICO, was obligated to undertake repairs on damaged vehicles using only parts sufficient to restore the vehicles to their

pre-loss condition. As a practical matter, this obligation could be met only by requiring the exclusive use in repairs of factory-authorized or original equipment manufacturer's parts (OEM parts). Defendant, GEICO's, common practice of using inferior, imitation parts in repairs constitutes a breach of its obligation to all insureds who either received such parts in repairs or were obligated to pay the difference in price between imitation parts and the OEM parts actually installed.

9. Plaintiff's insured vehicle was involved in accidents causing damage to Plaintiff's vehicle. Plaintiff's damaged vehicle was presented to Defendant, GEICO, for repair. Defendant, GEICO, inspected Plaintiff's vehicle and prepared estimates of repair costs. A copy of certain of these estimates is attached as Exhibit 1.

10. When it is required to pay for vehicle repairs, Defendant, GEICO, requires the use of inferior copies of vehicle parts, which are not authorized or sanctioned by the vehicle manufacturer, commonly referred to as "imitation crash parts," "aftermarket crash parts," and/or "non-original equipment manufacturer's parts/non-OEM crash parts," hereinafter referred to as imitation parts. Since many of these imitation parts are manufactured in Taiwan, in the trade they are commonly referred to as "Taiwan tin," which reflects their inferior quality and craftsmanship. These inferior imitation parts are not authorized for use by vehicle manufacturers, and the incorporation into an insured vehicle will not restore the vehicle to its pre-loss condition.

11. The imitation parts are inferior in quality to the factory-authorized parts made by or for the original equipment manufacturer, in that the imitation parts have, among other defects:

    a. substandard fit and appearance;

    b. substandard finish;

    c. substandard structural integrity and mechanical operation;

  d. substandard corrosion resistance; and

  e. substandard dent resistance.

12. These defects make the imitation parts inferior in quality to the parts made by or for the original equipment manufacturer, and the imitation parts are not of "like kind and quality" as the parts originally installed in the vehicle nor will use of the imitation parts restore the insured vehicle to its pre-loss condition.

13. Use of the imitation parts does the following to Plaintiff and members of the class: (i) diminishes the vehicle's value, (ii) jeopardizes the effectiveness of the manufacturer's vehicle warranty, (iii) impairs the vehicle's structural integrity and impacts passenger safety, (iv) may detrimentally affect the vehicle's performance, (v) reduces the vehicle's resale value, and (vi) does not restore the vehicle to its pre-loss condition.

14. Defendant, GEICO, entered into a common course of conduct using or paying the cost of inferior imitation parts to satisfy its repair obligations wherever such parts were available, thereby reducing its coverage obligations under its policies, all at the expense and loss to policyholders, but Defendant, GEICO, did not disclose these practices to its policyholders.

15. Defendant, GEICO, did not disclose to Plaintiff prior to her purchase of the GEICO Policy, that Defendant, GEICO, would use and pay for only unauthorized inferior imitation parts (whenever possible and practicable) rather than factory-authorized parts made by or for the original equipment manufacturer, and that use of unauthorized imitation parts would not restore Plaintiff's vehicle to its pre-loss condition.

16. Defendant, GEICO, was aware of its obligation to repair vehicles using "like kind and quality" parts and its obligation to restore the vehicles to their pre-loss condition. At all times

material hereto, Defendant, GEICO, knew or should have known that the unauthorized imitation parts were not of "like kind and quality" as parts originally installed in Plaintiff's vehicle, and the use of the inferior imitation parts would not restore the vehicles to their pre-loss condition.

17.     At all times material hereto, Defendant, GEICO, avoided its obligations under these insurance policies, which policies used common language by only authorizing repairs using inferior imitation parts.

18.     Defendant, GEICO, has refused to pay or not paid to the Plaintiff or Class Members an amount equal to the difference in value of Plaintiff's vehicle before the accident and the value after the accident, once repaired, restored, and returned to Plaintiff.

19.     Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representative of the following class:

> All persons in the United States (1) who were insured by a vehicle casualty insurance policy issued by Defendant, GEICO, (2) who made a claim for vehicle repairs pursuant to their policy, and (3) who had imitation (that is, non-factory-authorized and/or non-OEM) parts installed in their vehicles, or else received monetary compensation determined in relation to the cost of imitation parts.

Excluded from the class are employees of Defendant, GEICO, its officers, its directors, its subsidiaries or affiliates.

20.     The requirements of Rule 23 of the Federal Rules of Civil Procedure, as explicated in applicable case law, have been met. The class is so numerous that joinder of all members is impracticable. Plaintiff does not know the exact size of the class, since such information is in the exclusive control of Defendant, GEICO. However, the exact number may be determined by appropriate discovery.

21. There are questions of fact and law common to the class, which common questions predominate over any questions affecting only individual members. Those common questions include:

    a. whether imitation parts of the kind utilized by Defendant, GEICO, are of a "like kind and quality" as the original equipment parts made by or for the original equipment manufacturer;

    b. whether the use of imitation parts in the repair of Class Members' vehicles restores the vehicles to their pre-loss condition; and

    c. whether Defendant, GEICO, breached its duties and obligations owed to Class Members or breached the standard form provisions of its contracts (policies) with Class Members by its common practice of repairing Class Members' vehicles with imitation parts and/or paying Class Members or repair shops the costs of imitation, rather than original equipment, parts.

22. Plaintiff can and will fairly and adequately represent and protect the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class. Plaintiff has retained attorneys who are experienced and competent in class action litigation. No conflict exists between Plaintiff and Class Members because:

    a. all of the questions of law and fact regarding the liability of Defendant, GEICO, are common to the class and predominate over any individual issues that may exist, such that by prevailing on her own claim, Plaintiff necessarily will establish Defendant, GEICO's, liability to all Class Members;

    b. without the representation provided by Plaintiff, virtually no Class Members would receive legal redress or representation for their damages; and

    c. Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

23. All Class Members have the same legal rights to, and interests in, the fair treatment by GEICO, the proper interpretation and implementation of the Policy, and the restoration of their vehicles to their pre-loss condition when they are damaged. Defendant, GEICO, engaged in a uniform or common practice regarding repairs to its insureds' vehicles. When Plaintiff's or a Class Member's car needed repairs, it paid for imitation parts, as set forth herein, and not "like kind and quality" as set forth in its vehicle casualty insurance policies. Plaintiff, thus, by proving her own claims, presumptively proves the claims of the class.

24. The class action is an appropriate method for the fair and efficient adjudication of the controversy given the following:

    a.    common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

    b.    Class Members' individual damage claims are too small to make individual litigation an economically viable alternative;

    c.    class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class Members;

    d.    despite the relatively small size of individual Class Members' claims, their aggregate volume is coupled with the economies of scale inherent in litigating similar claims on a common basis, and will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    e.    no unusual difficulties are likely to be encountered in the management of this class action in that all questions of law or fact to be litigated at the liability stage are common to the class.

25. Class certification is appropriate under the law because Defendant, GEICO, has acted on grounds generally applicable to the class.

## COUNT I
## BREACH OF CONTRACT

26. Paragraphs 1-25 are realleged and restated, as if fully set forth herein.

27. Defendant, GEICO's, common practice regarding the use of inferior imitation parts to its insureds, Plaintiff and Class Members, constitutes a breach of contract. The uniform insurance policy is a contract. Plaintiff and Class Members entered these contracts with Defendant, GEICO.

28. Plaintiff and Class Members were injured or damaged as a result. The courts in Florida and the other states enforce contracts and provide remedies for breach.

29. Therefore, Plaintiff and Class Members are entitled to lawful remedies attendant with the breach of contract by Defendant, GEICO.

## COUNT II
## DECLARATORY/INJUNCTIVE/EQUITABLE RELIEF

30. Paragraphs 1-25 are realleged and restated, as if fully set forth herein.

31. Defendant, GEICO's, practice and policy, whenever possible under the circumstances, is to authorize or use inferior, imitation (non-OEM) parts to repair Plaintiff's and the Class Members' vehicles.

32. Each time that their vehicles are wrecked and inferior imitation parts are available, because of Defendant, GEICO's, policy and practice, Plaintiff's and Class Members' vehicles will not be repaired with parts of like kind and quality and will not be restored to their pre-loss condition at Defendant's cost.

33. As such, Defendant, GEICO, consistently and repeatedly violated its contracts (insurance policies).

34. Because of this policy and practice, Plaintiff and Class Members will not receive the benefit of the common or similar terms of contracts with the Defendant, GEICO. Plaintiff and Class Members are subject to Defendant, GEICO's, policy and practice with each contract entered into with Defendant, GEICO.

35. Defendant, GEICO, does not meaningfully or effectively disclose its policy of using inferior imitation parts.

36. Defendant maintains that it has the right to use inferior, aftermarket parts.

37. Declaratory relief is necessary because there is a bona fide, actual present need for declaration; the declaration concerns a present, ascertainable set of facts as outlined herein; there is an actual, present, adverse and antagonistic interest in the subject matter between the class and the Defendant, GEICO; and the relief sought is not merely the giving of legal advice or to satisfy curiosity.

38. Injunctive relief is necessary because money damages are inadequate to redress the wrong done by the Defendant, GEICO. Among other things, the aftermarket parts create a real and present danger to those who drive vehicles that have been repaired using these parts. The vehicles are not as safe and only injunctive relief, in conjunction with monetary damages for the breach of contract, will fully protect the Plaintiff and the prospective Class Members. The Plaintiff and class will suffer irreparable physical harm if the Defendant is not enjoined from using inferior parts, and this injunction will serve the public's interest in safe cars.

39. Unless a permanent injunction is issued requiring Defendant, GEICO, to comply with the provisions of these contracts with Plaintiff and Class Members, Class Members will not receive the benefit of the bargain, will have no effective means to learn about the practice and policy of Defendant, GEICO, not to honor the terms of its policies (set forth herein), Defendant, GEICO, will continue not to restore Plaintiff's and Class Members' vehicles to their pre-loss condition, and will otherwise continue to avoid their contractual obligations.

### RELIEF REQUESTED

1. An Order confirming that this conditionally certified class action is properly maintainable as a class action, and appointing Plaintiff and her undersigned counsel to represent the class;

2. An award of compensatory and punitive damages and all monetary relief authorized by law or referenced in the Complaint;

3. An Order enjoining GEICO from using inferior, imitation non-OEM parts, from refusing to pay for original equipment parts, and from engaging in unfair or deceptive acts or practices set forth in or related to the policy and practice in the Complaint;

4. An Order requiring GEICO to restore Plaintiff's and Class Members' vehicles to their pre-loss condition, to meaningfully and effectively disclose its past policy and practice of using inferior, imitation parts, and to fully remedy these past acts or practices, and to cease and desist from making any false, deceptive, or misleading representations about its practices in authorizing or repairing and restoration to Plaintiff's and Class Members' vehicles;

5. An Order declaring the rights of the class and the obligations of Defendant, GEICO, under the standard contractual provisions at issue in this action.

6. An award of pre-judgment and post-judgment interest;

7.  An Order awarding Plaintiff's and Class Members' attorneys' fees, costs and expenses incurred in this action, including reasonable costs of experts retained by counsel, from the common fund recovery, and pursuant to all other applicable law;

8.  Such other and further relief as this Court may deem proper and just; and

9.  Trial by jury on all issues so triable.

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been sent to all counsel on the attached service list by mail this 15TH day of March, 2000.

Sean C. Domnick, Esq.
Florida Bar No.: 843679
Jack Scarola, Esq.
Florida Bar No.: 169440
Searcy Denney Scarola Barnhart &
 Shipley, P.A.
2139 Palm Beach Lakes Boulevard
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
(561) 478-0754 (Fax)
Attorneys for Plaintiff

Jeffrey Orseck, Esq.
Florida Bar No.: 215953
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, FL 33301
(954) 763-3000
(954) 527-4228 (Fax)
Co-Counsel for Plaintiff

Scott D. Sheftall, Esq.
Florida Bar No.: 231398
Brian M. Torres, Esq.
Florida Bar No.: 0036498
Marc A. Wites, Esq.
Florida Bar No.: 24783
Sheftall & Torres, P.A.
100 S.E. Second Street - Suite 4600
Miami, FL 33131
(305) 358-5959
(305) 358-5958 (Fax)
Co-Counsel for Plaintiff

<u>**JONES-HUBBARD VS. GEICO**</u>
<u>**CASE NO.: 00-6035-CIV-WJZ**</u>

Frank A. Zacherl, Esq.
Burd Lozano & Zacherl, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, FL 33131
(305) 374-3100
(305) 374-3161 (fax)
**Counsel for Geico**

David P. Gersch, Esq.
Bruce M. Chadwick, Esq.
Daniel A. Cantor, Esq.
Elissa J. Preheim, Esq.
Arnold & Porter
555 12th Street, N.W.
Washington, DC 20004-1202
(202) 942-5000
**Counsel for Geico**

*D.V. Report.*

08/19/1999 at 10:35 AM                                     0124351190101012-01
45789

GEICO
DAVIE, FLA
FREE RATE QUOTES 800-555-2756 ONE CALL DOES IT AL
3501 S UNIVERSITY DR # 5
DAVIE, FL 33328
(800)584-3426 Fax: (954)370-0053

**SUPPLEMENT OF RECORD 1 WITH SUMMARY**

Written by: JORGE REBOLLEDO # 08/19/1999 10:34 AM
Adjuster: H758 EXT: 2846 FCC: #

Insured: KIMBERLY JONES                Claim #01243511901010l2-01
Owner: KIMBERLY JONES                  Policy #17620020
Address: 5421 NW 16TH CT               Date of Loss: 08/04/1999 at 12:00 AM
         LAUDERHILL, FL 33313-5422     Type of Loss: Collision
Evening: (954)733-3278                 Point of Impact: 6.  Rear
Business: (954)631-5659

Inspect AIRPORT WEST                   Day: (954)791-0561x0000
Location: ABBP... T AUTO BODY          DRIVE_IN
          PLANT...TON, FL 33324-0000

Repair UNK.DT: 10                      Days to Repair
Facility:                              License #

92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:
VIN: 1HGCB7653NA062451 Lic: VBA12L    FL Prod Date:        Odometer: 86677

| | | |
|---|---|---|
| Air Conditioning | Rear Defogger | Tilt Wheel |
| Cruise Control | Intermittent Wipers | Tinted Glass |
| Body Side Moldings | Dual Mirrors | Clear Coat Paint |
| Power Steering | Power Brakes | Power Windows |
| Power Locks | Power Antenna | Power Mirrors |
| AM Radio | FM Radio | Stereo |
| Cassette | Search/Seek | Driver Airbag |
| Cloth Seats | Bucket Seats | Recline/Lounge Seats |
| Automatic Transmission | | |

1

*Exhibit "1"*

AUG.-19'99(THU) 11:06    TCH BODY S                TEL:305-985-162            P.002

08/19/1999 at 10:35 AM                                    0124351190101012-01
45789

**SUPPLEMENT OF RECORD 1 WITH SUMMARY**
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

```
  NO.    OP.      DESCRIPTION              QTY EXT. PRICE   LABOR    PAINT

    1             REAR BUMPER
    2             O/H rear bumper                            1.5
    3    S01      Deduct for Rear Bumper R&I        s       -0.6
    4             Repl Bumper cover LX & EX     1   194.65   Incl.    2.5
    5             Add for Clear Coat                                  1.0
    6#           Repl Flex Additive              1    10.00 T
    7**          .Repl Qual Repl Parts Reinforcement 1 83.65 Incl.
    8            Repl Mount beam                 1    71.62  Incl.
    9            Repl LT Bumper cover slide      1    10.78  Incl.
   10            REAR LAMPS
   11**S01       Repl Qual Repl Parts LT Combo lamp 1 74.25  Incl.
   12            TRUNK LID
   13            Repl Deck lid 4 door            1  (313.83)  1.0     2.3
   14            Add for Clear Coat                                   0.9
   15            Add for Underside (Complete)                         1.2
   16            REAR BODY & FLOOR
N  17    S01     Repl Panel below lid            1  (243.93)  Incl.   1.5
   18    S01     Overlap Major Adj. Panel                            -0.4
   19    S01     Add for Clear Coat                                   0.2
   20#           Rpr  Unibody Repair                         (6.0)F
   21#           Repl Pinstripes - Tape          1    18.00
N  22    S01     Repl Rear floor pan             1 (1017.08) (16.0)   1.8
N  23    S01     Repl LT Sidemember assy         1  (300.18) s  6.5
   24            REAR DOOR
   25*           Refn LT Door shell                       L         (1.0)
   26            Add for Clear Coat                                   0.2
   27            QUARTER PANEL
   28*           Refn RT Quarter panel                    s          (1.0)
   29            Add for Clear Coat                                   0.2
   30            Repl LT Molding wheel opening   1   (15.26)  0.3
N  31    S01     Repl LT Quarter panel           1  (435.90) s 16.0   3.0
   32    S01     Overlap Major Adj. Panel                            -0.4
   33    S01     Add for Clear Coat                                   0.5
```

2

AUG.-19'99(THU) 11:07    TCH BODY ... P            TEL:305-985-...            P.003

08/19/1999 at 10:35 AM                              0124351190101012-01
45789

**SUPPLEMENT OF RECORD 1 WITH SUMMARY**

92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

---

| NO. | OP. | DESCRIPTION | QTY EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|
| 34 | S01 | Deduct for Overlap | | -1.4 | |

                          Subtotals ==>    2789.13    45.3    16.5

Line 17 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 22 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 23 : CONCEED REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

---

Estimate Notes:
CO.CODE; 01
PAY CODE; 2
POLICY NO; 17620020
DM; 59
DI; 11
CHECK NO; 056245378
OD; MUFFLER,R/DOORS,R/FENDER,R/FT.HUB-CAP MISSING.

| | | |
|---|---|---|
| Parts | | 2779.13 |
| Body Labor | 39.3 hrs @ $ 30.00/hr | 1179.00 |
| Paint Labor | 16.5 hrs @ $ 30.00/hr | 495.00 |
| Frame Labor | 6.0 hrs @ $ 30.00/hr | 180.00 |
| Paint Supplies | 16.5 hrs @ $ 15.00/hr | 247.50 |
| Sublet/Misc. | | 10.00 |
| SUBTOTAL | | $ 4890.63 |
| Sales Tax | $ 4890.63 @ 6.0000% | 293.44 |
| TOTAL COST OF REPAIRS | | $ 5184.07 |
| ADJUSTMENTS: | | |
| Deductible | | 250.00 |

3

```
08/19/1999 at 10:35 AM                                    0124351190101012-01
 45789
                       SUPPLEMENT OF RECORD 1 WITH SUMMARY
                    92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:


                       ----------------------------------------------
                           TOTAL ADJUSTMENTS                $  250.00
                           NET COST OF REPAIRS              $ 4934.07


                            THIS IS NOT AN AUTHORIZATION TO REPAIR

NO SUPPLEMENT WILL BE HONORED UNLESS AUTHORIZED BY GEICO DIRECT
A/P: _____

NOTICE: NEW HIGH STRENGTH STEELS MAY REQUIRE THE USE OF MIG WELDER FOR PROPER
REPAIRS.  NEW DESIGNS REQUIRE MEASUREMENT TO PROPERLY ALIGN THE VEHICLE.  MAKE
SURE YOUR SHOP HAS THE RIGHT EQUIPMENT TO REPAIR YOUR VEHICLE.
_____
*** LKQ ****
MINTON'S 305-688-6661------------JD INTERNATIONAL1800-683-0379----------------
AFFODDABLE TRUCK/AUTO 1800-771-2640--- VENEZUELA305-681-8168-----
OTHER:--------------------------------------------------------------------
-----------------

THIS ESTIMATE HAS BEEN PREPARED BASED ON THE USE OF CRASH PARTS SUPPLIED BY A
SOURCE OTHER THAN THE MANUFACTURER OF YOUR MOTOR VEHICLE. THE AFTERMARKET CRASH
PARTS USED IN THE PREPARATION OF THIS ESTIMATE ARE WARRANTED BY THE
MANUFACTURER OR DISTRIBUTOR OF SUCH PARTS RATHER THAN THE MANUFACTURER OF YOUR
VEHICLE.
```

AUG-19'99(THU) 11:07   TOH BODY                    TEL:305-985-1(           P.005

08/19/1999 at 10:35 AM                                    0124351190101012-01
45789

### SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

```
   NO.     OP.    DESCRIPTION              QTY EXT. PRICE  LABOR   PAINT
```
*A.M.P. Reinforcement* (handwritten)

```
                 ------- CHANGED ITEMS --------
   10**          Repl Qual Repl Parts LT Combo lamp   1   -74.25   -0.4
   11**S01       Repl Qual Repl Parts LT Combo lamp   1    74.25   Incl.
                 ------- DELETED ITEMS --------
N  16*     Rpr   Panel below lid                                  -4.0    -1.5
   17            Overlap Major Adj. Panel                                  0.4
   18            Add for Clear Coat                                       -0.2
   20            Repl Reinforcement                   1   -30.48   -0.8   -0.4
N  21*     Rpr   Rear floor pan                                   -5.0    -1.8
                 ------- ADDED ITEMS --------
    3      S01   Deduct for Rear Bumper R&I                  s   -0.6
N  17      S01   Repl Panel below lid                 1   243.93   Incl.   1.5
   18      S01        Overlap Major Adj. Panel                           -0.4
   19      S01        Add for Clear Coat                                  0.2
N  22      S01   Repl Rear floor pan                  1  1017.09   16.0    1.8
N  23      S01   Repl LT Sidemember assy              1   300.18 s  6.5
N  31      S01   Repl LT Quarter panel                1   435.90 s 16.0    3.0
   32      S01        Overlap Major Adj. Panel                           -0.4
   33      S01        Add for Clear Coat                                  0.5
   34      S01        Deduct for Overlap                         -1.4

                          Subtotals -->         1966.61   26.3    2.7
```

Line 17 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 22 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 23 : CONCEED REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

6

AUG.-19' 99(THU) 11:08   TOM BOD  OP              TEL:305-985-  5          P.006

08/19/1999 at 10:35 AM                              0124351190101012-01
45789
                      **SUPPLEMENT OF RECORD 1 WITH SUMMARY**
              92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

---

Estimate Notes:
CO.CODE; 01
PAY CODE; 2
POLICY NO; 17620020
DM: 59
DI; 11
CHECK NO; 056245378
OD; MUFFLER,R/DOORS,R/FENDER,R/FT.HUB-CAP MISSING.

```
                        Parts                                    1966.61
                        Body Labor      26.3 hrs @ $ 30.00/hr     789.00
                        Paint Labor      2.7 hrs @ $ 30.00/hr      81.00
                        Paint Supplies   2.7 hrs @ $ 15.00/hr      40.50
                        ---------------------------------------------------
                        SUBTOTAL                               $ 2877.11
                        Sales Tax       $ 2877.11 @ 6.0000%     172.63
                        ---------------------------------------------------
                        TOTAL SUPPLEMENT AMOUNT                $ 3049.74

                        NET COST OF SUPPLEMENT                 $ 3049.74
```

Estimate       2134.33 JORGE REBOLLEDO
Supplement S1  3049.74 JORGE REBOLLEDO
               --------                      TOTAL ADJUSTMENTS $  250.00
Workfile Total $ 5184.07                     NET COST OF REPAIRS $ 4934.07

7

GOVERNMENT EMPLOYEES INSURANCE COMPANY

POLICY NUMBER: 176-20-02      DATE ISSUED: 07-20-99                    PAGE 2

| VEHICLE | CLASS | RATED STATE |
|---|---|---|
| 1 92 HONDA  1HGCB7653NA062451 | A-L - F -L | FL |
| 2 | | |
| 3 | | |

| COVERAGES<br>Coverage applies where a premium or 0.00 is shown for the vehicle | LIMITS OR DEDUCTIBLES | PREMIUMS VEH 1 | VEH 2 | VEH 3 |
|---|---|---|---|---|
| BODILY INJURY LIABILITY<br>EACH PERSON/EACH OCCURRENCE | $10,000/$20,000 | 71.60 | | |
| PROPERTY DAMAGE LIABILITY | $25,000/NON DED. | 77.00 | | |
| PERSONAL INJ PROT - INS&REL | OPTION A | 84.40 | | |
| UNINSURED MOTORIST-STACKED<br>EACH PERSON/EACH ACCIDENT | $10,000/$20,000 | 36.50 | | |
| COMPREHENSIVE | $250 DED. | 43.20 | | |
| COLLISION | $250 DED. | 104.20 | | |
| EMERGENCY ROAD SERVICE | | 6.00 | | |
| RENTAL REIMBURSEMENT | $600 | 8.80 | | |

| SIX MONTH PREMIUM PER VEHICLE | $ 431.70 |
|---|---|

YOUR PREMIUMS ARE BASED ON THE FOLLOWING DISCOUNTS AND/OR SURCHARGES:
DISCOUNTS:     5 YEAR GOOD DRIVING (VEH 1); SEAT BELT (VEH 1);
               PASSIVE RESTRAINT/AIR BAG (VEH 1)

LIENHOLDER VEHICLE 1          LIENHOLDER VEHICLE 2          LIENHOLDER VEHICLE 3
NILES ACCP CORP

INSURED COPY

U-31-DP                                                                    (20)