

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly situated,

    Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

    Defendant.

_____/

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant Government Employees Insurance Company ("GEICO") answers the First Amended Complaint in the above-captioned case as follows:

1.    GEICO is without knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 1 of the First Amended Complaint. Denies the remaining allegations, except admits that GEICO issued an automobile insurance policy to Plaintiff, Kimberly Jones Hubbard.

2.    Denies the allegations of Paragraph 2 of the First Amended Complaint, except admits that GEICO writes insurance in 48 states and the District of Columbia, and that it is a Maryland corporation with its principal place of business in the State of Maryland.

3.    Denies the allegations of Paragraph 3 of the First Amended Complaint, except admits that this Court has subject matter jurisdiction and that Plaintiff's First Amended Complaint demands in excess of $75,000.

Burd
Lozano &
Zacherl, L.L.P.  601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 019110, MIAMI, FLORIDA 33131 • TELEPHONE

CASE NO: 00-6035-CIV-MOORE

4. The allegation of Paragraph 4 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, GEICO does not object to venue in this Court.

5. Denies the allegations of Paragraph 5 of the First Amended Complaint, except admits, on information and belief, that Plaintiff's vehicle was damaged in a collision on or about August 4, 1999, and that GEICO has such obligations as provided for under its insurance contract. GEICO directs Plaintiff and the Court to that contract for its full and complete content, and denies any allegations inconsistent therewith.

6. Denies the allegations of Paragraph 6 of the First Amended Complaint.

7. Denies the allegations of Paragraph 7 of the First Amended Complaint, except admits that GEICO issued an automobile insurance policy to Ms. Jones Hubbard, and is without knowledge or information sufficient to form a belief as to whether GEICO advertised or solicited an insurance policy "to Plaintiff," and as to whether or not Plaintiff currently has in her possession of a copy of her insurance policy.

8. Denies the allegations of Paragraph 8 of the First Amended Complaint, except admits that Ms. Jones Hubbard purports to bring this case as a putative class action.

9. Admits that, upon information and belief, Ms. Jones Hubbard's vehicle was damaged in a collision, but GEICO is without knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 9 of the First Amended Complaint. Admits, upon information and belief, that Ms. Jones Hubbard's vehicle was presented to an adjuster employed by GEICO who inspected the vehicle and wrote one or more repair estimates. Admits that

2

Burd Lozano & Zacherl, L.L.P.  601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 3144

CASE NO: 00-6035-CIV-MOORE

Plaintiff attaches a copy of certain of these estimates as Exhibit 1 to the First Amended Complaint. Denies the remaining allegations of Paragraph 9 of the First Amended Complaint.

10. Denies the allegations of Paragraph 10 of the First Amended Complaint.

11. Denies the allegations of Paragraph 11 of the First Amended Complaint.

12. Denies the allegations of Paragraph 12 of the First Amended Complaint.

13. Denies the allegations of Paragraph 13 of the First Amended Complaint.

14. Denies the allegations of Paragraph 14 of the First Amended Complaint.

15. Denies the allegations of Paragraph 15 of the First Amended Complaint.

16. Denies the allegations of Paragraph 16 of the First Amended Complaint, except admits that GEICO was aware of such obligations as exist under the policy contract and applicable law.

17. Denies the allegations of Paragraph 17 of the First Amended Complaint.

18. Denies the allegations of Paragraph 18 of the First Amended Complaint.

19. Denies that Plaintiff is entitled to certification of the class described in Paragraph 19 of the First Amended Complaint.

20. Denies the allegations of Paragraph 20 of the First Amended Complaint, except admits that the putative class numbers in the thousands.

21. Denies the allegations of Paragraph 21 of the First Amended Complaint.

22. Denies the allegations of Paragraph 22 of the First Amended Complaint.

23. Denies the allegations of Paragraph 23 of the First Amended Complaint.

24. Denies the allegations of Paragraph 24 of the First Amended Complaint.



Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500  P.O. BOX 019110, MIAMI, FLORIDA 33131  •  TELEPHONE 305 374 3100 / FAX 305 374 2144

CASE NO: 00-6035-CIV-MOORE

25. Denies the allegations of Paragraph 25 of the First Amended Complaint.

26. GEICO repeats and incorporates the responses contained in Paragraphs 1 through 25 above, as if fully set forth herein.

27. The first sentence of Paragraph 27 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies the allegations of Paragraph 27 of the First Amended Complaint, except admits that Ms. Jones Hubbard's automobile insurance policy is a contract between her and GEICO.

28. Denies the first sentence of Paragraph 28 of the First Amended Complaint. The second sentence of Paragraph 28 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies any breach of contract by GEICO.

29. Denies the allegations of Paragraph 29 of the First Amended Complaint.

30. GEICO repeats and incorporates the responses contained in Paragraphs 1 through 29 above, as if fully set forth herein.

31. Denies the allegations of Paragraph 31 of the First Amended Complaint.

32. Denies the allegations of Paragraph 32 of the First Amended Complaint.

33. Paragraph 33 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies the allegations of Paragraph 33 of the First Amended Complaint.

34. Denies the allegations of Paragraph 34 of the First Amended Complaint.

35. Denies the allegations of Paragraph 35 of the First Amended Complaint.



Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE SUITE 500, P.O. BOX 019110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 FAX 305 374 3113

CASE NO: 00-6035-CIV-MOORE

36. Denies the allegations of Paragraph 36 of the First Amended Complaint, except admits that GEICO maintains that it may, consistent with its contractual and legal obligations, specify aftermarket parts in certain repair estimates.

37. Paragraph 37 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies the allegations of Paragraph 37 of the First Amended Complaint.

38. The first sentence of Paragraph 38 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies the allegations in the first sentence of Paragraph 38 of the First Amended Complaint. Denies the remaining allegations of Paragraph 38 of the First Amended Complaint.

39. Denies the allegations of Paragraph 39 of the First Amended Complaint.

40. Denies that Plaintiff and/or the alleged class are entitled to any of the relief set forth in subparagraphs 1 through 8 under the heading "RELIEF REQUESTED" on Pages 10-11 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each count of the First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose, and/or by the doctrine of laches.

Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 019110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 3161

CASE NO: 00-6035-CIV-MOORE

### THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, because some or all plaintiffs have acquiesced in, and ratified, GEICO's alleged practice as to aftermarket parts by renewing their insurance contracts with GEICO.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, to the extent plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### EIGHTH AFFIRMATIVE DEFENSE

For each claim in the First Amended Complaint, Plaintiff has failed to allege facts sufficient to support a claim for compensatory damages, punitive damages, declaratory relief, injunctive relief, equitable relief, attorneys' fees, and/or any other damages or remedies.

### NINTH AFFIRMATIVE DEFENSE

The claims for punitive damages are barred because applicable law, including the constitutional safeguards provided under the Constitution of the United States and the constitutions of the states where plaintiffs reside, does not permit the award of punitive damages for the claims

Burd
Lozano &
Zacherl, LLP

CASE NO: 00-6035-CIV-MOORE

alleged in the First Amended Complaint. Alternatively, the First Amended Complaint fails to state facts sufficient to justify the imposition of punitive damages under applicable law.

### TENTH AFFIRMATIVE DEFENSE

GEICO denies that it has engaged in, or has been guilty of, any conduct that would entitle plaintiffs to recover punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint cannot be sustained because GEICO has paid plaintiffs the full amount due under plaintiffs' insurance policies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any alleged damages by, among other things, failing to invoke GEICO's guarantee with respect to quality replacement parts.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint are barred, in whole or in part, because plaintiffs failed to exhaust available administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because there is no injury, or no injury caused by GEICO.

### FIFTEENTH AFFIRMATIVE DEFENSE

Injury, if any, suffered by some or all of the plaintiffs as a result of replacement parts installed on their vehicles did not result from and was not proximately caused by any breach of contract or any other wrongful conduct on the part of GEICO, but rather, on information and belief, resulted from and was proximately caused by the conduct of others.

Burd Lozano & Zacherl, L.L.P.    601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 019110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 2100 / FAX 305 374 2161

CASE NO: 00-6035-CIV-MOORE

### SIXTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action because (a) the named plaintiff will not fairly and adequately protect the interests of the putative class; (b) the named plaintiff's counsel advances interests herein of entities and groups other than the putative class; (c) there are no common issues of law and fact; (d) common issues of law and fact, if any, do not predominate over individual issues; (e) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy; and (f) other requirements of maintaining this action as a class action have not been met.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The adjudication of plaintiffs' claims as a class action violates GEICO's rights to due process under the Constitution of the United States and the constitutions of the states.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The adjudication of plaintiffs' claims as a nationwide class action violates the Due Process, Full Faith and Credit, and Commerce Clauses of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

The adjudication of plaintiffs' claims as a nationwide class action violates the McCarran-Ferguson Act.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack legal standing to assert the claims in the First Amended Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the pendency of prior-filed actions.


Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 019110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 3161

CASE NO: 00-6035-CIV-MOORE

## TWENTY-SECOND AFFIRMATIVE DEFENSE

GEICO herein incorporates all of the provisions, exclusions, limitations and conditions within the policies of insurance under which plaintiffs purport to sue. Applying these provisions, exclusions, limitations and conditions, any recovery is barred, in whole or in part, or should be reduced accordingly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

All statutes, and all insurance regulations, related to the subject matter of this action have been complied with.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims of plaintiffs are barred, in whole or in part, because they lease, or otherwise do not own, their vehicles.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims of plaintiffs are barred, in whole or in part, because no aftermarket, or non-OEM, replacement parts were installed on their vehicles.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims of plaintiffs are barred, in whole or in part, because they consented to, or directed, the use of aftermarket, or non-OEM, replacement parts in their repairs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because, among other reasons:

(a)   Any threatened injury is remote, speculative and hypothetical;

(b)   Plaintiffs have an adequate remedy at law;

9



Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 3161

CASE NO: 00-6035-CIV-MOORE

(c)  Plaintiffs can avoid any future harm by changing insurance companies;

(d)  Injunctive relief would require the Court's continuous supervision into the indefinite future; and

(e)  Injunctive relief would interfere with the states' regulation of insurance.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The construction of GEICO's insurance policy sought under the First Amended Complaint is contrary to public policy in that it (a) would encourage the monopolization of a replacement part industry by original equipment manufacturers of replacement parts; (b) would destroy competition in the replacement part industry and would enable original equipment manufacturers of replacement parts to set excessively high prices for those parts; and (c) therefore would injure consumers and GEICO insureds by raising costs to anti-competitive levels.

## TWENTY NINTH AFFIRMATIVE DEFENSE

If GEICO is liable to the Plaintiffs, which liability GEICO expressly denies, such liability must be reduced by any collateral sources.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief because Plaintiffs were not injured but bettered through payment and/or repair of their vehicles.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief because any recovery would constitute an unjust enrichment to Plaintiffs.



Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374 3100 / FAX 305 374 ....

CASE NO: 00-6035-CIV-MOORE

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief because they have not satisfied all conditions precedent to bringing this lawsuit.

**WHEREFORE**, GEICO prays for judgment in its favor together with costs, and for any other relief this Court deems proper and just.

Respectfully submitted,

By: _____
Frank A. Zacherl
Florida Bar. No. 868094
BURD LOZANO & ZACHERL, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Telephone: (305) 374-3100
Fax: (305) 374-3161

Of Counsel:

David P. Gersch
M. Sean Laane
Elissa J. Preheim
ARNOLD & PORTER
555 12th Street, N.W.
Washington, D.C. 20004-1202
(202) 942-5125
*Counsel for Defendant Government Employees Insurance Company*

Dated: April 12, 2000



CASE NO: 00-6035-CIV-MOORE

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Answer to First Amended Complaint was mailed this 12th day of April, 2000 to the following counsel of record:

**SEAN C. DOMNICK, ESQ.**
Counsel for Plaintiff
Searcy Denney Scarola Banhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402-3626

**JEFFREY ORSECK, ESQ.**
Co-Counsel for Plaintiff
Jeffrey Orseck, P.A.
1111 E. Broward Blvd.
Orseck Plaza
Fort Lauderdale, FL 33301

**SCOTT D. SHEFTALL, ESQ.**
Co-Counsel for Plaintiff
Sheftall & Torres, P.A.
100 S.E. Second Street, Suite 4600
Miami, FL 33131

**ELISSA PREHEIM**
Counsel for Defendant
Arnold & Porter
555 Twelfth St., N.W.
Washington, DC 20004-1206

_____
Frank A. Zacherl

G:\ocm parts\hubbard\Lit\answer.1



Burd Lozano & Zacherl, L.L.P.   601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305 374-3100/FAX. 305 374-3161