UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly
situated,
             Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

             Defendant.

_____/

## DEFENDANT'S MOTION FOR ISSUANCE OF A LETTER ROGATORY

Defendant Government Employees Insurance Company ("GEICO") hereby

moves the Court for an order directing the issuance of a Letter Rogatory to the Ontario

(Canada) Superior Court of Justice to obtain the oral testimony of Sean Milligan, Vice-

President, Polywheels Manufacturing Ltd., in Ontario, Canada. The Letter Rogatory and

a proposed Order directing its issuance are attached. In addition, an affidavit submitted

by M. Sean Laane, Esq., in support of the Letter Rogatory is attached as Exhibit A to

clarify the purposes for which Mr. Milligan's testimony is sought. In support of this

Motion, Defendant states as follows:

1.      This Motion is made pursuant to Rule 28(b)(2) of the Federal Rules of

Civil Procedure, and in accordance with the *Evidence Act* (Ontario), R.S.O. 1990,

Ch. E.23, as amended, § 60.

2.      This case is about aftermarket automobile parts. Aftermarket parts are simply parts made by a company other than the big auto companies, which are known as original equipment manufacturers ("OEMs").

3.      Defendant Government Employees Insurance Company ("GEICO") sometimes estimates auto damage claims based on the cost of aftermarket parts, instead of the costlier parts sold by the OEMs.

4.      Plaintiff, on behalf of herself and a putative nationwide class of GEICO policyholders, alleges that GEICO breached its automobile insurance contracts by using the cost of aftermarket parts as a basis for estimating repair costs.

5.      Plaintiff further alleges that GEICO "was obligated to undertake repairs on damaged vehicles using only parts sufficient to restore the vehicles to their pre-loss condition," and that "[a]s a practical matter this obligation could be met only by requiring the exclusive use in repairs of factory-authorized or original equipment manufacturers' parts (OEM parts)." First Amended Class Action Complaint ("Compl.") ¶ 8. Plaintiff contends that aftermarket parts are "inferior" to OEM parts, and that aftermarket parts cannot restore a vehicle to its "pre-loss condition." Compl. ¶¶ 10-12, 16.

6.      GEICO denies plaintiff's allegations, and maintains that it is proper and appropriate to use quality aftermarket parts as a basis for estimating repair costs. It is GEICO's position that many high quality aftermarket parts exist, and that the proper installation of those parts can restore a vehicle to pre-loss condition.

7.      Discovery and proof concerning aftermarket and OEM parts thus will be vital to the trial or other resolution of this action.

8.     Evidence concerning the relative merits of aftermarket and OEM parts also will be vital to the decision on class certification. GEICO maintains that class certification is improper for a variety of reasons, including that individual issues predominate over any common issues. In particular, determining whether particular aftermarket parts restore particular class members' cars to their pre-loss conditions would require a car-by-car, part-by-part analysis. Evidence that any individual aftermarket part is comparable to, or better than, its OEM counterpart will demonstrate that class certification is improper because it illustrates the necessity for a case-by-case determination.

9.     In order to obtain evidence concerning the production of OEM and aftermarket auto parts and the relative quality of those parts, GEICO requires the testimony of Sean F. Milligan, who is the Vice-President of Polywheels Manufacturing, Ltd. ("Polywheels"). Polywheels is a producer of both aftermarket and OEM autobody parts. Thus, Mr. Milligan of Polywheels has the necessary knowledge and experience to testify as to the production and quality of OEM parts and aftermarket parts. Mr. Milligan's testimony will also be relevant to rebutting plaintiff's claim – necessary both for plaintiff's class certification argument and on the merits – that all aftermarket parts are inferior to OEM parts.

10.     Polywheels is located at 1455 North Service Road East, Oakville, Ontario, Canada L6H 1A7 and its manufacturing operations also are located in Canada. Accordingly, the issuance of a Letter Rogatory is necessary to obtain the testimony of Mr. Milligan.

WHEREFORE, Defendant moves this Court to issue a Letter Rogatory to the Ontario (Canada) Superior Court of Justice requesting that Sean Milligan be ordered to appear for deposition. Mr. Christopher I.R. Morrison of the firm MacMillan Rooke Boeckle, solicitors for the Defendant in Canada, will file the Letter Rogatory with the Superior Court of Justice for Ontario.

Respectfully submitted,

_____

Frank A. Zacherl
Florida Bar No. 868094
BURD LOZANO & ZACHERL, LLP
601 Brickell Key Drive
Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Telephone: (305) 374-3100
Fax: (305) 374-3161

Of Counsel:

David P. Gersch
M. Sean Laane
Elissa J. Preheim
ARNOLD & PORTER
555 Twelfth St., N.W.
Washington, D.C. 20004-1202
(202) 942-5000

*Counsel for Defendant Government Employees Insurance Company*

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO:** 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly
situated,

        Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

        Defendant.

_____/

## LETTER ROGATORY

To: The Ontario Superior Court of Justice

The above-captioned proceeding is presently pending before this Court in the city of Miami, Florida in the United States of America, between Plaintiff Kimberly Jones-Hubbard and Defendant Government Employees Insurance Company.

It has been shown to this Court that it appears necessary for the purpose of justice that a witness residing in your jurisdiction be examined there.

Plaintiff in this civil action is seeking, on behalf of herself and an alleged nationwide class of insureds, money judgments and injunctive and declaratory relief for Defendant's alleged breach of its automobile insurance contracts through its use of aftermarket replacement parts as a basis for estimating repair costs. Plaintiff alleges that GEICO was obligated to estimate repair costs based on the prices of original equipment manufacturers parts ("OEM parts"). Plaintiff contends that aftermarket parts are inferior

to OEM parts, and that aftermarket parts cannot restore a vehicle to its pre-loss condition. Compl. ¶¶ 10-12, 16. GEICO denies Plaintiff's allegations.

This Court has jurisdiction over this case because the contract at issue is a Florida contract, the amount in controversy exceeds $75,000 (USD), and there is diversity of citizenship between Plaintiff, a Florida resident, and Defendant, a Maryland corporation. This Court is empowered to require all parties to produce documents and to require persons within the United States to attend depositions as witnesses.

The witness sought to be examined in Canada is Mr. Sean Milligan, Vice-President of Polywheels Manufacturing Ltd. ("Polywheels"), 1455 North Service Road East, Oakville, Ontario, Canada L6H 1A7. Polywheels is a company that produces both OEM parts and aftermarket replacement parts. In his capacity as Vice-President, Mr. Milligan is in a position to testify as to the manufacturing processes employed by Polywheels and to the quality of those original equipment manufacturer replacement parts as compared to that of those aftermarket replacement parts that Polywheels produces.

As Polywheels' offices and manufacturing operations are located in Canada, evidence related to Polywheels is not available in the United States. Furthermore, Mr. Milligan is beyond the jurisdiction and process of this Court and cannot otherwise be compelled to give testimony under the normal and usual process of this Court as set forth under the Federal Rules of Civil Procedure.

The oral testimony sought from Mr. Milligan concerns the following:

      1.     His background and experience as it pertains to the automotive industry;

2.    His knowledge as to the industry and quality certifications held by
Polywheels;

3.    His knowledge relating to Polywheels' business of manufacturing
parts as an OEM supplier to various automobile companies;

4.    His knowledge relating to Polywheels' business of manufacturing
aftermarket parts;

5.    His knowledge relating to the manufacturing process by which
Polywheels produces automobile replacement parts for OEMs;

6.    His knowledge relating to the manufacturing process by which
Polywheels produces aftermarket parts;

7.    His knowledge of the OEM and aftermarket parts manufactured by
Polywheels, including the types of parts, the make and model of the vehicles for
which the parts are made, and the period of time that Polywheels has
manufactured such parts; and

8.    His knowledge relating to the quality of the OEM and aftermarket
parts made by Polywheels, and the quality of Polywheels parts relative to parts
made by the OEMs or other OEM suppliers.

Mr. Milligan's testimony is needed because it is highly relevant to a central
allegation in this proceeding – that aftermarket parts are inferior to, or not "of like kind
and quality" to, OEM parts. The affidavit submitted by M. Sean Laane, Esq., in support
of this Letter Rogatory is attached to describe further the purposes for which
Mr. Milligan's testimony is sought.

Mr. Milligan will not be requested to produce any documents. Consequently, giving effect to this Letter Rogatory should not unduly burden the witness.

The deposition of Mr. Milligan will be used at the class certification hearing and/or trial in this lawsuit in the United States District Court for the Southern District of Florida, and may be used in other United States court proceedings to the extent admissible therein.

It is requested that Mr. Sean Milligan be ordered to appear at the offices of MacMillan Rooke Boeckle, Box 96, 401 Hay Street, Suite 9005, Toronto, Ontario, Canada M5H 2Y4, or such other place in Ontario as agreed upon by the witness and the parties, to be examined on his oath or affirmation regarding the above-mentioned matters. In the event that the witness cannot be placed under oath, it is requested that he answer the questions in such a manner as provided by local law for the formal taking of evidence. It is further requested that the witness's testimony be taken orally and recorded verbatim in writing and by videotape and that the transcript of that testimony be authenticated in accordance with the procedure of the Ontario Superior Court of Justice.

It is also requested that United States counsel and the Canadian legal representative of the parties in the proceedings be permitted to attend and participate in the deposition of the witness, and that the said United States counsel be permitted to put questions to the witness. The parties reserve their rights under all applicable rules of privilege and civil procedure to object to all or any parts of the witness's testimony that any party might seek to introduce at a hearing or trial in this or any other proceeding.

The United States District Court for the Southern District of Florida is able to offer reciprocal arrangements by ordering the enforcement of letters rogatory introduced from an Ontario court.

_____

Honorable K. Michael Moore
United States District Judge

United States District Court for the Southern
District of Florida

Dated: _____, 2000

Seal of the Court

5

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO:** 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly
situated,

        Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER DIRECTING ISSUANCE OF LETTER ROGATORY

Upon the motion of Defendant,

It is hereby ORDERED, this _____ day of August, 2000, that a Letter Rogatory

in the form attached hereto shall issue forthwith.

_____
United States District Judge
Honorable K. Michael Moore

United States District Court for the Southern
District of Florida

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO:** 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly
situated,
    Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,
    Defendant.

            /

## CERTIFICATE OF SERVICE

   This certifies that a copy of Defendant's Motion for Letter Rogatory was served

this 10th day of August, 2000, on counsel for the Plaintiff by mailing, first class mail,

postage prepaid, to:

   **SEAN C. DOMNICK, ESQ.**, Counsel for Plaintiff
   Searcy Denney Scarola Barnhart & Shipley, P.A.
   2139 Palm Beach Lakes Blvd.
   P.O. Drawer 3626
   West Palm Beach, FL 33402-3626

   **JEFFREY ORSECK, ESQ.**, Co-Counsel for Plaintiff
   Jeffrey Orseck, P.A.
   1111 E. Broward Blvd.
   Orseck Plaza
   Fort Lauderdale, FL 33301

   **SCOTT D. SHEFTALL, ESQ.**, Co-Counsel for Plaintiff
   Sheftall & Torres, P.A.
   100 S.E. Second Street
   Suite 4600
   Miami, FL 33131

                     Frank A. Zacherl

...CHMENT / EXHIBIT $\mathcal{A}$

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO:** 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

_____

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly
situated,
        Plaintiff,
vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

        Defendant.
_____/

## AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANT'S
## MOTION FOR ISSUANCE OF A LETTER ROGATORY

     M. Sean Laane, Esq., being duly sworn, deposes and says:

     1.     Defendant Government Employees Insurance Company ("GEICO")
submits this affidavit in support of its Motion for Issuance of a Letter Rogatory.

     2.     This Court has the authority to issue a Letter Rogatory pursuant to Rule
28(b)(2) of the Federal Rules of Civil Procedure.

     3.     This case is about aftermarket automobile body parts. Aftermarket parts
are parts that are made by an entity other than the original equipment manufacturers
("OEMs") – _i.e._ the big auto companies and their suppliers.

     4.     GEICO sometimes estimates auto damage claims based on the cost of
aftermarket parts, instead of the costlier parts sold by the OEMs.

5.      Plaintiff, on behalf of herself and a putative nationwide class of GEICO policyholders, alleges that GEICO breached its automobile insurance contracts by using the cost of aftermarket autobody parts as a basis for estimating repair costs.

6.      Plaintiff further alleges that GEICO "was obligated to undertake repairs on damaged vehicles using only parts sufficient to restore the vehicles to their pre-loss condition," and that "[a]s a practical matter this obligation could be met only by requiring the exclusive use in repairs of factory-authorized or original equipment manufacturers' parts (OEM parts)." First Amended Class Action Complaint ("Compl.") ¶ 8 (attached at Tab 1). Plaintiff contends that aftermarket parts are "inferior" to OEM parts, and that aftermarket parts cannot restore a vehicle to its "pre-loss condition." Compl. ¶¶ 10-12, 16.

7.      GEICO denies plaintiff's allegations, and maintains that it is proper and appropriate to use quality aftermarket parts as a basis for estimating repair costs. It is GEICO's position that high quality aftermarket parts exist, and that proper installation of those parts can restore a vehicle to pre-loss condition. (A copy of GEICO's Answer is attached at Tab 2.)

8.      Discovery and proof concerning aftermarket and OEM automobile body parts thus will be a vital part of the discovery in this action.

9.      Evidence concerning the relative merits of aftermarket and OEM parts also will be essential to the Court's consideration of class certification. GEICO maintains that class certification is improper for a variety of reasons, including that individual issues predominate over any common issues. Determining whether particular parts restored particular class members' cars to their particular pre-loss conditions requires a

2

car-by-car, part-by-part analysis. Evidence that <u>any</u> aftermarket part is comparable to, or better than, its OEM counterpart reinforces the need for this part-by-part analysis.

10.     In order to obtain evidence concerning the production of OEM and aftermarket auto parts and the relative quality of those parts, GEICO requires the testimony of Sean F. Milligan, who is the Vice-President of Polywheels Manufacturing, Ltd. ("Polywheels"). I am informed and believe that Polywheels is a supplier to several OEMs, including General Motors, Ford, and Jaguar. I am also informed and believe that Polywheels makes various aftermarket parts.

11.     The fact that Polywheels produces both aftermarket and OEM autobody parts means that Mr. Milligan of Polywheels should possess the necessary knowledge and experience – and indeed is uniquely qualified – to testify as to the production and quality of both OEM parts and aftermarket parts. GEICO also believes that Mr. Milligan's testimony will be relevant to rebutting claims by plaintiff that all aftermarket parts are inferior to OEM parts.

12.     Evidence obtained from Mr. Milligan is necessary for use at the hearing on Plaintiff's motion for class certification and also will be necessary in the event of a trial on the merits in this proceeding. Justice cannot be completely done in this proceeding without the testimony of Mr. Milligan.

13.     Polywheels' offices are located at 1455 North Service Road East, Oakville, Ontario, Canada L6H 1A7, and its manufacturing operations also are located in Canada. Accordingly, Mr. Milligan is beyond the jurisdiction and process of this court and cannot otherwise be compelled to give testimony under the normal and usual process of this court as set forth under the Federal Rules of Civil Procedure.

14.     Giving effect to the Letter Rogatory would not unduly burden Mr. Milligan.  Defendant seeks only the oral examination of Mr. Milligan, which examination is to be conducted in Ontario and recorded verbatim in writing and by videotape.  The scope of the examination is limited to the subjects identified above, and Defendant does not request the production of any documents or things.

15.     Defendant has received the advice of a firm of Canadian solicitors, MacMillan Rooke Boeckle, regarding the manner in which the letter rogatory should be presented in Ontario, Canada.  Mr. Christopher I.R. Morrison of MacMillan Rooke Boeckle has advised us as follows:

(a)     The Evidence Act, R.S.O. 1990 c. E.23, as amended, provides a single, self-contained code for obtaining evidence in Ontario for use in proceedings in foreign courts in those cases in which the assistance of the Ontario Superior Court of Justice is invoked;

(b)     Under Section 60.(1) of the 1990 Act, the Ontario Superior Court of Justice is granted authority to order the examination of a witness within its jurisdiction;

(c)     Section 60.(2) of the 1990 Act provides that the respondent is entitled to the payment or expenses and loss of time as upon attendance at a trial in the Ontario Superior Court of Justice;

(d)     Under Section 60.(3) of the 1990 Act, a person has the right to object to questions on grounds of self-incrimination and to refuse to answer questions that he would be entitled to object or to refuse to answer in an Ontario proceeding; and

4

(e)    By virtue of 60.(3), a person cannot be compelled to produce at the examination any writing, document or thing that he could not be compelled to produce at the trial of such an action.

16.    Mr. Morrison also has advised Defendant that so far as obtaining oral testimony through a letter rogatory is concerned, the following principles will apply:

(a)    The evidence sought must be relevant to the proceeding (*i.e.*, will tend to prove or disprove one or more issues of disputed fact in the proceeding) and must not be obtainable from other sources;

(b)    The evidence sought must be necessary to the proceeding, not merely corroborative of other evidence;

(c)    Giving effect to the letter or request must not unduly burden the respondent; and

(d)    The letter rogatory must not be contrary to public policy or otherwise prejudicial to the sovereignty of Ontario or that of the citizens residing within the jurisdiction.

17.     Defendant has therefore drafted the Letter Rogatory in a form in accordance with the advice set out in paragraphs 14 and 15 above, and submit this affidavit in support of the Letter Rogatory to clarify the purposes for which the evidence is sought.

_____
M. Sean Laane, Esq.

CITY OF WASHINGTON     )
                       )
DISTRICT OF COLUMBIA )

Subscribed and sworn before me this ____9____ day of August, 2000.

_____
Notary Public

My commission expires:

My Commission Expires
May 31, 2004

6



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD,
On Behalf Of Herself And All Others
Similarly Situated,

      Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant.

_____/

**CLASS REPRESENTATION**

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, KIMBERLY JONES HUBBARD, on behalf of herself and all

others similarly situated, by and through her undersigned attorney, and sues the Defendant,

GOVERNMENT EMPLOYEES INSURANCE COMPANY, and states as follows:

    1.     Plaintiff, KIMBERLY JONES HUBBARD, resides in Lauderhill, Broward County,

Florida, and is a citizen of the State of Florida.  Plaintiff, KIMBERLY JONES HUBBARD, holds

a GEICO Auto Policy issued by Defendant, GOVERNMENT EMPLOYEES INSURANCE

COMPANY ("GEICO").

    2.     GEICO is an insurance company transacting business in the State of Florida and in

all states throughout the United States, sometimes by or through its subsidiaries or affiliates.  GEICO

is a citizen of the State of Maryland with its principal offices in the State of Maryland.

3.    This Court has jurisdiction over the subject matter hereto and the parties hereof. The amount in controversy inclusive of fees and punitive damages exceeds $75,000.00.

4.    Venue is proper in this Court.

5.    On August 4, 1999, KIMBERLY JONES HUBBARD, was involved in an automobile accident resulting in damage to her vehicle. The Defendant, GEICO, pursuant to its contract with the Plaintiff, was obligated to pay for repairs to her car.

### Class Representation Allegations

6.    This claim is maintainable as a class action based on Fed. R. Civ. P. 23.

7.    Defendant, GEICO, advertised, solicited and sold the GEICO Policy to Plaintiff. Under the terms of Defendant, GEICO's, Policy, in consideration for the premiums paid, Defendant, GEICO, agreed to restore Plaintiff's vehicle to its pre-loss condition. The Plaintiff is not in possession of a copy of her policy, but believes that it is in Defendant's possession. The GEICO Car Policy, a contract, obligates GEICO to pay for repairs to Plaintiff's vehicle with parts that would restore her vehicle to her pre-loss condition. After Plaintiff wrecked her vehicle, Defendant, GEICO's, practice and policy was and is to use inferior, substandard imitation parts (whenever possible and practicable) in the repair of Plaintiff's vehicle.

8.    Plaintiff brings this class action to secure redress for Defendant, GEICO's, uniform and common practice of using inferior, imitation parts. At all times material hereto, Defendant, GEICO, was obligated to all its policyholders to make repairs pursuant to the same or common general terms set forth in Plaintiff's GEICO Policy. Specifically, Defendant, GEICO, was obligated to undertake repairs on damaged vehicles using only parts sufficient to restore the vehicles to their

-2-

pre-loss condition. As a practical matter, this obligation could be met only by requiring the exclusive use in repairs of factory-authorized or original equipment manufacturer's parts (OEM parts). Defendant, GEICO's, common practice of using inferior, imitation parts in repairs constitutes a breach of its obligation to all insureds who either received such parts in repairs or were obligated to pay the difference in price between imitation parts and the OEM parts actually installed.

9.    Plaintiff's insured vehicle was involved in accidents causing damage to Plaintiff's vehicle. Plaintiff's damaged vehicle was presented to Defendant, GEICO, for repair. Defendant, GEICO, inspected Plaintiff's vehicle and prepared estimates of repair costs. A copy of certain of these estimates is attached as Exhibit 1.

10.    When it is required to pay for vehicle repairs, Defendant, GEICO, requires the use of inferior copies of vehicle parts, which are not authorized or sanctioned by the vehicle manufacturer, commonly referred to as "imitation crash parts," "aftermarket crash parts," and/or "non-original equipment manufacturer's parts/non-OEM crash parts," hereinafter referred to as imitation parts. Since many of these imitation parts are manufactured in Taiwan, in the trade they are commonly referred to as "Taiwan tin," which reflects their inferior quality and craftsmanship. These inferior imitation parts are not authorized for use by vehicle manufacturers, and the incorporation into an insured vehicle will not restore the vehicle to its pre-loss condition.

11.    The imitation parts are inferior in quality to the factory-authorized parts made by or for the original equipment manufacturer, in that the imitation parts have, among other defects:

a.    substandard fit and appearance;

b.    substandard finish;

c.    substandard structural integrity and mechanical operation;

      d.     substandard corrosion resistance; and

      e.     substandard dent resistance.

12.     These defects make the imitation parts inferior in quality to the parts made by or for the original equipment manufacturer, and the imitation parts are not of "like kind and quality" as the parts originally installed in the vehicle nor will use of the imitation parts restore the insured vehicle to its pre-loss condition.

13.     Use of the imitation parts does the following to Plaintiff and members of the class: (i) diminishes the vehicle's value, (ii) jeopardizes the effectiveness of the manufacturer's vehicle warranty, (iii) impairs the vehicle's structural integrity and impacts passenger safety, (iv) may detrimentally affect the vehicle's performance, (v) reduces the vehicle's resale value, and (vi) does not restore the vehicle to its pre-loss condition.

14.     Defendant, GEICO, entered into a common course of conduct using or paying the cost of inferior imitation parts to satisfy its repair obligations wherever such parts were available, thereby reducing its coverage obligations under its policies, all at the expense and loss to policyholders, but Defendant, GEICO, did not disclose these practices to its policyholders.

15.     Defendant, GEICO, did not disclose to Plaintiff prior to her purchase of the GEICO Policy, that Defendant, GEICO, would use and pay for only unauthorized inferior imitation parts (whenever possible and practicable) rather than factory-authorized parts made by or for the original equipment manufacturer, and that use of unauthorized imitation parts would not restore Plaintiff's vehicle to its pre-loss condition.

16.     Defendant, GEICO, was aware of its obligation to repair vehicles using "like kind and quality" parts and its obligation to restore the vehicles to their pre-loss condition. At all times

-4-

material hereto, Defendant, GEICO, knew or should have known that the unauthorized imitation parts were not of "like kind and quality" as parts originally installed in Plaintiff's vehicle, and the use of the inferior imitation parts would not restore the vehicles to their pre-loss condition.

17.     At all times material hereto, Defendant, GEICO, avoided its obligations under these insurance policies, which policies used common language by only authorizing repairs using inferior imitation parts.

18.     Defendant, GEICO, has refused to pay or not paid to the Plaintiff or Class Members an amount equal to the difference in value of Plaintiff's vehicle before the accident and the value after the accident, once repaired, restored, and returned to Plaintiff.

19.     Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representative of the following class:

> All persons in the United States (1) who were insured by a vehicle casualty insurance policy issued by Defendant, GEICO, (2) who made a claim for vehicle repairs pursuant to their policy, and (3) who had imitation (that is, non-factory-authorized and/or non-OEM) parts installed in their vehicles, or else received monetary compensation determined in relation to the cost of imitation parts.

Excluded from the class are employees of Defendant, GEICO, its officers, its directors, its subsidiaries or affiliates.

20.     The requirements of Rule 23 of the Federal Rules of Civil Procedure, as explicated in applicable case law, have been met. The class is so numerous that joinder of all members is impracticable. Plaintiff does not know the exact size of the class, since such information is in the exclusive control of Defendant, GEICO. However, the exact number may be determined by appropriate discovery.

21.    There are questions of fact and law common to the class, which common questions predominate over any questions affecting only individual members. Those common questions include:

    a.    whether imitation parts of the kind utilized by Defendant, GEICO, are of a "like kind and quality" as the original equipment parts made by or for the original equipment manufacturer;

    b.    whether the use of imitation parts in the repair of Class Members' vehicles restores the vehicles to their pre-loss condition; and

    c.    whether Defendant, GEICO, breached its duties and obligations owed to Class Members or breached the standard form provisions of its contracts (policies) with Class Members by its common practice of repairing Class Members' vehicles with imitation parts and/or paying Class Members or repair shops the costs of imitation, rather than original equipment, parts.

22.    Plaintiff can and will fairly and adequately represent and protect the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class. Plaintiff has retained attorneys who are experienced and competent in class action litigation. No conflict exists between Plaintiff and Class Members because:

    a.    all of the questions of law and fact regarding the liability of Defendant, GEICO, are common to the class and predominate over any individual issues that may exist, such that by prevailing on her own claim, Plaintiff necessarily will establish Defendant, GEICO's, liability to all Class Members;

    b.    without the representation provided by Plaintiff, virtually no Class Members would receive legal redress or representation for their damages; and

    c.    Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

23.    All Class Members have the same legal rights to, and interests in, the fair treatment by GEICO, the proper interpretation and implementation of the Policy, and the restoration of their vehicles to their pre-loss condition when they are damaged.  Defendant, GEICO, engaged in a uniform or common practice regarding repairs to its insureds' vehicles.  When Plaintiff's or a Class Member's car needed repairs, it paid for imitation parts, as set forth herein, and not "like kind and quality" as set forth in its vehicle casualty insurance policies.  Plaintiff, thus, by proving her own claims, presumptively proves the claims of the class.

24.    The class action is an appropriate method for the fair and efficient adjudication of the controversy given the following:

    a.    common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

    b.    Class Members' individual damage claims are too small to make individual litigation an economically viable alternative;

    c.    class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class Members;

    d.    despite the relatively small size of individual Class Members' claims, their aggregate volume is coupled with the economies of scale inherent in litigating similar claims on a common basis, and will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    e.    no unusual difficulties are likely to be encountered in the management of this class action in that all questions of law or fact to be litigated at the liability stage are common to the class.

25.    Class certification is appropriate under the law because Defendant, GEICO, has acted on grounds generally applicable to the class.

## COUNT I
## BREACH OF CONTRACT

26.    Paragraphs 1-25 are realleged and restated, as if fully set forth herein.

27.    Defendant, GEICO's, common practice regarding the use of inferior imitation parts to its insureds, Plaintiff and Class Members, constitutes a breach of contract. The uniform insurance policy is a contract. Plaintiff and Class Members entered these contracts with Defendant, GEICO.

28.    Plaintiff and Class Members were injured or damaged as a result. The courts in Florida and the other states enforce contracts and provide remedies for breach.

29.    Therefore, Plaintiff and Class Members are entitled to lawful remedies attendant with the breach of contract by Defendant, GEICO.

## COUNT II
## DECLARATORY/INJUNCTIVE/EQUITABLE RELIEF

30.    Paragraphs 1-25 are realleged and restated, as if fully set forth herein.

31.    Defendant, GEICO's, practice and policy, whenever possible under the circumstances, is to authorize or use inferior, imitation (non-OEM) parts to repair Plaintiff's and the Class Members' vehicles.

32.    Each time that their vehicles are wrecked and inferior imitation parts are available, because of Defendant, GEICO's, policy and practice, Plaintiff's and Class Members' vehicles will not be repaired with parts of like kind and quality and will not be restored to their pre-loss condition at Defendant's cost.

33.    As such, Defendant, GEICO, consistently and repeatedly violated its contracts (insurance policies).

34.    Because of this policy and practice, Plaintiff and Class Members will not receive the benefit of the common or similar terms of contracts with the Defendant, GEICO. Plaintiff and Class Members are subject to Defendant, GEICO's, policy and practice with each contract entered into with Defendant, GEICO.

35.    Defendant, GEICO, does not meaningfully or effectively disclose its policy of using inferior imitation parts.

36.    Defendant maintains that it has the right to use inferior, aftermarket parts.

37.    Declaratory relief is necessary because there is a bona fide, actual present need for declaration; the declaration concerns a present, ascertainable set of facts as outlined herein; there is an actual, present, adverse and antagonistic interest in the subject matter between the class and the Defendant, GEICO; and the relief sought is not merely the giving of legal advice or to satisfy curiosity.

38.    Injunctive relief is necessary because money damages are inadequate to redress the wrong done by the Defendant, GEICO. Among other things, the aftermarket parts create a real and present danger to those who drive vehicles that have been repaired using these parts. The vehicles are not as safe and only injunctive relief, in conjunction with monetary damages for the breach of contract, will fully protect the Plaintiff and the prospective Class Members. The Plaintiff and class will suffer irreparable physical harm if the Defendant is not enjoined from using inferior parts, and this injunction will serve the public's interest in safe cars.

39. Unless a permanent injunction is issued requiring Defendant, GEICO, to comply with the provisions of these contracts with Plaintiff and Class Members, Class Members will not receive the benefit of the bargain, will have no effective means to learn about the practice and policy of Defendant, GEICO, not to honor the terms of its policies (set forth herein), Defendant, GEICO, will continue not to restore Plaintiff's and Class Members' vehicles to their pre-loss condition, and will otherwise continue to avoid their contractual obligations.

### **RELIEF REQUESTED**

1. An Order confirming that this conditionally certified class action is properly maintainable as a class action, and appointing Plaintiff and her undersigned counsel to represent the class;

2. An award of compensatory and punitive damages and all monetary relief authorized by law or referenced in the Complaint;

3. An Order enjoining GEICO from using inferior, imitation non-OEM parts, from refusing to pay for original equipment parts, and from engaging in unfair or deceptive acts or practices set forth in or related to the policy and practice in the Complaint;

4. An Order requiring GEICO to restore Plaintiff's and Class Members' vehicles to their pre-loss condition, to meaningfully and effectively disclose its past policy and practice of using inferior, imitation parts, and to fully remedy these past acts or practices, and to cease and desist from making any false, deceptive, or misleading representations about its practices in authorizing or repairing and restoration to Plaintiff's and Class Members' vehicles;

5. An Order declaring the rights of the class and the obligations of Defendant, GEICO, under the standard contractual provisions at issue in this action.

6. An award of pre-judgment and post-judgment interest;

-10-

7.    An Order awarding Plaintiff's and Class Members' attorneys' fees, costs and expenses

incurred in this action, including reasonable costs of experts retained by counsel, from the

common fund recovery, and pursuant to all other applicable law;

8.    Such other and further relief as this Court may deem proper and just; and

9.    Trial by jury on all issues so triable.

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been sent to all

counsel on the attached service list by mail this ___15TH___ day of March, 2000.

Sean C. Domnick, Esq.
Florida Bar No.:  843679
Jack Scarola, Esq.
Florida Bar No.:  169440
Searcy Denney Scarola Barnhart &
 Shipley, P.A.
2139 Palm Beach Lakes Boulevard
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
(561) 478-0754 (Fax)
Attorneys for Plaintiff

Jeffrey Orseck, Esq.
Florida Bar No.:  215953
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, FL 33301
(954) 763-3000
(954) 527-4228 (Fax)
Co-Counsel for Plaintiff

-11-

Scott D. Sheftall, Esq.
Florida Bar No.:  231398
Brian M. Torres, Esq.
Florida Bar No.:  0036498
Marc A. Wites, Esq.
Florida Bar No.:  24783
Sheftall & Torres, P.A.
100 S.E. Second Street - Suite 4600
Miami, FL 33131
(305) 358-5959
(305) 358-5958 (Fax)
Co-Counsel for Plaintiff

<u>JONES-HUBBARD VS. GEICO</u>
<u>CASE NO.: 00-6035-CIV-WJZ</u>

Frank A. Zacherl, Esq.
Burd Lozano & Zacherl, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, FL 33131
(305) 374-3100
(305) 374-3161 (fax)
**Counsel for Geico**

David P. Gersch, Esq.
Bruce M. Chadwick, Esq.
Daniel A. Cantor, Esq.
Elissa J. Preheim, Esq.
Arnold & Porter
555 12th Street, N.W.
Washington, DC 20004-1202
(202) 942-5000
**Counsel for Geico**

AUG-19 99(THU) 11:06    TOH BODY SHOP                TEL:305-985-            P.001

D.V. Report.

08/19/1999 et 10:35 AM                         0124351190101012-01
45789

GEICO
DAVIE, FLA
FREE RATE QUOTES 800-555-2756 ONE CALL DOES IT AL
3501 S UNIVERSITY DR # 5
DAVIE, FL 33328
(800)584-3426 Fax: (954)370-0053

SUPPLEMENT OF RECORD 1 WITH SUMMARY

Written by: JORGE REBOLLEDO # 08/19/1999 10:34 AM
Adjuster:  H758 EXT: 2846 FCC: #

Insured: KIMBERLY JONES              Claim #0124351190101012-01
  Owner: KIMBERLY JONES              Policy #17620020
Address: 5421 NW 16TH CT             Date of Loss: 08/04/1999 at 12:00 AM
         LAUDERHILL, FL 33313-5422   Type of Loss: Collision
Evening: (954)733-3278               Point of Impact: 6.  Rear
Business: (954)631-5659

 Inspect AIRPORT WEST                    Day: (954)791-0561x0000
Location: ABBPORT AUTO BODY             DRIVE IN
          PLANTATION, FL 33324-0000

  Repair UNK.DT: 10                       Days to Repair
Facility:                                 License #

92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:
VIN: 1HGCB7653NA062451 Lic: VBA12L      FL Prod Date:         Odometer: 86677
Air Conditioning         Rear Defogger          Tilt Wheel
Cruise Control           Intermittent Wipers    Tinted Glass
Body Side Moldings       Dual Mirrors           Clear Coat Paint
Power Steering           Power Brakes           Power Windows
Power Locks              Power Antenna          Power Mirrors
AM Radio                 FM Radio               Stereo
Cassette                 Search/Seek            Driver Airbag
Cloth Seats              Bucket Seats           Recline/Lounge Seats
Automatic Transmission

1

AUG. 19 99(THU) 11:06   TOH BODY S   ●   .TEL:305-985-162 ●   P.002

08/19/1999 at 10:35 AM                     0124351190101012-01
45789

### SUPPLEMENT OF RECORD 1 WITH SUMMARY
### 92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

| NO. | OP. | DESCRIPTION | CTY | EXT. PRICE | LABOR | PAINT |
|-----|-----|-------------|-----|------------|-------|-------|
| 1 | | REAR BUMPER | | | | |
| 2 | | O/H rear bumper | | | 1.5 | |
| 3 | S01 | Deduct for Rear Bumper R&I | | | s -0.6 | |
| 4 | Repl | Bumper cover LX & EX | 1 | 194.65 | Incl. | 2.5 |
| 5 | | Add for Clear Coat | | | | 1.0 |
| 6# | Repl | Flex Additive | 1 | 10.00 T | | |
| 7** | .Repl | Qual Repl Parts Reinforcement | 1 | 83.65 | Incl. | |
| 8 | Repl | Mount beam | 1 | 71.62 | Incl. | |
| 9 | Repl | LT Bumper cover slide | 1 | 10.78 | Incl. | |
| 10 | | REAR LAMPS | | | | |
| 11**S01 | Repl | Qual Repl Parts LT Combo lamp | 1 | 74.25 | Incl. | |
| 12 | | TRUNK LID | | | | |
| 13 | Repl | Deck lid 4 door | 1 | 313.83 | 1.0 | 2.3 |
| 14 | | Add for Clear Coat | | | | 0.9 |
| 15 | | Add for Underside(Complete) | | | | 1.2 |
| 16 | | REAR BODY & FLOOR | | | | |
| N 17 | S01 | Repl Panel below lid | 1 | 243.93 | Incl. | 1.5 |
| 18 | S01 | Overlap Major Adj. Panel | | | | -0.4 |
| 19 | S01 | Add for Clear Coat | | | | 0.2 |
| 20# | Rpr | Unibody Repair | | | 6.0 F | |
| 21# | Repl | Pinstripes - Tape | 1 | 18.00 | | |
| N 22 | S01 | Repl Rear floor pan | 1 | 1017.08 | 16.0 | 1.8 |
| N 23 | S01 | Repl LT Sidemember assy | 1 | 300.18 | s 6.5 | |
| 24 | | REAR DOOR | | | | |
| 25* | Refn | LT Door shell | | | | 1.0 |
| 26 | | Add for Clear Coat | | | | 0.2 |
| 27 | | QUARTER PANEL | | | | |
| 28* | Refn | RT Quarter panel | | | s | 1.0 |
| 29 | | Add for Clear Coat | | | | 0.2 |
| 30 | Repl | LT Molding wheel opening | 1 | 15.26 | 0.3 | |
| N 31 | S01 | Repl LT Quarter panel | 1 | 435.90 | s 16.0 | 3.0 |
| 32 | S01 | Overlap Major Adj. Panel | | | | -0.4 |
| 33 | S01 | Add for Clear Coat | | | | 0.5 |

2

AUG -19 99 (THU) 11:07    TCH BODY SHOP                    TEL:305-985-●          P. 003

08/19/1999 at 10:35 AM                           0124351190101012-01
45789

### SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

-----------------------------------------------------------------

| NO. | OP. | DESCRIPTION | QTY EXT. PRICE | LABOR | PAINT |
|-----|-----|-------------|----------------|-------|-------|
| 34 | 501 | Deduct for Overlap | | -1.4 | |

-----------------------------------------------------------------

                              Subtotals ==>    2789.13    45.3    16.5

Line 17 : REPLACED V/S REPAIR (ADD. DAMAGE FOUND)
Line 22 : REPLACED V/S REPAIR (ADD. DAMAGE FOUND)
Line 23 : CONCEED REPLACED V/S REPAIR (ADD. DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

-----------------------------------------------------------------

Estimate Notes:
CO.CODE; 01
PAY CODE; 2
POLICY NO; 17620020
DM; 59
DI; 11
CHECK NO; 056245378
OD; MUFFLER,R/DOORS,R/FENDER,R/FT.HUB-CAP MISSING.

|  |  |  |
|--|--|--|
| Parts | | 2779.13 |
| Body Labor | 39.3 hrs @ $ 30.00/hr | 1179.00 |
| Paint Labor | 16.5 hrs @ $ 30.00/hr | 495.00 |
| Frame Labor | 6.0 hrs @ $ 30.00/hr | 180.00 |
| Paint Supplies | 16.5 hrs @ $ 15.00/hr | 247.50 |
| Sublet/Misc. | | 10.00 |

-----------------------------------------------------------------

SUBTOTAL                                          $ 4890.63
Sales Tax                  $ 4890.63 @  6.0000%     293.44

-----------------------------------------------------------------

TOTAL COST OF REPAIRS                             $ 5184.07

ADJUSTMENTS:
  Deductible                                        250.00

3

AUG. 19' 99 (THU) 11:07    TOH BODY S●    TEL:305-985-16●.    P. 004

08/19/1999 at 10:35 AM                          0124351190101012-01
45789

SUPPLEMENT OF RECORD 1 WITH SUMMARY
92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

------------------------------------------------------------

TOTAL ADJUSTMENTS                        $  250.00
NET COST OF REPAIRS                       $ 4934.07


THIS IS NOT AN AUTHORIZATION TO REPAIR

NO SUPPLEMENT WILL BE HONORED UNLESS AUTHORIZED BY GEICO DIRECT
A/P: _____

NOTICE: NEW HIGH STRENGTH STEELS MAY REQUIRE THE USE OF MIG WELDER FOR PROPER
REPAIRS. NEW DESIGNS REQUIRE MEASUREMENT TO PROPERLY ALIGN THE VEHICLE. MAKE
SURE YOUR SHOP HAS THE RIGHT EQUIPMENT TO REPAIR YOUR VEHICLE.
-----------------------------------------------------------

*** LKQ ****
MINTON'S 305-688-6661-----------JD INTERNATIONAL1800-683-0379----------------
AFFODDABLE TRUCK/AUTO 1800-771-2640--- VENEZUELA305-681-8168-----
OTHER:------------------------------------------------------------------
----------------


THIS ESTIMATE HAS BEEN PREPARED BASED ON THE USE OF CRASH PARTS SUPPLIED BY A
SOURCE OTHER THAN THE MANUFACTURER OF YOUR MOTOR VEHICLE. THE AFTERMARKET CRASH
PARTS USED IN THE PREPARATION OF THIS ESTIMATE ARE WARRANTED BY THE
MANUFACTURER OR DISTRIBUTOR OF SUCH PARTS RATHER THAN THE MANUFACTURER OF YOUR
VEHICLE.

4

AUG.-19 99(THU) 11:07    TOH BODY ●P    . TEL:305-985-1● .    P..005

08/19/1999 at 10:35 AM                              0124351190101012-01
45789
              _ SUPPLEMENT OF RECORD 1 WITH SUMMARY
              92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

-----------------------------------------------------------------------
     NO.    OP.         DESCRIPTION          QTY EXT. PRICE LABOR   PAINT
-----------------------------------------------------------------------
              ------- CHANGED ITEMS -------
A.M.P. reinforcement
→     10**   Repl  Qual Repl Parts LT Combo lamp  1  -74.25   -0.4
     11**S01 Repl  Qual Repl Parts LT Combo lamp  1   74.25   Incl.
              ------- DELETED ITEMS -------
N    16*    Rpr   Panel below lid                          -4.0   -1.5
     17           Overlap Major Adj. Panel                         0.4
     18           Add for Clear Coat                              -0.2
     20     Repl  Reinforcement              1  -30.48   -0.8   -0.4
N    21*    Rpr   Rear floor pan                           -5.0   -1.8
              ------- ADDED ITEMS -------
      3     S01   Deduct for Rear Bumper R&I         s  -0.6
N    17     S01 Repl Panel below lid          1   243.93   Incl.   1.5
     18     S01      Overlap Major Adj. Panel                     -0.4
     19     S01      Add for Clear Coat                            0.2
N    22     S01 Repl Rear floor pan           1  1017.08   16.0   1.8
N    23     S01 Repl LT Sidemember assy       1   300.18  s  6.5
N    31     S01 Repl LT Quarter panel         1   435.90  s 16.0   3.0
     32     S01      Overlap Major Adj. Panel                     -0.4
     33     S01      Add for Clear Coat                            0.5
     34     S01      Deduct for Overlap                      -1.4
-----------------------------------------------------------------------
              Subtotals ==>      1966.61     26.3    2.7

Line 17 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 22 : REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 23 : CONCCED REPLACED V/S REPAIR(ADD.DAMAGE FOUND)
Line 31 : MISSING FROM ORIGINAL ESTIMATE

6

AUG -19 99(THU) 11:08    TOH BODY SHOP                . TEL:305-985-    5                P. 006

08/19/1999 at 10:35 AM                              0124351190101012-01
45789

                   SUPPLEMENT OF RECORD 1 WITH SUMMARY
            92 HOND ACCORD LX 4-2.2L-FI 4D SED GREEN Int:

--------------------------------------------------------------------

Estimate Notes:
CO.CODE; 01
PAY CODE; 2
POLICY NO; 17620020
DM: 59
DI; 11
CHECK NO; 056245378
OD; MUFFLER,R/DOORS,R/FENDER,R/FT.HUB-CAP MISSING.

                        Parts                                    1966.61
                        Body Labor      26.3 hrs @ $ 30.00/hr    789.00
                        Paint Labor      2.7 hrs @ $ 30.00/hr     81.00
                        Paint Supplies   2.7 hrs @ $ 15.00/hr     40.50
                        ------------------------------------------------
                        SUBTOTAL                          $ 2877.11
                        Sales Tax       $ 2877.11 @  6.0000%  172.63
                        ------------------------------------------------
                        TOTAL SUPPLEMENT AMOUNT              $ 3049.74

                        NET COST OF SUPPLEMENT               $ 3049.74

Estimate      2134.33 JORGE REBOLLEDO
Supplement S1 3049.74 JORGE REBOLLEDO
              --------                    TOTAL ADJUSTMENTS $  250.00
Workfile Total $ 5184.07                  NET COST OF REPAIRS $ 4934.07

                                   7



## GOVERNMENT EMPLOYEES INSURANCE COMPANY

POLICY NUMBER. 176-20-02                    DATE ISSUED: 07-20-99                    PAGE 2

| VEHICLE | CLASS | RATED STATE |
|---|---|---|
| 1 90 HONDA    1HGCB7653N4082451 | A-L - F -L | F-L |
| 2 | | |
| 3 | | |

| COVERAGES<br>Coverage applies where a premium or 0.00 is shown for the vehicle | LIMITS OR DEDUCTIBLES | PREMIUMS | | |
|---|---|---|---|---|
| | | VEH 1 | VEH 2 | VEH 3 |
| BODILY INJURY LIABILITY<br>EACH PERSON/EACH OCCURRENCE | $10,000/$20,000 | 71.60 | | |
| PROPERTY DAMAGE LIABILITY | $25,000/NON DED. | 77.00 | | |
| PERSONAL INJ PROT - INS&REL | OPTION A | 84.40 | | |
| UNINSURED MOTORIST-STACKED<br>EACH PERSON/EACH ACCIDENT | $10,000/$20,000 | 36.50 | | |
| COMPREHENSIVE | $250 DED. | 43.20 | | |
| COLLISION | $250 DED. | 104.20 | | |
| EMERGENCY ROAD SERVICE | | 6.00 | | |
| RENTAL REIMBURSEMENT | $600 | 8.80 | | |

| SIX MONTH PREMIUM PER VEHICLE | $   431.70 |
|---|---|

YOUR PREMIUMS ARE BASED ON THE FOLLOWING DISCOUNTS AND/OR SURCHARGES:

DISCOUNTS:        5 YEAR GOOD DRIVING (VEH 1); SEAT BELT (VEH 1);
                  PASSIVE RESTRAINT/AIR BAG (VEH 1)

LIENHOLDER VEHICLE 1            LIENHOLDER VEHICLE 2            LIENHOLDER VEHICLE 3
NILES ACCP CORP

INSURED COPY

U-31-DP                                                                    (20)

ATTACHMENT / EXHIBIT __Z__

CLERK: Please Date Stamp
and Return

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly situated,

      Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

      Defendant.

_____/

### ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant Government Employees Insurance Company ("GEICO") answers the First Amended Complaint in the above-captioned case as follows:

1.    GEICO is without knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 1 of the First Amended Complaint.  Denies the remaining allegations, except admits that GEICO issued an automobile insurance policy to Plaintiff, Kimberly Jones Hubbard.

2.    Denies the allegations of Paragraph 2 of the First Amended Complaint, except admits that GEICO writes insurance in 48 states and the District of Columbia, and that it is a Maryland corporation with its principal place of business in the State of Maryland.

3.    Denies the allegations of Paragraph 3 of the First Amended Complaint, except admits that this Court has subject matter jurisdiction and that Plaintiff's First Amended Complaint demands in excess of $75,000.



Burd
Lozano &

4.    The allegation of Paragraph 4 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is required, GEICO does not object to venue in this Court.

5.    Denies the allegations of Paragraph 5 of the First Amended Complaint, except admits, on information and belief, that Plaintiff's vehicle was damaged in a collision on or about August 4, 1999, and that GEICO has such obligations as provided for under its insurance contract. GEICO directs Plaintiff and the Court to that contract for its full and complete content, and denies any allegations inconsistent therewith.

6.    Denies the allegations of Paragraph 6 of the First Amended Complaint.

7.    Denies the allegations of Paragraph 7 of the First Amended Complaint, except admits that GEICO issued an automobile insurance policy to Ms. Jones Hubbard, and is without knowledge or information sufficient to form a belief as to whether GEICO advertised or solicited an insurance policy "to Plaintiff," and as to whether or not Plaintiff currently has in her possession of a copy of her insurance policy.

8.    Denies the allegations of Paragraph 8 of the First Amended Complaint, except admits that Ms. Jones Hubbard purports to bring this case as a putative class action.

9.    Admits that, upon information and belief, Ms. Jones Hubbard's vehicle was damaged in a collision, but GEICO is without knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 9 of the First Amended Complaint. Admits, upon information and belief, that Ms. Jones Hubbard's vehicle was presented to an adjuster employed by GEICO who inspected the vehicle and wrote one or more repair estimates. Admits that


Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

Plaintiff attaches a copy of certain of these estimates as Exhibit 1 to the First Amended Complaint.

Denies the remaining allegations of Paragraph 9 of the First Amended Complaint.

10.   Denies the allegations of Paragraph 10 of the First Amended Complaint.

11.   Denies the allegations of Paragraph 11 of the First Amended Complaint.

12.   Denies the allegations of Paragraph 12 of the First Amended Complaint.

13.   Denies the allegations of Paragraph 13 of the First Amended Complaint.

14.   Denies the allegations of Paragraph 14 of the First Amended Complaint.

15.   Denies the allegations of Paragraph 15 of the First Amended Complaint.

16.   Denies the allegations of Paragraph 16 of the First Amended Complaint, except admits that GEICO was aware of such obligations as exist under the policy contract and applicable law.

17.   Denies the allegations of Paragraph 17 of the First Amended Complaint.

18.   Denies the allegations of Paragraph 18 of the First Amended Complaint.

19.   Denies that Plaintiff is entitled to certification of the class described in Paragraph 19 of the First Amended Complaint.

20.   Denies the allegations of Paragraph 20 of the First Amended Complaint, except admits that the putative class numbers in the thousands.

21.   Denies the allegations of Paragraph 21 of the First Amended Complaint.

22.   Denies the allegations of Paragraph 22 of the First Amended Complaint.

23.   Denies the allegations of Paragraph 23 of the First Amended Complaint.

24.   Denies the allegations of Paragraph 24 of the First Amended Complaint.

3



Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

25.    Denies the allegations of Paragraph 25 of the First Amended Complaint.

26.    GEICO repeats and incorporates the responses contained in Paragraphs 1 through 25 above, as if fully set forth herein.

27.    The first sentence of Paragraph 27 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies the allegations of Paragraph 27 of the First Amended Complaint, except admits that Ms. Jones Hubbard's automobile insurance policy is a contract between her and GEICO.

28.    Denies the first sentence of Paragraph 28 of the First Amended Complaint. The second sentence of Paragraph 28 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies any breach of contract by GEICO.

29.    Denies the allegations of Paragraph 29 of the First Amended Complaint.

30.    GEICO repeats and incorporates the responses contained in Paragraphs 1 through 29 above, as if fully set forth herein.

31.    Denies the allegations of Paragraph 31 of the First Amended Complaint.

32.    Denies the allegations of Paragraph 32 of the First Amended Complaint.

33.    Paragraph 33 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denies the allegations of Paragraph 33 of the First Amended Complaint.

34.    Denies the allegations of Paragraph 34 of the First Amended Complaint.

35.    Denies the allegations of Paragraph 35 of the First Amended Complaint.

4


Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

36.    Denies the allegations of Paragraph 36 of the First Amended Complaint, except admits that GEICO maintains that it may, consistent with its contractual and legal obligations, specify aftermarket parts in certain repair estimates.

37.    Paragraph 37 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, denies the allegations of Paragraph 37 of the First Amended Complaint.

38.    The first sentence of Paragraph 38 of the First Amended Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, denies the allegations in the first sentence of Paragraph 38 of the First Amended Complaint.  Denies the remaining allegations of Paragraph 38 of the First Amended Complaint.

39.    Denies the allegations of Paragraph 39 of the First Amended Complaint.

40.    Denies that Plaintiff and/or the alleged class are entitled to any of the relief set forth in subparagraphs 1 through 8 under the heading "RELIEF REQUESTED" on Pages 10-11 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each count of the First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose, and/or by the doctrine of laches.

5


Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

### THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, because some or all plaintiffs have acquiesced in, and ratified, GEICO's alleged practice as to aftermarket parts by renewing their insurance contracts with GEICO.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, to the extent plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### EIGHTH AFFIRMATIVE DEFENSE

For each claim in the First Amended Complaint, Plaintiff has failed to allege facts sufficient to support a claim for compensatory damages, punitive damages, declaratory relief, injunctive relief, equitable relief, attorneys' fees, and/or any other damages or remedies.

### NINTH AFFIRMATIVE DEFENSE

The claims for punitive damages are barred because applicable law, including the constitutional safeguards provided under the Constitution of the United States and the constitutions of the states where plaintiffs reside, does not permit the award of punitive damages for the claims


Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

alleged in the First Amended Complaint. Alternatively, the First Amended Complaint fails to state facts sufficient to justify the imposition of punitive damages under applicable law.

TENTH AFFIRMATIVE DEFENSE

GEICO denies that it has engaged in, or has been guilty of, any conduct that would entitle plaintiffs to recover punitive damages.

ELEVENTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint cannot be sustained because GEICO has paid plaintiffs the full amount due under plaintiffs' insurance policies.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any alleged damages by, among other things, failing to invoke GEICO's guarantee with respect to quality replacement parts.

THIRTEENTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint are barred, in whole or in part, because plaintiffs failed to exhaust available administrative remedies.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because there is no injury, or no injury caused by GEICO.

FIFTEENTH AFFIRMATIVE DEFENSE

Injury, if any, suffered by some or all of the plaintiffs as a result of replacement parts installed on their vehicles did not result from and was not proximately caused by any breach of contract or any other wrongful conduct on the part of GEICO, but rather, on information and belief, resulted from and was proximately caused by the conduct of others.

7



Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

SIXTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action because (a) the named plaintiff will not fairly and adequately protect the interests of the putative class; (b) the named plaintiff's counsel advances interests herein of entities and groups other than the putative class; (c) there are no common issues of law and fact; (d) common issues of law and fact, if any, do not predominate over individual issues; (e) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy; and (f) other requirements of maintaining this action as a class action have not been met.

SEVENTEENTH AFFIRMATIVE DEFENSE

The adjudication of plaintiffs' claims as a class action violates GEICO's rights to due process under the Constitution of the United States and the constitutions of the states.

EIGHTEENTH AFFIRMATIVE DEFENSE

The adjudication of plaintiffs' claims as a nationwide class action violates the Due Process, Full Faith and Credit, and Commerce Clauses of the United States Constitution.

NINETEENTH AFFIRMATIVE DEFENSE

The adjudication of plaintiffs' claims as a nationwide class action violates the McCarran-Ferguson Act.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack legal standing to assert the claims in the First Amended Complaint.

TWENTY-FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the pendency of prior-filed actions.

8


Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

TWENTY-SECOND AFFIRMATIVE DEFENSE

GEICO herein incorporates all of the provisions, exclusions, limitations and conditions within the policies of insurance under which plaintiffs purport to sue. Applying these provisions, exclusions, limitations and conditions, any recovery is barred, in whole or in part, or should be reduced accordingly.

TWENTY-THIRD AFFIRMATIVE DEFENSE

All statutes, and all insurance regulations, related to the subject matter of this action have been complied with.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims of plaintiffs are barred, in whole or in part, because they lease, or otherwise do not own, their vehicles.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims of plaintiffs are barred, in whole or in part, because no aftermarket, or non-OEM, replacement parts were installed on their vehicles.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims of plaintiffs are barred, in whole or in part, because they consented to, or directed, the use of aftermarket, or non-OEM, replacement parts in their repairs.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because, among other reasons:

(a)    Any threatened injury is remote, speculative and hypothetical;

(b)    Plaintiffs have an adequate remedy at law;

9

Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

(c)    Plaintiffs can avoid any future harm by changing insurance companies;

(d)    Injunctive relief would require the Court's continuous supervision into the indefinite future; and

(e)    Injunctive relief would interfere with the states' regulation of insurance.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The construction of GEICO's insurance policy sought under the First Amended Complaint is contrary to public policy in that it (a) would encourage the monopolization of a replacement part industry by original equipment manufacturers of replacement parts; (b) would destroy competition in the replacement part industry and would enable original equipment manufacturers of replacement parts to set excessively high prices for those parts; and (c) therefore would injure consumers and GEICO insureds by raising costs to anti-competitive levels.

### TWENTY NINTH AFFIRMATIVE DEFENSE

If GEICO is liable to the Plaintiffs, which liability GEICO expressly denies, such liability must be reduced by any collateral sources.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief because Plaintiffs were not injured but bettered through payment and/or repair of their vehicles.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief because any recovery would constitute an unjust enrichment to Plaintiffs.



Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief because they have not satisfied all conditions precedent to bringing this lawsuit.

**WHEREFORE**, GEICO prays for judgment in its favor together with costs, and for any other relief this Court deems proper and just.

Respectfully submitted,

By: _____ 078964 for
    Frank A. Zacherl
    Florida Bar. No. 868094
    BURD LOZANO & ZACHERL, LLP
    601 Brickell Key Drive, Suite 500
    P.O. Box 01-9110
    Miami, Florida 33131
    Telephone: (305) 374-3100
    Fax: (305) 374-3161

Of Counsel:

    David P. Gersch
    M. Sean Laane
    Elissa J. Preheim
    ARNOLD & PORTER
    555 12th Street, N.W.
    Washington, D.C. 20004-1202
    (202) 942-5125
    *Counsel for Defendant Government Employees Insurance Company*

Dated: April 12, 2000

11



Burd
Lozano &

CASE NO: 00-6035-CIV-MOORE

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Answer to First

Amended Complaint was mailed this 12th day of April, 2000 to the following counsel of record:

**SEAN C. DOMNICK, ESQ.**
Counsel for Plaintiff
Searcy Denney Scarola Banhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402-3626

**JEFFREY ORSECK, ESQ.**
Co-Counsel for Plaintiff
Jeffrey Orseck, P.A.
1111 E. Broward Blvd.
Orseck Plaza
Fort Lauderdale, FL 33301

**SCOTT D. SHEFTALL, ESQ.**
Co-Counsel for Plaintiff
Sheftall & Torres, P.A.
100 S.E. Second Street, Suite 4600
Miami, FL 33131

**ELISSA PREHEIM**
Counsel for Defendant
Arnold & Porter
555 Twelfth St., N.W.
Washington, DC 20004-1206

Frank A. Zacherl    078964 for

G:\oem parts\hubbard\Lit\answer.1

12


Burd
Lozano &
Zacherl LLP