UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

KIMBERLY JONES HUBBARD,
on behalf of herself and all others
similarly situated,

      Plaintiff,

vs.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant, Government Employees Insurance Company (hereinafter "GEICO"), by and through undersigned counsel, hereby moves this Court for entry of a protective order regarding the use of confidential information, and in support thereof states as follows:

1.      Litigation in the instant case will involve the discovery and disclosure of confidential information.

2.      GEICO has conferred with counsel for Plaintiff, and the parties are in agreement to the entry of a Protective Order in the form of the proposed order attached hereto as Exhibit A.

WHEREFORE, GEICO respectively requests entry of the Agreed Protective Order in the form of the proposed order attached hereto as Exhibit A.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 14th day of September, 2000, to: **SEAN C. DOMNICK, ESQ.,**Counsel for Plaintiff, Searcy Denney



Burd
Lozano &
Zacherl, L.L.P.   601 BRICKELL KEY DRIVE  SUITE 500  P.O. BOX 019110  MIAMI, FLORIDA 33131  •  TELEPHONE  305 374 3100  FAX  305 3 74 44

CASE NO. 00-6035-CIV-MOORE

Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm

Beach, Florida 33402-3626; **JEFFREY ORSECK, ESQ.**, Co-counsel for Plaintiff, Jeffrey Orseck,

P.A., 111 E. Broward Blvd., Orseck Plaza, Ft. Lauderdale, Florida 33301; **SCOTT D. SHEFTALL,**

**ESQ.,** BRIAN M. TORRES, ESQ., MARC A. WITES, ESQ., Co-counsel for Plaintiff, Sheftall &

Torres, P.A., 100 S.E. Second Street, Suite 4600, Miami, Florida 33131; and **ELISSA PREHEIM,**

Of-Counsel for Defendant, Arnold & Porter, 555 Twelfth St., N.W., Washington, DC 20004-1206.

Respectfully submitted,

Frank A. Zacherl
Florida Bar No. 868094

BURD, LOZANO & ZACHERL, LLP
Counsel for Government Employees Ins. Co.
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Tel:    305-374-3100
Fax:    305-374-3161

G:\ocm parts\hubbard\Lit\m-agreed protective ord.wpd

Burd
Lozano &
Zacherl, L.L.P.    601 BRICKELL KEY DRIVE, SUITE 500, P.O. BOX 01-9110, MIAMI, FLORIDA 33131 • TELEPHONE 305-374-3100, FAX 305-374-3161



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly
situated,

        Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

        Defendant.

_____

## AGREED PROTECTIVE ORDER

THIS CAUSE having come before the Court on the ___ day of _____,

2000, upon agreement of the parties for a Protective Order which both Plaintiff, Kimberly

Jones Hubbard, and Defendant, Government Employees Insurance Company, agree

should be entered to govern all materials produced or to be produced in this case by

Defendant to Plaintiff and by Plaintiff to Defendant after the date of its entry, and the

Court being of the opinion that this order should be entered:

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. If a party is called upon to produce or to disclose documents or information in

this litigation that it believes contain or constitute Confidential Material, such party shall

designate such documents and information as "CONFIDENTIAL." Each document

designated as "CONFIDENTIAL" shall be clearly marked as such by the party producing

the document. It shall only be necessary to mark the first page of a document as "CONFIDENTIAL" in order to confer confidential status upon the entire document. A party may designate information disclosed in a deposition as "CONFIDENTIAL" by indicating on the record at such deposition, or subsequently in writing, that the information is confidential. Such designated documents and information shall be protected as Confidential Material under the terms of this Order unless and until a determination is made pursuant to paragraph 5 that the designation of confidentiality is improper.

2. All Confidential Material shall be used by counsel solely for the preparation and trial of this action. No Confidential Material, nor any copy thereof, nor any information obtained therefrom shall be disclosed, revealed, or made available for inspection or copying to any third parties, except as provided herein or as required to be disclosed by law or upon order of court. Nothing in this Order shall preclude counsel from disclosing any information to experts or professionals retained by counsel in connection with this case, or to employees of Plaintiff's or Defendant's respective law firms, provided that such experts, professionals, or employees shall themselves be bound by the terms of this Order and counsel shall make them aware of their responsibilities hereunder.

3. Confidential Material may be used by any party at depositions, but only if the portion of the deposition transcript that discusses such Confidential Material is itself treated as confidential.

4. All Confidential Material to be filed with the Court or introduced as evidence at trial, in the form of exhibits, appendices, attachments, pleadings, or memoranda shall be provided to the Court under seal.

5. If a party who has received discovery designated as Confidential Material claims that any such document or information should not be treated as confidential nor be subject to the terms of this Order, such party shall give notice to the party producing such document or information of the objection and shall communicate directly with opposing counsel, and the parties shall attempt in good faith to resolve any disputes over the designation.    Should the parties be unable to agree upon any designation of confidentiality, the matter may be submitted to the Court by motion of the party asserting that the certification of confidentiality was improper and that the documents or information in question are not entitled to protection under this Order.    The documents and information in question shall be deemed to be covered as Confidential Material under this Order and disclosure shall be prohibited to the extent provided herein unless and until the Court rules otherwise.    The burden of demonstrating, upon a challenge by the opposing party, that documents and information have been properly designated as Confidential Material rests with the party that designated the documents and information as Confidential Material.

6. Upon final termination of this action (including any appeals), counsel for all parties shall immediately return to the producing parties all Confidential Material produced during the course of this action that are subject to the terms of this Order, including all copies thereof.    Information acquired from Confidential Material shall not

CASE: 00-6035-CIV-MOORE

be disclosed to any person or entity for any reason after the final termination of this action.

7. All documents and information produced by either party during the course of this action, whether or not designated as Confidential Material, shall be used solely for the preparation and trial of this action.

8. The terms of this Order shall apply to all putative class members if and when a class is certified.

DONE AND ORDERED in Chambers at Miami, Florida this _____ day of September, 2000.

_____
The Honorable Magistrate Judge O'Sullivan

- 4 -

## EXHIBIT "A"

WRITTEN ASSURANCE

STATE OF _____ )
                     )  SS:
COUNTY OF _____ )

I, _____, hereby attest to my

understanding that materials designated confidential are provided to me pursuant to the

terms and conditions and restrictions of the Protective Order of _____, 2000,

in *Hubbard* v. *Government Employees Insurance Company*, Case No. 00-6035-CIV-

MOORE, in the United States District Court for the Southern District of Florida, Miami

Division; that I have been given a copy of and have read the Protective Order and

understand its terms; and that I hereby agree to be bound by its terms. I further agree that

I shall not disclose to others, except in accordance with that Protective Order, such

materials including notes or other memorandum or writings regarding information

contained in them, and that such materials shall be used only for the purposes of the legal

proceeding in which they are produced. I further agree and attest to my understanding

that my obligation to honor the confidentiality of such materials will continue even after

the termination of that legal proceeding. I further agree and attest to my understanding

that, in the event that I fail to abide by the terms of the Protective Order, I may be subject

to sanctions, including sanctions by way of contempt of court, imposed by the Court for

such a failure. Further, I agree to subject myself to the jurisdiction of the United States

District Court for the Southern District of Florida, in and for any contempt proceedings or

other appropriate sanctions as the Court may deem proper for a violation of the Court's

Protective Order.

_____

        BEFORE ME, the undersigned authority, personally appeared,

_____, who is ( ) personally known or ( ) provided

_____as identification, and who ( ) did or ( ) did not take an oath, and

hereby certifies that the foregoing instrument is true and correct to the best of his/her

knowledge.

        SWORN AND SUBSCRIBED to before me this ___ day of _____,

2000.

_____
NOTARY PUBLIC
STATE OF _____

_____
(Print Name)

My Commission Expires: