UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NIGHT BOX
FILED
APR 0 2 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CASE NO. 00-6035-CIV-MOORE
MAGISTRATE JUDGE O'SULLIVAN

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly situated,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES INS. CO.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS OR FOR ENTRY OF SCHEDULING ORDER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Kimberly Jones Hubbard, On Behalf Of Herself And All Others Similarly Situated, hereby files this Response to Defendant, Government Employees Insurance Company's, Motion to Dismiss Class Allegations Or For Entry of Scheduling Order and Memorandum of Law, and states as follows:

1. The Plaintiff agrees wholeheartedly with the defendant that an appropriate Scheduling Order should be entered in this proposed Nationwide class action.[1]

2. In fact, the parties originally submitted a proposed Scheduling Order, which the Court chose not to enter. Rather, the Court entered its own Scheduling Order on August 1, 2000, which

---

[1] That is, if this Court retains jurisdiction. The Plaintiff will file her Renewed Motion to Remand this case to state court concurrent with or shortly after the filing of this memorandum. There is neither diversity jurisdiction nor a federal question yet presented in this case. If the Court grants Plaintiff's Renewed Motion to Remand, then defendant's pending Motion is moot.

1

stated that "Motions to add parties must be filed no later than 90 calendar days prior to the scheduled trial date," and that "<u>All</u> other pretrial motions must be filed no later than 60 calendar days prior to the scheduled trial date" (Emphasis added).

3. The plaintiff is in full compliance with this Order of the Court. Defendant's position that the plaintiff is in violation of the time requirements set forth by the Court are squarely contradicted by the plain language of the Court's Order stating that "All other pretrial motions must be filed no later than 60 calendar days prior to the scheduled date." In any event, failure to seek certification in a timely fashion is not automatically fatal to continuing class treatment. Courts are lenient in this area. *Gray v. Greyhound Lines*, 545 F.2d 169, 173 n.11 (D.C. Cir. 1976)

4. In fact, the parties have engaged in discovery on the issues presented in this case in anticipation of a future hearing on class certification. Just a week before the filing of defendant's Motion, the parties flew to Toronto, Ontario, Canada for a deposition. At no time prior to the filing of its intended motion did the defendant raise the issue that it believed that the "All other motions" language of the Court's Order somehow excluded the class certification motion, nor did the defendant contact the plaintiff in an effort to agree to a Scheduling Order prior to filing the pending Motion.

5. Prior to filing this Response, plaintiff's counsel took the initiative and called defendant's counsel to work out an agreed Scheduling Order. There has been no response. Plaintiff's counsel looks forward to hearing from the defendant to work out such an Order. The Scheduling Order submitted by defendant is overly ambiguous, but the plaintiff is confident she can work out a reasonable Scheduling Order when the defendant responds to the plaintiff's efforts to work out a Scheduling Order.

6. The remainder of defendant's Motion is actually a thinly veiled effort to prejudice this

2

Court prior to the class certification hearing and Motion. In fact, an identical case to this instant case has not only been certified, but tried to both a judge and jury. *See Avery, et al. v. State Farm Mut. Ins. Co.*, Case No. 97-L-114 (Cir. Ct., 1st Jud. Cir., Williamson County, Ill.). In that case, both the judge and the jury found that *all* aftermarket crash parts were inferior to the original equipment parts and that the defendant *knew* the parts were inferior. A judgment of $1.1 billion, including punitive damages, was the result.

7.  GEICO is fully aware of the issues in this case. Ongoing discovery is in full bloom. GEICO's bare bones allegations of prejudice are unsubstantiated. In fact, the plaintiff is in full compliance with this Court's Scheduling Order.

WHEREFORE, the plaintiff respectfully requests that this Court deny GEICO's Motion to Dismiss Class Allegations and enter a mutually agreeable Scheduling Order.

Respectfully submitted,

_____
Sean C. Domnick, Esq., Florida Bar No. 843679
Jack Scarola, Esq., Florida Bar No. 169440
Searcy Denney Scarola Barnhart
 & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300 (Tel.)
(561) 478-0754 (Fax)

Jeffrey Orseck, Esq.
Jeffrey Orseck, P.A.
Orseck Plaza
1111 East Broward Boulevard
Ft. Lauderdale, FL 33301
(954) 763-3000 (Tel.)

(954) 527-4228 (Fax)

-and-

Scott D. Sheftall, Esq.
Brian M. Torres, Esq.
Sheftall & Torres, P.A.
100 S.E. Second Street, Suite 4600
Miami, FL 33131
(305) 358-5959 (Tel.)
(305) 358-5958 (Fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. mail to counsel on the attached list this 2nd day of April, 2001.

_____
SEAN C. DOMNICK, ESQ.

*Jones-Hubbard v. GEICO*
**Counsel List**

Frank A. Zacherl, Esq.
Burd Lozano & Zacherl, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Tel: (305) 374-3100
Fax: (305) 374-3161

David P. Gersch, Esq.
Bruce M. Chadwick, Esq.
Daniel A. Cantor, Esq.
Elissa J. Preheim, Esq.
Arnold & Porter
555 12th Street, NW
Washington, DC 20004-1202

*Counsel for Defendant*