UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _____ D.C.

01 APR -3 PM 4: 26

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

CASE NO. 00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly situated,

    Plaintiff,

vs.

GOVERNMENT EMPLOYEES INS. CO.,

    Defendant.
_____/

### PLAINTIFF'S RENEWED MOTION TO REMAND

Pursuant to 28 U.S.C. §1447(c), Plaintiff moves this Court to remand the above-captioned action on the basis of lack of subject matter jurisdiction to the Seventeenth Judicial Circuit in and for Broward County, Florida and states as follows:

1. Plaintiff filed this putative class action on September 9, 1999 in the Seventeenth Judicial Circuit in and for Broward County, Florida. Plaintiff's Complaint alleged claims for the recovery of damages and other relief stemming from the Defendant's common and illegal practice of refusing to repair the automobiles of its insureds with crash parts that are of "like kind and quality" to the automobiles' factory authorized, original equipment manufacturer's crash parts ("OEM Parts").

2. On January 7, 2000, Defendant filed a Notice of Removal seeking to remove the cause to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1446.

3. Plaintiff did not immediately move to remand in response to Defendant's Notice of Removal because Plaintiff believed that a claim for punitive damages would satisfy the amount-in-

1
**SHEFTALL & TORRES, P.A.**

CASE NO. 00-6035-CIV-MOORE

controversy requirement under *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996),[1] and based on the decision in *Avery v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1022134 (Ill. Cir. Ct. 1999), a similar class action case in which a $600 million dollar punitive damages judgment was entered against State Farm. Additionally, Plaintiff acknowledged Defendant's argument upon removal that Plaintiff's request for statutory attorney's fees seemed to provide an independent basis to satisfy the amount-in-controversy requirement under existing law at the time of Defendant's removal.

4. Later however, Plaintiff filed a Motion to Remand on March 10, 2000, based on the Eleventh Circuit's recent opinions in *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ("*Cohen II*")[2], and *Darden v. Ford Consumer Fin. Co.*, 200 F.3d.753 (11th Cir. 2000), which eliminated both the punitive damages and statutory attorneys' fees bases for this action's satisfaction of the amount-in-controversy requirement.

5. But Plaintiff withdrew the Motion to Remand on June 9, 2000, in light of the Defendant's argument that the aggregate value of the injunctive relief sought may have exceeded the amount-in-controversy requirement of $75,000, thereby providing a basis for jurisdiction. *See* Defendants Consolidated Opposition to Plaintiffs' Motions to Remand dated March 31, 2000.

6. Plaintiff now renews its motion, relying on the Eleventh Circuit's recent opinion in

---

[1] Plaintiff does not contend that *her* claim for compensatory damages exceeds $75,000.

[2] *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999) ("*Cohen I*") held that Fla. Stat. § 768.72 was inapplicable to federal court proceedings because it was preempted by Fed. R. Civ. Pro. 8(a)(2). However, on rehearing, the court held that prior binding precedent prohibited the aggregation of class claims for punitive damages. *See Cohen II.*

2
**SHEFTALL & TORRES, P.A.**

CASE NO. 00-6035-CIV-MOORE

*Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In *Morrison*, which raised similar legal claims to those brought here, the Court held that neither compensatory damages, punitive damages, attorney's fees, nor injunctive relief could be aggregated for purposes of determining whether the amount-in-controversy requirement could be met. *Id.* at 1275. However, *Morrison* did not preclude diversity jurisdiction in all instances. For example, if an individual class member whose claim for compensatory damages, combined with a *pro rata* share of attorney's fees and punitive damages were to exceed $75,000, then diversity jurisdiction would exist over that individual's claim against his respective insurer. Even then, the Eleventh Circuit left open the question of whether the supplemental jurisdiction statute would ultimately confer jurisdiction over the claims of individual class members whose claims do not exceed $75,000, and remanded the case for further findings since the jurisdictional issue was raised for the first time on appeal. *Id.* 1275. Nevertheless, the court expressed great skepticism that any plaintiff could make such a showing.

7. Because no such showing can be made here that an individual Plaintiff meets the jurisdictional minimum, and the class claims cannot be aggregated, Plaintiff moves for an order remanding this case, just as this Court remanded several other similar cases. *See Aharonoff v. GEICO*, Case No. 99-7425-CIV-MOORE; *Keerkel v. American Home Assurance Co.*, Case No. 99-7409-CIV-MOORE.

8. Further, in *Aharonoff*, Defendant GEICO recognized that remand was appropriate in light of the decision in *Morrison*. Thus, this Court entered an Order of Remand on December 12, 2000. *See* GEICO Casualty's Response to October 27, 2000 Order Regarding Subject Matter Jurisdiction; and Order of Remand attached hereto as Composite Exhibit "A."

3
**SHEFTALL & TORRES, P.A.**

CASE NO. 00-6035-CIV-MOORE

9. The Plaintiff has not brought any claims, and this case raises no issues, that pose a federal question for purposes of 28 U.S.C. §1331. This case is, therefore, distinguishable from *Aharonoff v. Colonial Penn,* Case No. 99-7434 CIV-MOORE and *Ascar v. Colonial Penn,* Case No. 99-7474 CIV-MOORE. In those cases, the plaintiff alleged federal R.I.C.O. claims pursuant to 18 U.S.C. §1962.

10. Plaintiff's counsel contacted Defendant's Counsel prior to the filing of this motion to discuss the issues raised herein. Defendant's counsel, M. Sean Laane, Esq., stated that Defendant reserves the right to object or to agree to the Plaintiff's motion after review of the motion and memorandum of law.

WHEREFORE, Plaintiff respectfully requests this Court to remand this cause to the Seventeenth Judicial Circuit, as this action does not satisfy the amount-in-controversy requirement of 28 U.S.C. §1332.

## MEMORANDUM OF LAW

### I. REMAND IS REQUIRED WHERE NEITHER THE PLAINTIFF NOR THE CLASS MEMBERS CAN SATISFY THE AMOUNT-IN-CONTROVERSY REQUIREMENT

The jurisdiction of the courts is set forth in Article III of the Constitution, and Congress is vested with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. *Morrison,* 228 F.3d at 1261, *citing Palmore v. United States,* 411 U.S. 389, 400-401, 93 S.Ct. 1670, 1678, 36 L.Ed.2d 342 (1973). The lower federal courts are only empowered to hear those cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's

CASE NO. 00-6035-CIV-MOORE

remaining act is to dismiss the case for lack of jurisdiction. *Id.* It is therefore the responsibility of the federal courts to keep their jurisdictional boundaries, and to assure that a case premised upon diversity of citizenship meets those jurisdictional boundaries. *Id.* Further, federal jurisdiction cannot be created by consent of the parties. *Morrison*, 228 F.3d at 1261; *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

The statute governing diversity jurisdiction requires not only diversity of citizenship among the parties, but also that the matter in controversy exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Generally, if no Plaintiff can satisfy the jurisdictional amount, then there is no diversity jurisdiction, except in the limited circumstance in which multiple plaintiffs have a unified, indivisible interest in a common fund which would permit them to aggregate[3] their claims to meet the jurisdictional requirement. *See Morrison*, 228 F.3d at 1262 (*quoting Zahn v. Int'l Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973)).

The *Morrison*[4] court addressed the issue of aggregation of claims for compensatory damages, punitive damages, attorney's fees and injunctive relief, holding that it did not find any basis for

---

[3] The word "aggregate" "is commonly used by courts when addressing the issue of whether the total amount of a class claim should be attributed to each member of the class." *See Kirkland v. Midland Mortgage Co.*, 2001 WL 224776 (11th Cir. 2001)

[4] In *Morrison*, the plaintiffs filed a class action suit seeking recovery for the diminished value of their damaged vehicles after repair. As in the instant case, the policies under which plaintiff sought recovery limited the defendants' liability to "what it would cost to repair or replace the property or part with other of like kind and quality." *Id.* at 1259. The dispute in *Morrison* centered on whether the policy language required the defendants to compensate the plaintiffs for the diminished value of their vehicles after repair. *Id.* The plaintiffs' complaint alleged claims for breach of contract, unjust enrichment, and injunctive relief, and was later amended to invoke the jurisdiction of the district court pursuant to 28 U.S.C. § 1332. *Id.* at 1260.

CASE NO. 00-6035-CIV-MOORE

jurisdiction based on the cumulative aggregation of those claims because the plaintiffs did not share an unified or indivisible interest in some common fund. Because the court raised *sua sponte* the jurisdictional issue on appeal, the court remanded for findings on whether any plaintiff's claims could exceed the jurisdictional minimum, leaving open the question whether the supplemental jurisdiction statute would provide jurisdiction over other class members whose claims could not.

A.      **Compensatory Damages**

Although the named Plaintiff has alleged that the amount-in-controversy exceeds $75,000, no plaintiff herein may aggregate his or her damages in this case for the reasons set forth in *Morrison*, and no plaintiff individually can meet the amount-in-controversy requirement. *See Morrison*, 228 F.3d at 1263. In *Morrison*, the court held that generally, class members may not aggregate their individual claims for compensatory damages to establish the amount-in-controversy requirement. *Morrison*, 228 F.3d at 1263 (citing *Synder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).[5] Specifically, the court held that class claims that are "separate and distinct"[6] cannot be aggregated when multiple plaintiffs assert rights arising from individual insurance policies, as did the plaintiffs in *Morrison*. *Morrison*, 228 F.3d at 1264. The *Morrison* court went one step further to

---

[5] In *Synder*, although the named plaintiff's damages claim was less than $10,000 (the amount then required for diversity jurisdiction), the claims of the entire class approached $1.2 million. However, because the class members' damages were "separate and distinct," the court held that the claims could not be aggregated and affirmed dismissal for lack of jurisdiction. *Id.* at 335-39, 89 S.Ct. at 1055.

[6] A claim is considered "separate and distinct" if there does not exist a common fund from which the plaintiffs seek relief *and* the plaintiffs do not have a joint interest in that fund. In other words, the obligation to the plaintiff must be a joint one. *Morrison*, 228 F.3d at 1263 *(citing Eagle Star Ins. Co. v. Maltes*, 313 F.3d 778 (5th DCA 1963).

CASE NO. 00-6035-CIV-MOORE

explain that even if the plaintiffs framed their prayer for damages as equitable by alternatively characterizing it as one for unjust enrichment, such a claim would not convert separate and distinct claims for damages into a fund in which the class members would have a common and undivided interest. *Id.*

In the instant case, the class members' claims for damages arise from the Defendant's breach of individual insurance policies based on the Defendant's failure to repair each individual's damaged vehicle with parts of "like kind and quality," or OEM Parts. Based on the reasoning in *Morrison*, Plaintiff and the class members would therefore be precluded from aggregating their claims for compensatory damages, as each class member's interest would arise from the Defendant's obligation to him or her alone, and not from defendant's joint obligation to the class as a whole. Because Plaintiff seeks to recover the difference in costs of Non-OEM crash parts and corresponding OEM Parts, a typical class member's compensatory claim in most cases would amount to no more than several hundred dollars.

B.   **Attorney's Fees**

When a statute authorizes an award of attorneys's fees, generally a reasonable amount of those fees may be included in the amount in controversy. *Id.* at 1265 (*citing Cohen II*, 204 F.3d at 1079). The Plaintiff herein has pled a claim for attorney's fees pursuant to Fla. Stat. § 627.428. Applying the court's holding in *Cohen II* and *Darden*, however, the *Morrison* court reiterated that attorney's fees sought under Fla. Stat. § 627.428 cannot be aggregated in a class action for the purpose of satisfying the amount-in-controversy requirement. *Id.* (*citing Darden*, 200 F.3d at 757-59; *Cohen II*, 204 F.3d at 1080-81).

CASE NO. 00-6035-CIV-MOORE

In *Darden,* the plaintiffs brought claims against a defendant insurer for violations of the Georgia Insurance Code in connection with the defendant's financing of credit life insurance for fifteen-year loans without the necessary license. *Id.* at 755. Since the plaintiffs in *Darden* stipulated that each individual class member would neither request nor accept damages in excess of $75,000, exclusive of interest, costs and attorney's fees, and compensatory damages could not be aggregated under *Synder,* the only issue was whether the attorney's fee award could be aggregated to satisfy the amount-in-controversy requirement.

The court held that aggregation of attorney's fees would be inconsistent with *Synder's* general prohibition against aggregation of compensatory damages, since Georgia's RICO statute[7] under which the plaintiffs sought fees was intended to compensate the individual plaintiffs injured by the defendant. Additionally, even if the statute served a punitive purpose, it would be impermissible to aggregate the amount of attorney's fees, since each individual has a separate and distinct statutory right to recover those fees. Therefore, the *Darden* court held a statutory award of attorney's fees could not be aggregated when at least two of these factors were present: "(1) the class members have a 'separate and distinct' right to recover attorney[s] fees under the relevant statute; and (2) state law provides that the... fees serve to compensate the class members for their injuries." *Cohen II,* 204 F.3d at 1081-82.

---

[7] The *Morrison* court addressed the issue of whether Georgia's RICO statute (which is intended to compensate individual plaintiffs) could be differentiated from Fla. Stat. § 627.428 (which plaintiffs alleged served the purpose of punishing insurers) and held that Florida law was clear that the purpose of Fla. Stat. § 627.428 was to "discourage the contesting of valid claims *and to reimburse successful insureds."* Thus, the analysis applied in *Darden* regarding the nature of the attorney's fee statute was applicable in *Morrison* and is applicable in the case *sub judice.*

8
**SHEFTALL & TORRES, P.A.**

CASE NO. 00-6035-CIV-MOORE

In *Cohen II*, plaintiffs brought a class action against an office supply store for deceptive business practices and misleading advertising, both of which authorize an award of attorney's fees for the prevailing party. *Id.* at 1080. Upon concluding that an attorney's fee is not "a single title or right in which [the class members] have a common and undivided interest," and applying its reasoning to the factors set forth in *Darden*, the *Cohen II* court held that the attorney's fees could not be considered in the aggregate to establish the amount in controversy. *Id.* at 1082. Moreover, like the Georgia RICO statute in *Darden*, the attorney's fee statute under the Florida consumer protection laws at issue serves a compensatory purpose and the right to such fees could be asserted by each plaintiff individually. Therefore, the *Cohen II* court reached the same result as the *Darden* court, precluding the aggregation of attorney's fee under those circumstances.

Applying the reasoning of the *Darden* and *Cohen II* courts, the *Morrison* court held that the rights of class members to recover attorney's fees are separate and distinct whenever *each* class member is entitled to recover attorney's fees under the statute. *Morrison*, 228 F.3d at 1266; *Darden*, 200 F.3d at 758. The fact that class members pursue their claims under the procedural mechanism of a class action does not permit them to transform their separate and distinct claims into a single right to recover attorney's fees. *Morrison*, 228 F.3d at 1226; *Cohen II*, 204 F.3d at 1079-83; *Darden*, 200 F.3d at 757-59.

Under the reasoning of the *Cohen II, Darden* and *Morrison* courts, Plaintiffs herein cannot aggregate their potential recovery of attorney's fees under Fla. Stat. § 627.428, whether the statute is interpreted as being compensatory or punitive in nature. If it is compensatory in nature, then clearly the decision of the Supreme Court in *Synder* prohibits aggregation of attorney's fees to meet

CASE NO. 00-6035-CIV-MOORE

the requisite amount in controversy. If the attorney's fee statue is interpreted as serving a punitive purpose, the same result obtains since each Plaintiff could recover if he or she individually sued the Defendant. Class members' claims for attorney's fees are therefore "separate and distinct" and cannot be transformed into single right in which they share a common or undivided interest simply because the claim has been pursued as a class action. *Morrison*, 228 F. 3d at 1266. Further, even if the claims for attorney's fees were to be considered on a *pro rata* basis, not a single Plaintiff could meet the amount-in-controversy requirement as the portion attributed to each member would be minimal. *See id.* at 1268. For these reasons, Plaintiff cannot satisfy the amount-in-controversy requirement and requests that this Court remand this action accordingly.

**C.   Punitive Damages**

In Plaintiff's First Amended Class Action Complaint, Plaintiff has prayed for an award of punitive damages, but has not affirmatively pled such a claim. But even if Plaintiff had pled such a claim, it still would provide no basis for jurisdiction. Once again, following the rationale of the *Cohen II* and *Darden* courts, the *Morrison* court held that punitive damages may not be aggregated in a federal class action case, but must instead be divided equally among all of the class members to determine the proper amount in controversy for each member.[8] *Morrison*, 228 F.3d at 1265.

---

[8] In *Lindsey v. Alabama Tel. Co.*, 576 F.2d 593 (5th Cir. 1978), the court held that when a plaintiff fails to specify the size of the class, thereby preventing the court from determining the extent of the defendant's wrongful conduct, the class claim for punitive damages cannot be viewed in the "aggregate." The *Lindsey* opinion does not preclude aggregation altogether if the complaint alleges a total number of members small enough that the claims exceed the amount-in-controversy *per capita*, but where the divisor is so large, no claims will satisfy the amount-in-controversy requirement. The Plaintiff's First Amended Class Action Complaint herein does not allege the total number of class members since that number has not yet been discovered.

CASE NO. 00-6035-CIV-MOORE

Applying a *pro rata* amount of those damages for a large class or subclass would not meet the amount-in-controversy requirement. Even with a class of over one million class members, as alleged in *Morrison*, the court noted that an allegation of punitive damages in excess of $1 billion dollars ("which could hardly be asserted in good faith") would amount to less than $10,000 per class member.[9] *Id.* Therefore, if Plaintiff had pled a punitive damages claim, it would not have aided Plaintiff in meeting the amount-in-controversy requirement.

### D.      Injunctive Relief

Similarly, the *Morrison* court held that claims for injunctive relief may not be aggregated for the purpose of satisfying the amount-in-controversy requirement. *Morrison*, 228 F.3d at 1271. The *Morrison* court found that the value of injunctive relief is generally the "value of the object of the litigation" measured from the plaintiff's perspective, or what the Plaintiff seeks to gain. *Id.* at 1268. The *Morrison* plaintiffs sought an injunction requiring the defendants to pay for future diminished value claims. The court held that the value of injunctive relief with respect to each individual class member is too speculative to satisfy the amount-in-controversy requirement. *Id.* That is because the injunctive relief sought would not prevent the defendants from changing the language of their policies to exclude any obligation to pay diminished value, thus preventing any future payments once the current policies were no longer in effect. *Id.* at 1269. Similarly, it would be difficult reasonably to ascertain the value of injunctive relief for each individual class member, as it is impossible to know which class member will be involved in automobile accidents and assert claims for diminished value

---

[9] Actually, the *Morrison* court miscalculated: $1 billion in punitive damages awarded to one million class members is $1,000 per class member, not $10,000 per class member.

11
**SHEFTALL & TORRES, P.A.**

CASE NO. 00-6035-CIV-MOORE

in the future, or what the value of those claims might be. *Id.* While Plaintiff herein does not seek injunctive relief as to diminished value claims as in *Morrison*, the same reasoning applies to Plaintiff's requested injunction against the use or specification of Non-OEM crash parts that are not of "like kind and quality" to OEM crash parts.

Moreover, even assuming arguendo that the claim for injunctive relief is not immeasurable and speculative, the *Morrison* court has held that the value of injunctive relief is determined by the right asserted, not the relief requested. *Id.* at 1271. Therefore, if the plaintiffs seek an injunction for the purpose of protecting rights of insureds arising from each insured's policy, the value of the injunction to the individual plaintiffs cannot be aggregated to sustain diversity jurisdiction. *Id.* In the instant case, each class member herein is seeking relief based on the Defendant's alleged breach of the individual insurance policies and its failure to repair the individual class members' vehicles with parts of "like kind and quality." Thus, because the Plaintiff and class members herein seek relief for claims that are separate and distinct, they may not be aggregated to satisfy the amount-in-controversy requirement under *Morrison*.

## **CONCLUSION**

In view of the foregoing, it is clear that Plaintiff cannot aggregate class claims for compensatory damages, attorney's fees, punitive damages or injunctive relief to satisfy the amount-in-controversy requirement of 28 U.S.C. §1332. It is also clear that the value of those claims as to any one class member will not approach or exceed $75,000. Therefore, this Court must remand the cause to Florida's Seventeenth Judicial Circuit, as it has done in identical class actions in which plaintiff failed to meet the requirement. *See Aharonoff v. GEICO*, Case No. 99-7724-CIV-Moore/O'Sullivan;

CASE NO. 00-6035-CIV-MOORE

*Keerkel v. American Home Assurance Co.*, Case No. 99-7409-CIV-MOORE.

Respectfully submitted,

_____
Brian M. Torres, Esq. (FBN 036498)
Sandra McClure, Esq. (FBN 413800)
SHEFTALL & TORRES, P.A.
Bank of America Tower at International Place
100 S.E. Second Street, Suite 4600
Miami, FL 33131
Tel. (305) 358-5959
Fax (305) 358-5958

Sean C. Domnick (FBN 843679)
SEARCY DENNEY SCAROLA et al.
2139 Palm Beach Lakes Boulevard
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
Tel. (561) 686-6300

-and -

Jeffrey Orseck (FBN 215953)
JEFFREY ORSECK, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, FL 33301
Tel. (954) 763-3000

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. mail to counsel on the attached list this **3rd** day of April, 2001.

_____
BRIAN M. TORRES, ESQ.

13
**SHEFTALL & TORRES, P.A.**

CASE NO. 00-6035-CIV-MOORE

**Jones-Hubbard v. GEICO**

Frank A. Zacherl, Esq.
Burd Lozano & Zacherl, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Tel: (305) 374-3100
Fax: (305) 374-3161
**Counsel for GEICO Casualty Co.**

David P. Gersch, Esq.
Bruce M. Chadwick, Esq.
Daniel A. Cantor, Esq.
Elissa J. Preheim, Esq.
Arnold & Porter
555 12th Street, NW
Washington, DC 20004-1202
**Counsel for GEICO Casualty Co.**

# EXHIBIT "A"




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALIZAH AHARONOFF, on behalf
of herself and all others similarly
situated,

        Plaintiff,

vs.

GEICO CASUALTY COMPANY,

        Defendant.
_____/

Case No 99-7425-CIV-Moore/O'Sullivan

ALIZAH AHARONOFF, on behalf
of herself and all others similarly
situated,

        Plaintiff,

vs.

COLONIAL PENN INSURANCE COMPANY,

        Defendant.
_____/

Case No. 99-7434-CIV-Moore/O'Sullivan

### GEICO CASUALTY'S RESPONSE TO OCTOBER 27, 2000 ORDER REGARDING SUBJECT MATTER JURISDICTION

In response to the Court's October 27, 2000 Order, Defendant GEICO Casualty Company respectfully submits the following:

Defendant believes that its removal petition was appropriate and proper based on the governing law at the time it was filed, on October 26, 1999. In light of the subsequent decision of *Morrison v. Allstate Indemnity Co.*, 2000 WL 1392456 (11th Cir.

Burd
Lozano &

Sept. 26, 2000), however, Defendant does not oppose remand of the above-captioned case to state court.

Respectfully submitted,

By: _____
Frank A. Zacherl
Florida Bar. No. 868094
BURD LOZANO & ZACHERL, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Telephone: (305) 374-3100
Fax: (305) 374-3161

David P. Gersch
M. Sean Laane
Elissa J. Preheim
ARNOLD & PORTER
555 Twelfth Street, NW
Washington, D.C. 20004
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Defendant GEICO Casualty Company*

Dated: November 13, 2000.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 13th day of November, 2000 to: **SEAN C. DOMINICK, ESQ.**, Counsel for Plaintiff, Searcy Denny Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, FL 33402-3626; **JEFFREY ORSECK, ESQ.** Co-Counsel for Plaintiffs, Jeffrey Orseck, P.A., 111 E. Broward Blvd., Orseck Plaza, Fort Lauderdale, FL 33301; and **SCOTT D. SHEFTALL, ESQ.**, Co-Counsel for Plaintiff, Sheftall & Torres, P.A., 100 S.E. Second Street, Suite 4600, Miami, FL 33131, **CHARLES PLATT, ESQ., PATRICK GENNARDO, ESQ.** Counsel for Colonial Penn, LeBoeuf Lamb Greene & MacRae, 125 W. 55th St., New York, NY 10019-5389.

_____
Charles L. Balli
Florida Bar No. 611328

Burd Lozano & Zacherl, LLP

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FILE COPY**

Case No. 99-7425-CIV-MOORE

ALIZAH AHARONOFF,

    Plaintiff,

vs.

GEICO CASUALTY COMPANY,

    Defendant.

_____/

**ORDER OF REMAND**

FILED by _____ D.C.

DEC 1 2 2000

**CLOSED CIVIL CASE**

THIS CAUSE came before the Court upon the Parties' Joint Notice of Agreement to Remand (DE #73).

UPON CONSIDERATION of the Notice and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that this case be, and hereby is, REMANDED to the Seventeenth (17th) Judicial Circuit in and for Broward County.

This case is CLOSED. All pending Motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2000.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided:
All Counsel of Record