UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE No. 00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD, on behalf
of herself and all others
similarly situated,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.



## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS OR FOR ENTRY OF SCHEDULING ORDER

Plaintiff's opposition brief is both incorrect and misleading.

1.     Plaintiff's principal argument – that the Court's August 1, 2000 Scheduling Order gives them leave to file no motion for class certification until 60 days before trial – is erroneous. The Scheduling Order does not even mention class certification. Nor is a motion for class certification commonly referred to as a "pretrial motion." More fundamentally, Federal Rule of Civil Procedure 23(c) requires that the Court resolve class certification "as soon as practicable." Indeed, in *Tugg v. Towey*, 864 F. Supp. 1201, 1204 (S.D. Fla. 1994), this Court expressly found that Rule 23(c) "requires that the Court make such a determination at the *earliest* opportunity." Fed. R. Civ. P. 23(c) (emphasis added). Here, the Court did not find, nor has Plaintiff ever argued, that it was impractical to move for class certification prior to 60 days before trial -- as plaintiff now contends the Court ruled. To the contrary, the proposed scheduling order that the

Burd
Lozano &
Zacherl, L.L.P.

parties originally submitted on July 20, 2000 required plaintiffs to move for class certification by no later than November 30, 2000.

2. Plaintiff also strives to give an incorrect impression of diligence, stating that the "parties have engaged in discovery," and referencing a deposition in Canada. The Canada deposition was noticed by <u>Defendant</u>. It was noticed in a different lawsuit covering the same subject matter and accordingly, Defendant cross-noticed the deposition for this case. In fact, Plaintiff has not taken *even a single* deposition in this case. As for Plaintiff's inexplicable assertion that discovery is "in full bloom," (Pl. Opp. at ¶ 7) Plaintiff has *no* discovery pending.[1]

3. Finally, Plaintiff invokes *Avery et al. v. State Farm Mut. Ins Co.*, Case No. 97-L-114 (Cir. Ct., 1st Jud. Cir. Williamson County, Illinois). In fact, *Avery* is a cautionary tale of how <u>not</u> to resolve class certification. *Avery* is out of step with the majority of other cases holding that no class may be certified, *see* Defendant's moving brief at 11-13, and with the recent federal appellate rulings denying class certification in cases like this one which seek to challenge multiple different products in the same class hearing. *See* Defendant's moving brief at 11-13. Moreover, as *Avery* expressly noted, the class was certified under an Illinois standard that is *lower* than Federal Rule 23. *See* Order and Findings That Action May Be Maintained as a Class Action, *Snider v. State Farm Mut. Auto. Ins. Co.*, No. 97-L-114, at 12a (Ill. Cir. Ct. Dec. 5, 1997). *See* Defendant's moving brief, Ex. 15.

*Avery* also never addressed how a challenge to thousands of dissimilar parts could possibly be adjudicated as a common question even though this is *the* central inquiry demanded by the Eleventh Circuit and other appellate Courts in recent years.

---

[1] Plaintiff's counsel's suggestion set forth in paragraph 5 of her opposition that defendant failed to respond to their call is also wrong and is, in any event, beside the point. Defendant proposed a schedule in its brief (as an alternative to dismissal) and plaintiff has suggested no changes.

4. Finally, even now -- some 17 months, after the Complaint was filed, Plaintiff still can offer *no* reason why a class should be certified.

For the foregoing reasons, and those in its moving brief, GEICO requests that its motion be granted and that Plaintiff's class allegations be stricken.

                            Respectfully submitted,

                    By: _____ 078964 for

                            Frank A. Zacherl
                            Florida Bar No. 868094
                            BURD LOZANO & ZACHERL, LLP
                            601 Brickell Key Drive
                            Suite 500
                            P.O. Box 01-9110
                            Miami, Florida 33131
                            Telephone: (305) 374-3100
                            Fax: (305) 374-3161

Of Counsel:    David P. Gersch, *pro hac vice*
                            Anne M. Package, *pro hac vice*
                            Garrett M. Heenan
                            ARNOLD & PORTER
                            555 Twelfth St., N.W.
                            Washington, D.C. 20004-1202
                            (202) 942-5000

                            *Counsel for Defendant Government*
                            *Employees Insurance Company*

Dated: April 9, 2001



## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Reply in Support of Defendant's Motion to Dismiss the Class Allegations or For Entry of Scheduling Order and Memorandum in Support Thereof was served by facsimile and mail this 9th day of April, 2001 to: **SCOTT D. SHEFTALL, ESQ.,** Co-Counsel for Plaintiff, Sheftall & Torres, P.A., 100 S.E. Second Street, Suite 4600, Miami, FL 33131; and by mail to: **SEAN C. DOMNICK, ESQ.,** Co-Counsel for Plaintiff, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, FL 33402-3626; **JEFFREY ORSECK, ESQ.,** Co-Counsel for Plaintiff, Jeffrey Orseck, P.A., 1111 E. Broward Blvd., Orseck Plaza, Fort Lauderdale, FL 33301.

By: _____
Colleen Hoey