UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6035-CIV-MOORE
Magistrate Judge O'Sullivan

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly
situated,
          Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

          Defendant.
_____/



### DEFENDANT'S RESPONSE TO PLAINTIFF'S RENEWED MOTION TO REMAND

To avoid dismissal of her class claims for failing to comply with the Local Rules, Plaintiff now seeks to have her case remanded to state court. Plaintiff cites to *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir. 2000), as the impetus for her motion, *see* Plf.'s Mot. ¶ 6, but *Morrison* was decided more than six months ago. Only now, after Defendant ("GEICO") has moved to dismiss the class allegations for Plaintiff's failure to timely move for class certification, has Plaintiff renewed her motion to remand.

Plaintiff's motion is at odds with the allegations in her own Amended Complaint. As Plaintiff acknowledges, the Amended Complaint. which she filed after her initial

motion to remand, <u>expressly</u> alleges satisfaction of the jurisdictional amount.[1] Plaintiff alleges:

> <u>This Court has jurisdiction</u> over the subject matter hereto and the parties hereof. <u>The amount in controversy inclusive of fees and punitive damages exceeds $75,000</u>.

Am. Compl. ¶ 3 (Mar. 15, 2000) (emphasis added).[2] The plaintiff is "the master of h[er] own claim," and the law "give[s] great weight to plaintiff's assessment of the value of plaintiff's case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094-95 (11th Cir. 1994) (citation omitted) (presuming that plaintiff's counsel understands that representations about damages "have important legal consequences and . . . raise significant ethical implications for a court officer"). Thus, the plaintiff's own allegation that the jurisdictional amount is met "generally is determinative of the amount in controversy issue for federal removal jurisdiction purposes" unless the plaintiff "demonstrates that despite the allegations of the complaint the amount recoverable by the plaintiff cannot exceed $75,000 as a matter of law." 14C Charles A. Wright et al., *Federal Practice & Procedure* § 3725, at 73, 77 (3d ed. 1998).

---

[1] For this reason alone, *Aharonoff v. Government Employees Ins. Co.*, Case No. 99-7425-CIV-MOORE, to which Plaintiff cites, *see* Plf.'s Mot. ¶ 8, is inapposite. Unlike this case, the *Aharonoff* complaint does not contain an express allegation of federal jurisdiction or that the amount in controversy exceeds $75,000.

[2] The court may examine subsequent pleadings as clarification of the amount in controversy stated in the original pleading. *See* 14B Charles A. Wright et al., *Federal Practice & Procedure* § 3702, at 70 (3d ed. 1998). Furthermore, while the amount in controversy generally is determined at the time the notice of removal is filed, it long has been the rule that "a voluntary act by the plaintiff such as the filing of an amended complaint can render a complaint removable under [28 U.S.C. § 1446(b)]." *Winters Gov't Secs. Corp. v. NAFI Employees Credit Union*, 449 F. Supp. 239, 241 (S.D. Fla. 1978); *see Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967); *see also Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (denying remand of a case already removed to federal court where plaintiff's motion to remand revealed a change in domicile that created an independent basis for diversity of citizenship).

2

While GEICO of course denies that it has any liability to Plaintiff, Plaintiff cannot prove "as a matter of law" that her total recovery "cannot exceed $75,000." In addition to her compensatory damage claims, Plaintiff also seeks injunctive relief, punitive damages, attorneys' fees and costs, "including payment of experts' fees and expenses." Compl. at 9, Prayer for Relief ¶ 7. The attorneys' fees, costs and expenses alone are likely to be substantial. GEICO disputes Plaintiff's allegations, including her allegations concerning aftermarket parts, and there will no doubt be numerous depositions of fact and expert witnesses on these disputed issues. For example, Plaintiff alleges that her aftermarket parts have substandard fit, finish, mechanical operation, corrosion resistance, dent resistance and structural integrity, which allegedly impacts safety. *See* Compl. ¶¶ 11, 13. Proof of these allegations will require costly testing and multiple experts. For example, a comparative crash test of a Honda Accord of the model that Plaintiff owns would cost more than the purchase price of two vehicles. A particular part's corrosion resistance is assessed by means of a 500-hour salt spray test, also a substantial expense. Thus, simply focusing on Ms. Hubbard's own, individual claim, it cannot be said as a matter of law that the total value of the compensatory, punitive, injunctive, expert fees and costs, and attorney-fee relief she seeks, could not meet the jurisdictional minimum.

Plaintiff has not demonstrated otherwise; she states only in conclusory fashion that the value of the claims as to any individual class member will not exceed $75,000. *See* Plf.'s Mot. at 12. Plaintiff's attempt to disavow the express jurisdictional allegations in her Complaint fails for two reasons. First, as the U.S. Supreme Court has long held, the amount in controversy must be determined "as of the time [the case] was filed," and a plaintiff cannot divest a federal court of jurisdiction by later decreasing her claim for

3

damages below the jurisdictional minimum. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 390 (1998) (emphasis added); *see id.* at 391; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-293 (1938); *Williams v. Employers Mut. Liab. Ins. Co.*, 131 F.2d 601, 602 (5th Cir. 1942).[3]

Second, Plaintiff's responses to GEICO's requests for admission confirms her allegation that "the amount in controversy inclusive of fees and punitive damages exceeds $75,000." Am. Comp. ¶ 3. Plaintiff has refused to admit that neither she nor any putative class member will seek damages in excess of the jurisdictional amount. GEICO served four specific, targeted requests on Plaintiff, asking her to admit that she and the putative class are not seeking damages in excess of $75,000. Plaintiff denied each request – with the equivocal caveat that she does not "anticipate" individual damages over that that amount. *See* Plf.'s Answers to Requests for Admission Nos. 1-4 (May 19, 2000) (Exhibit A). Plaintiff's equivocation that she does "not anticipate[]" that she or any putative class member will seek individual damages in excess of $75,000 (Plfs.' Answers to Requests for Admission Nos. 1-4) cannot strip this Court of jurisdiction – especially in light of Plaintiff's express allegation in her complaint that she is seeking more than $75,000. *See* 14C Charles A Wright et al., *Federal Practice Procedure* § 3725, at 73, 77 (3d ed. 1998); *see also Moorehead v. State Farm Mut. Auto. Ins. Co.*, CA-AR-0668-S, at 2-3 (S.D. Ala. Sept. 12, 1996) (denying motion to remand where plaintiff "weakly sa[id] that the individual claims 'will not likely meet the

---

[3] Even assuming arguendo that a post-removal disclaimer of damages could divest this court of federal jurisdiction, Plaintiff fails to stipulate that she neither seeks nor will accept a recovery in excess of the jurisdictional minimum.

4

jurisdictional requirements.'"') (emphasis in original) (attached hereto as Exhibit B). Rather, Plaintiff's answers reinforce her allegation that this case satisfies the amount-in-controversy requirement. *See, e.g.*, *Wright v. Continental Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978) (denying remand, noting that defendant may establish the amount in controversy by means of requests for admissions).

In sum, having expressly alleged that the amount-in-controversy requirement is met in this case, it is Plaintiff's burden to prove that her total recovery "cannot exceed $75,000, as a matter of law." She has not done so.

Respectfully submitted,

Frank A. Zacherl
Florida Bar No. 868094
BURD LOZANO & ZACHERL, LLP
601 Brickell Key Drive
Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Telephone: (305) 374-3100
Fax: (305) 374-3161

*Of Counsel*:
David P. Gersch
Elissa J. Preheim
ARNOLD & PORTER
555 Twelfth St., N.W.
Washington, D.C. 20004-1202
(202) 942-5000

By: _____
       Elissa J. Preheim

*Counsel for Defendant Government
Employees Insurance Company*

Dated: April 20, 2001

    WE HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Response to Plaintiff's Renewed Motion to Remand was mailed this 20th day of April, 2001 to the following counsel of record: **SEAN C. DOMNICK, ESQ.**, Counsel for Plaintiff, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, FL 33402-3626; **JEFFREY ORSECK, ESQ.**, Co-Counsel for Plaintiff, Jeffrey Orseck, P.A., 1111 E. Broward Blvd., Orseck Plaza, Fort Lauderdale, FL 33301; and **SCOTT D. SHEFTALL, ESQ.**, Co-Counsel for Plaintiff, Sheftall & Torres, P.A., 100 S.E. Second Street, Suite 4600, Miami, FL 33131.

By: _____
       Elissa J. Preheim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:00-6035-CIV-MOORE       ATTACHMENT / EXHIBIT A

KIMBERLY JONES HUBBARD,
On Behalf Of Herself And All Others
Similarly Situated,

    Plaintiff,                                                              **CLASS REPRESENTATION**

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S ANSWERS TO DEFENDANT, GOVERNMENT EMPLOYEES
INSURANCE COMPANY'S, FIRST REQUESTS FOR ADMISSION**

The Plaintiff, Kimberly Jones-Hubbard, On Behalf Of Herself And All Others Similarly Situated, hereby files her Answers to Defendant, Government Employees Insurance Company's, First Requests for Admission dated April 19, 2000, as follows:

**REQUEST NO. 1**

Neither Plaintiff nor any member of the putative class seeks or will seek in the above-captioned action damages of any kind totaling in excess of $75,000.

**ANSWER NO. 1**

Denied as phrased. It is not anticipated that the Plaintiff or any one class member will seek compensatory damages in excess of $75,000.00. It is anticipated, however, that the aggregate compensatory damages will run in the tens of millions of dollars if not hundreds of millions of

dollars. Furthermore, it is anticipated that aggregate attorneys' fees and punitive damages will exceed $75,000.00.

### REQUEST NO. 2

Plaintiff does not seek in the above-captioned action damages of any kind totaling in excess of $75,000.

### ANSWER NO. 2

Denied as phrased. It is not anticipated that the Plaintiff or any one class member will seek compensatory damages in excess of $75,000.00. It is anticipated, however, that the aggregate compensatory damages will run in the tens of millions of dollars if not hundreds of millions of dollars. Furthermore, it is anticipated that aggregate attorneys' fees and punitive damages will exceed $75,000.00.

### REQUEST NO. 3

Plaintiff will not seek in the above-captioned action damages of any kind totaling in excess of $75,000.

### ANSWER NO. 3

Denied as phrased. It is not anticipated that the Plaintiff or any one class member will seek compensatory damages in excess of $75,000.00. It is anticipated, however, that the aggregate compensatory damages will run in the tens of millions of dollars if not hundreds of millions of dollars. Furthermore, it is anticipated that aggregate attorneys' fees and punitive damages will exceed $75,000.00.

### REQUEST NO. 4

No putative class member in the above-captioned action will seek damages of any kind totaling in excess of $75,000.

## ANSWER NO. 4

Denied as phrased. It is not anticipated that the Plaintiff or any one class member will seek compensatory damages in excess of $75,000.00. It is anticipated, however, that the aggregate compensatory damages will run in the tens of millions of dollars if not hundreds of millions of dollars. Furthermore, it is anticipated that aggregate attorneys' fees and punitive damages will exceed $75,000.00.

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been sent to all counsel on the attached service list by fax and by U.S. Mail this 19th day of May, 2000.

_____
Sean C. Domnick, Esq.
Florida Bar No.: 843679
Jack Scarola, Esq.
Florida Bar No.: 169440
Searcy Denney Scarola Barnhart &
 Shipley, P.A.
2139 Palm Beach Lakes Boulevard
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
(561) 478-0754 (Fax)
Attorneys for Plaintiff

Jeffrey Orseck, Esq.
Florida Bar No.: 215953
Jeffrey Orseck, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, FL 33301
(954) 763-3000
(954) 527-4228 (Fax)
Co-Counsel for Plaintiff

Scott D. Sheftall, Esq.
Florida Bar No.: 231398
Brian M. Torres, Esq.
Florida Bar No.: 0036498
Sheftall and Torres, P.A.
100 S.E. Second Street - Suite 4600
Miami, FL 33131
(305) 358-5959
(305) 358-5958 (Fax)
Co-Counsel for Plaintiff

JONES-HUBBARD v. GOVERNMENT EMPLOYEES INSURANCE COMPANY
Case No.: 00-6035-CIV-MOORE

COUNSEL LIST

Frank A. Zacherl, Esq.
Burd Lozano & Zacherl, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, FL 33131
(305) 374-3100
(305) 374-3161 (fax)
**Counsel for Defendant**

David P. Gersch, Esq.
Bruce M. Chadwick, Esq.
Daniel A. Cantor, Esq.
Elissa J. Preheim, Esq.
Arnold & Porter
555 12th Street, N.W.
Washington, DC 20004-1202
(202) 942-5000
**Counsel for Defendant**

Jeffrey Orseck, Esq.
Jeffrey Orseck, P.A.
1111 East Broward Blvd., Orseck Plaza
Ft. Lauderdale, FL 33301
(954) 763-3000
**Co-Counsel for Plaintiff**

Scott D. Sheftall, Esq.
Brian M. Torres, Esq.
Sheftall & Torres, P.A.
100 S.E. Second Street, Suite 4600
Miami, FL 33131
(305) 358-5959
(305) 358-5958
**Co-Counsel for Plaintiff**

ATTACHMENT / EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LESLIE MOORHEAD, WAYNE H. )
LOWERY, SR., AND KENNY )
HIGHFIELD, on behalf of )
themselves and all others ) CIVIL ACTION NO.
similarly situated, )
) 95-AR-0668-S
    Plaintiffs )
)
vs. )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, ET AL., )
)
    Defendants )

**ENTERED**
SEP 12 1996

### MEMORANDUM OPINION

On March 16, 1995, the above re-styled putative class action was removed from state court to this court by defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"). On May 30, 1995, Hon. Sam C. Pointer, Jr., chief judge of this court, denied plaintiffs' motion to remand. What the undersigned would have done with plaintiffs' motion to remand if the case had then been his will remain an hypothetical question. It will not be answered, especially not by entering a favorable ruling on plaintiffs' current motion to reconsider Judge Pointer's ruling. To grant plaintiffs' present motion would, in effect, be to presume to act as an appellate court and to reverse Judge Pointer, something this

1

court declines to do. Of course, this court understands that if it does, in fact and law, lack subject matter jurisdiction as plaintiffs contend, everything previously ordered by this court, by whatever judge, and everything hereinafter ordered by this court, by whatever judge, is meaningless.

The facts and procedural posture bearing on removability, particularly with respect to the jurisdictional amount required by 28 U.S.C. § 1332 for a diversity removal, have not changed since the original removal, that is, *unless* plaintiffs' half-hearted, equivocal concession in its present motion for reconsideration constitutes a *real* change. State Farm may wish the court to smoke out plaintiffs to see if they are willing to make a truly binding commitment that no individual plaintiff's claim, and no individual plaintiff's ultimate recovery, including his *pro rata* share of any attorneys fee, whether or not a class is certified, will *ever* exceed $50,000.00. Such a guaranty, if judicially approved by this court, could be an occasion for remanding the case and might constitute a bargain that State Farm cannot resist, but it would require such a formal concession by plaintiffs to justify a *de novo* consideration by this court of its subject matter jurisdiction. The fact that plaintiffs' pending motion to reconsider the denial of their motion to remand is (1) not signed by Alabama counsel, and (2) weakly says that the individual claims "will not *likely* meet the jurisdictional requirements under 28 U.S.C. § 1332," may be a

2

Freudian expression of an unwillingness to concede that Alabama law has evolved to such a point that egregious fraud or outrageous conduct by a defendant, that results in a small actual injury, can never form the basis for an award of punitive damages in excess of $50,000.00. This court does not so interpret *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).

It is difficult, if not impossible, to justify the time lapse between the removal of this case and the class determination hearing, ordered *sua sponte*, after being resisted by plaintiffs, and finally conducted on August 14, 1996. Rule 23(c)(1), F.R.Civ.P., provides:

> <u>As soon as practicable after the commencement of an action brought as a class action</u>, the court <u>shall</u> determine by order whether it is to be so maintained.

(emphasis supplied). Fifteen (15) months between filing and class hearing, even in a complicated case, is not "as soon as practicable after commencement," and this case is not and never was particularly complicated. The word "shall" is not a word of suggestion. It is a word of command.

Assuming *arguendo* that the named plaintiffs, who have decreased to three, can be forgiven for not complying with the Rule 23(c)(1) timeliness requirement, the court must consider the evidence offered at the August 14-15, 1996, evidentiary hearing to see if plaintiffs met their burden of proving the Rule 23 requisites for a class certification.

3

The burden of proving all of one or more of Rule 23's alternative prerequisites is on the representative party or parties seeking class status. *Hudson v. Delta Airlines, Inc.*, 90 F.3d 451 (11th Cir. 1996). "Questions concerning class certification are left to the sound discretion of the district court." *Freeman v. Motor Convoy, Inc.*, 700 F.2d 1339, 1347 (11th Cir. 1983); *Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, (11th Cir. 1996). This means that the court must exercise a substantial degree of judgment in assessing the plausibility and fairness of a class proceeding.

If this court should presume to redefine this particular putative class and limit it to persons closely similar to the named plaintiffs, namely, State Farm policyholders in Alabama who have actually had a collision and who have, in fact, been supplied with a non-original "crash" part in the repair of their insured automobile, there would be a failure of proof of the "numerosity" requirement of Rule 23(a)(1). For aught appearing from the evidence, such a group would be small enough to be individually named as plaintiffs, particularly inasmuch as State Farm only recently instituted its policy of using non-original crash parts in Alabama, and non-original parts are not always used. Undoubtedly one reason for plaintiffs to describe the putative class to include all State Farm auto policyholders in Alabama is to obtain the necessary numerosity as well as to expand the amount of actual

4

damage with the allegation that State Farm's premiums are too high when one considers the allegedly unlawful cost-saving device of using non-original crash parts.

A considerable portion of the evidence offered by both sides consisted of proof relevant to the ultimate merits of the case, whether or not given class status. In particular, the court was furnished with the policy language and with the fact of State Farm's recently introduced practice of using non-original crash parts in Alabama. These are the basics for providing a common question of law. The three individual plaintiffs complain about this practice in differing degrees and in different ways. This court declines at this point to judge the merits of any of the three individual claims except to note that the three named plaintiffs expressed their varying complaints from the witness stand in markedly different terms, even taking contradictory positions among themselves, and all woefully failing to comprehend or to articulate the main theory of liability upon which a group large enough to constitute a class could be formed. Not one of the three demonstrated any comprehension, much less any ability to articulate, the claim or theory of liability which the last amended complaint uses to describe the putative class.

The original plaintiffs who dismissed their claims with prejudice before the class hearing obviously recognized their own personal inadequacies as "would-be" class representatives. The

three individuals who remain, and who testified, are weak as kittens, although not as weak in their proposed undertaking to represent the "would-be" class as the former individual plaintiffs who have fallen by the wayside. Even if the court should overlook the question of whether the claims of the three plaintiffs share commonality and typicality with the claims of the putative class, something this court doubts, this court cannot find that a class action here is superior to other methods for a fair and efficient adjudication of individual claims, if individual claims have viability. This court cannot find that the "would-be" representatives will fairly and adequately represent and protect the interests of the class as described. Each of the three named plaintiffs has at least one shortcoming which prevents him or her from constituting an adequate class representative. Each says, "I'll stick to this through thick and thin and until the end," but such a declaration, even if given credence, does not in and of itself make the declarant into an adequate class representative. Some examples of inadequacy here are these:

(1) None of the three ever voiced a complaint about the premium being excessive. This is the main, if not the only, theory upon which the putative class complains. In fact, one or more of the three individual plaintiffs bought insurance from State Farm because its cost was less than the same coverage by its competition.

(2) No individual plaintiff has a policy issued by the second defendant, State Farm Fire and Casualty Company, which is a stock company. The question of the second defendant's liability should be presented by one of its insureds. These three plaintiffs want to be vicarious representatives.

(3) Plaintiff Lowery, whose son was an earlier plaintiff, testified that using any non-original replacement part, even a spark plug or a battery, would violate State Farm's automobile policy and obligation. Such a claim is contrary to the class claim, which is limited to "crash" parts. Mr. Lowery's contention materially detracts from the class theory.

(4) Plaintiff Highfield actually signed a release expressly giving up his claim. He therefore has a real personal hurdle to overcome. Furthermore, after knowing the facts he never complained to his State Farm agent about State Farm's use of non-original parts. And lastly, he himself has used non-original replacement parts before. He would make a poor class representative.

(5) Plaintiff Moorhead has renewed her State Farm policy after her problem arose and after this suit was filed. Her working for a law firm may or may not be a cross to bear, but her policy renewal subtracts substantially from her moral, if not her legal, standing to carry the class banner.

Counsel for the three-named plaintiffs are highly competent, experienced and skilled. State Farm concedes that they are

7

adequate. Unfortunately, their three clients are not so adequate. Plaintiffs' counsel obviously looked hard and long for adequate class representatives but have not found any. This lack of success over fifteen (15) months may explain counsel's desire to put off the Rule 23 certification hearing.

The court could spend considerable time analyzing the evidence as it bears on each and every aspect of Rule 23 to see if plaintiffs met their burden as to each and every essential aspect. This is unnecessary because when plaintiffs failed to prove one essential aspect, a class cannot be certified. Here, plaintiffs have failed to prove the requisite provided in Rule 23(a)(4), namely, that the named plaintiffs be adequate class representatives.

An appropriate, separate order will be entered denying class certification.

DONE this 12th day of September, 1996.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE MOORHEAD, WAYNE H. LOWERY, SR., AND KENNY HIGHFIELD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.,<br><br>Defendants | CIVIL ACTION NO.<br><br>95-AR-0668-S<br><br>**ENTERED**<br><br>SEP 1 2 1996 |

### ORDER

In accordance with the accompanying memorandum opinion, plaintiffs' request for certification of a class pursuant to Rule 23, F.R.Civ.P., is DENIED. The case shall proceed as if it were three individual actions consolidated for trial. The style henceforward shall leave out the words "on behalf of themselves and all others similarly situated." This order is, of course, without prejudice to any claims by any persons who might have been members of a class if a class had been certified.

DONE this 12th day of September, 1996.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE