UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD, on behalf
of herself and all others similarly situated,

    Plaintiff,

vs.

GOVERNMENT EMPLOYEES INS. CO.,

    Defendant.
_____/

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION TO REMAND

The Plaintiff, Kimberly Jones Hubbard, hereby files her Reply Memorandum in support of Plaintiff's Renewed Motion (cited "Plf.'s Mot.") to Remand the above-captioned action on the basis of lack of subject matter jurisdiction to the Seventeenth Judicial Circuit in and for Broward County, Florida and states as follows:

In Defendant's Response to Plaintiff's Renewed Motion to Remand (cited "Def.'s Response"), the Defendant does not dispute that the Eleventh Circuit's recent opinion in *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000), is dispositive of the Plaintiff's motion to remand on issues of law. Defendant's only argument is that Plaintiff has not shown as a matter of fact that neither the Plaintiff nor any class member have individual claims that will not exceed $75,000.[1] The

---

[1] The parties do not dispute that the aggregate value of the class's claims for compensatory damages, punitive damages, injunctive relief and attorney's fees will be far in excess of $75,000, but the aggregation of such claim is expressly forbidden in *Morrison*.

1
**SHEFTALL & TORRES, P.A.**

Defendant contends that the Plaintiff is unwilling to stipulate that no class member, including herself, has individual claims in excess of $75,000, and that her responses to request for admissions "confirm" her allegation that the amount in controversy is met. Defendant's arguments are unavailing.

First, it should be clear from the Plaintiff's motion that she has taken the position consistent with *Morrison* that no class member, including herself, has individual claims that will total over $75,000. Indeed, that is the express basis for her motion: "Because no such showing can be made here that an individual Plaintiff meets the jurisdictional minimum, and the class claims cannot be aggregated, Plaintiff moves for an order remanding this case . . . ." Plf.'s Mot. at 3 (¶7). To the extent there remains any ambiguity on this point after her twelve pages of briefing on this issue, the Plaintiff stipulates pursuant to *Morrison* that neither the Plaintiff nor any class member will have an individual recovery of compensatory damages and of a *pro rata* share of attorney's fees, punitive damages and injunctive relief in excess of $75,000.

The Plaintiff's jurisdictional allegations and her responses to the Defendant's requests for admissions do not demonstrate otherwise. As the Defendant noted, the First Amended Complaint at 2 (¶2) alleges that jurisdiction exists based on diversity and that "[t]he amount in controversy inclusive of fees and punitive damages exceeds $75,000." But this amount-in-controversy allegation is not a statement that the Plaintiff's *individual* claim exceeds $75,000 in value; nowhere did the Plaintiff allege that. Instead, the plain import of this allegation in the context of a lawsuit alleging class claims against the Defendant is that the total amount in controversy on a class basis exceeds $75,000. There is no other reasonable interpretation. It is precisely this basis of jurisdiction, however, that the *Morrison* decision effectively eliminated with respect to nearly identical class claims. For that reason, the court found insufficient to confer jurisdiction the plaintiff's jurisdictional

allegation, even though the plaintiff expressly alleged that "[t]he matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 228 F.2d at 1261. Under the Defendant's view, this allegation, too, would have been sufficient to confer jurisdiction – a position plainly rejected in *Morrison*.

Moreover, in response to the Defendant's First Request for Admissions, the Plaintiff made clear that she does not anticipate "that the Plaintiff or any one class member will seek compensatory damages in excess of $75,000." *See* Plaintiff's Answers to Defendant, Government Employees Insurance Company's, First Request for Admissions (attached to Def.'s Response). While the Defendant calls this response "equivocal," the response plainly means that the Plaintiff cannot foresee any circumstance under which a class member's individual claim for compensatory damages would exceed $75,000. This is far from a contention that some as yet unknown class member has a claim for compensatory damages in excess of $75,000. As shown in *Morrison*, the mere possibility that some such class member may exist is an insufficient predicate for jurisdiction: "[I]f there are such class members, their existence must be demonstrated not supposed. Jurisdiction cannot be established by a hypothetical." *Morrison*, 228 F.2d at 1273. Neither the Plaintiff nor the Defendant has met this burden.

The Plaintiff further responded to each request for admission that, "It is anticipated, however, that the *aggregate* compensatory damages will run in the tens of millions of dollars if not hundreds of millions of dollars. Furthermore, it is anticipated that *aggregate* attorney's fees and punitive damages will exceed $75,000." *See* Plaintiff's Answers to Defendant, Government Employees Insurance Company's, First Request for Admissions (attached to Def.'s Response) (emphasis added). These responses clearly elucidate the basis on which the Plaintiff was alleging jurisdiction to exist –

3
**SHEFTALL & TORRES, P.A.**

*viz.*, the aggregate value of class relief in the form of attorney's fees and punitive damages. Again, *Morrison* precludes these bases of diversity jurisdiction. *See* Pl.'s Renewed Mot. at 7-11.

If there is any doubt that the value of class members' individual claims cannot possibly meet the amount-in-controversy requirement, the Court need look no further than *Avery v. State Farm Mut. Auto. Ins. Co.*, — N.E.2d —, 2001 WL 346308 (Ill. App. 2001) (attached). In *Avery*, a $1.056 billion class action judgment was recently affirmed against an insurer in a case raising breach of contract claims identical to those alleged here. The judgment for the plaintiffs awarded a common fund of aggregate compensatory damages of $456 million and punitive damages of $600 million.[2] The class consisted of over 4 million policyholders. Dividing the amount of the judgment by 4 million class members, this means that the average class member's claim is approximately $114 in compensatory damages and $150 in punitive damages for a total award of $264 per class member.[3] Clearly, these numbers fall far below the requisite amount in controversy, and they fully support the Plaintiff's contention that no class member in this case will have an individual recovery of compensatory damages and of a *pro rata* share of attorney's fees, punitive damages and injunctive relief in excess of $75,000.

Finally, the Defendant vaguely suggests that the Plaintiff's "delay" in filing the instant motion after the *Morrison* decision somehow affects the outcome of the Plaintiff's motion. But subject matter jurisdiction cannot be conferred by consent of the parties or supplanted by considerations of

---

[2] The trial court in *Avery* denied the plaintiffs' request for injunctive relief on the ground that the plaintiffs had an adequate remedy at law.

[3] The average recovery will actually be less than $264 since there were more than 4 million class members, although the Illinois appellate court's opinion does not state exactly how many there are.

convenience or efficiency. *Morrison*, 228 F. 3d at 1261 (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) (*per curiam*)). Indeed, the *Morrison* court stated that it was obligated to address the issue of subject matter jurisdiction *sua sponte* on appeal in view of its "responsibility for keeping federal courts within their jurisdictional boundaries." *Id.* Consequently, the timing of the instant motion is legally irrelevant, and this Court is obligated to consider whether subject matter jurisdiction exists whenever it appears that jurisdiction may be lacking, *id.*, as here.

## CONCLUSION

For the foregoing reasons, this Court should remand the cause to Florida's Seventeenth Judicial Circuit, as it has done in identical class actions in which plaintiff failed to meet the requirement. *See Aharonoff v. GEICO*, Case No. 99-7724-CIV-Moore/O'Sullivan; *Keerkel v. American Home Assurance Co.*, Case No. 99-7409-CIV-MOORE.

Respectfully submitted,

_____
Brian M. Torres, Esq. (FBN 036498)
Sandra McClure, Esq. (FBN 413800)
SHEFTALL & TORRES, P.A.
Bank of America Tower at International Place
100 S.E. Second Street, Suite 4600
Miami, FL 33131
Tel. (305) 358-5959
Fax (305) 358-5958

Sean C. Domnick (FBN 843679)
SEARCY DENNEY SCAROLA et al.
2139 Palm Beach Lakes Boulevard
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
Tel. (561) 686-6300

-and -

Jeffrey Orseck (FBN 215953)
JEFFREY ORSECK, P.A.
1111 East Broward Boulevard, Orseck Plaza
Fort Lauderdale, FL 33301
Tel. (954) 763-3000

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. mail to the following counsel for the Defendant this 1st day of May, 2001:

Frank A. Zacherl, Esq.
Burd Lozano & Zacherl, LLP
601 Brickell Key Drive, Suite 500
P.O. Box 01-9110
Miami, Florida 33131
Tel: (305) 374-3100
Fax: (305) 374-3161

David P. Gersch, Esq.
Bruce M. Chadwick, Esq.
Daniel A. Cantor, Esq.
Elissa J. Preheim, Esq.
Arnold & Porter
555 12th Street, NW
Washington, DC 20004-1202

_____
BRIAN M. TORRES, ESQ.