UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD, on behalf
of herself and all others
similarly situated,

Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

Defendant.

_____

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Defendant Government Employees Insurance Company ("GEICO") hereby
moves for a protective order modifying the Court's current Scheduling Order, which
requires the parties to designate expert witnesses and exchange summaries of their
testimony or expert reports by Wednesday, July 11, 2001. In support of this motion,
GEICO states as follows:

1.    This action has been pending since November 24, 1999.

2.    Under Local Rule 23.1(3), plaintiff was required to move for class
certification within 90 days after filing her complaint, unless she obtained an extension
for good cause. Plaintiff did not file a timely motion for certification. Nor did plaintiff
ever seek or obtain any extension of the deadline set by Rule 23.1(3).

440547-1

3.    In response to plaintiff's default, on March 12, 2001, GEICO filed a
Motion to Dismiss Class Allegations or for Entry of a Scheduling Order. Nevertheless,
plaintiff still did not seek certification. In short, plaintiff has failed to prosecute her case.
GEICO's motion to dismiss remains pending.

4.    Also pending is a motion filed by plaintiff on April 3, 2001 seeking
remand to state court. GEICO responded to that motion on April 20, 2001.

5.    The current Scheduling Order requires the parties to exchange expert
reports or summaries of expert testimony by Wednesday, July 11, 2001.

6.    GEICO will be prejudiced if required to designate expert witnesses and
submit information regarding expert testimony before the issue of class certification is
resolved. The scope and nature of the issues for trial – and therefore the requisite expert
testimony – will be dramatically different if this case is a class action addressing
thousands of different repairs and thousands of different parts put on different cars, as
opposed to a non-class case limited to the specific repair of Ms. Hubbard's car. It would
make no sense for the parties to disclose merits experts before the class action issue is
resolved. It also would best serve judicial economy to resolve the remand issue before
applying federal expert disclosure procedures.

7.    Counsel for GEICO conferred with counsel for plaintiff on July 10, 2001,
and is authorized to represent that plaintiff does not oppose the relief requested by this
Motion.

WHEREFORE, GEICO respectfully requests that this Court issue an Order in the
form attached hereto, postponing expert disclosures until a date to be set, if necessary,
after the Court has resolved the issue of class certification.

2

Respectfully submitted,

Frank A. Zacherl
Florida Bar No. 868094
SHUTTS & BOWEN
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Fax: (305) 381-9982

Of Counsel:    David P. Gersch
M. Sean Laane
ARNOLD & PORTER
555 Twelfth St., N.W.
Washington, D.C. 20004-1202
(202) 942-5000

*Counsel for Defendant Government
Employees Insurance Company*

Dated: July 11, 2001

WE HEREBY CERTIFY that a true and correct copy of each of the foregoing
was mailed this 11th day of July, 2001 to the following counsel of record: **SEAN C.
DOMNICK, ESQ.**, Counsel for Plaintiff, Searcy Denney Scarola Barnhart & Shipley,
P.A., 2139 Palm Beach Lakes Blvd., P.O. Drawer 3626, West Palm Beach, FL
33402-3626; **JEFFREY ORSECK, ESQ.**, Co-Counsel for Plaintiff, Jeffrey Orseck,
P.A., 1111 E. Broward Blvd., Orseck Plaza, Fort Lauderdale, FL 33301; and **SCOTT D.
SHEFTALL, ESQ.,** Co-Counsel for Plaintiff, Sheftall & Torres, P.A., 100 S.E. Second
Street, Suite 4600, Miami, FL 33131.

By: _____
Frank Zacherl

3