**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

FILED by ⟨GW⟩ D.C.

JUL 2 5 2001

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Case No. 00-6035-CIV-MOORE

KIMBERLY JONES HUBBARD, on behalf of
herself and all others similarly situated,

    Plaintiff,

vs.    **ORDER OF REMAND**

GOVERNMENT EMPLOYEES INS. CO.,

    Defendant.
_____/

**CLOSED
CIVIL
CASE**

THIS CAUSE came before the Court upon Plaintiff's Renewed Motion to Remand (DE #46). Plaintiff avers that new law in this Circuit precludes the possibility that the amount in controversy, for purposes of determining subject matter jurisdiction, could exceed $75,000.00. Plaintiff relies on *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000), which held that a class of plaintiffs raising claims similar to those in the present action could not aggregate their potential recovery to establish the requisite amount in controversy.

Defendant opposes the present motion, noting first that Plaintiff's amended complaint alleges that the amount in controversy exceeds $75,000.00. Second, Defendant challenges Plaintiff's ability to divest the Court of jurisdiction by disclaiming her demand for relief. Defendant relies on *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998), which stands for the proposition that a federal court will keep a removed case even if the amount at issue is reduced subsequent to removal. Defendant correctly notes that jurisdiction must be determined as of the time the claim was initiated, as post-removal events that reduce the amount recoverable do not rid the court of jurisdiction. *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1289 (11th Cir. 2000) (concluding that district court erred by relying on amended complaint to conclude that plaintiffs did not meet the amount in controversy requirement and remanding for determination of jurisdiction at time of removal). Nevertheless, any doubts about federal jurisdiction must be resolved in favor of a remand to state court. *See Burns v. Windsor*



*Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Plaintiff maintains that the amount in controversy, as calculated under *Morrison*'s limitation, *never* exceeded the jurisdictional minimum. Plaintiff avers that her representation that the amount in controversy exceeded $75,000.00 was based on an erroneous assumption that Plaintiffs would be able to aggregate their recovery. The plaintiffs in *Morrison* similarly alleged that the amount in controversy exceeded $75,000, but the court ultimately determined that no individual plaintiff could possibly recover that amount. The court further held that because each member of the plaintiff class alleged that their damages resulted from the breach of individual insurance policies, compensatory damages could not be aggregated to establish diversity jurisdiction. *Morrison*, 228 F.3d at 1263.

Defendant's opposition relies on part on an opinion entered in the Southern District of Alabama, in which U.S. District Court Judge William M. Acker, Jr., refused to grant plaintiffs' motion for reconsideration of the denial of their motion to remand. While withholding judgment as to whether the motion to remand should have been granted, Judge Acker noted that the plaintiffs had not demonstrated any real change in their position warranting reconsideration. Judge Acker further speculated that an unequivocal commitment by plaintiffs, that they would not seek damages in excess of $75,000, would justify *de novo* consideration by the court of its subject matter jurisdiction and would possibly necessitate remand.

Plaintiff stipulates in her Reply that pursuant to *Morrison* "neither the Plaintiff nor any class member will have an individual recovery of compensatory damages and of a *pro rata* share of attorney's fees, punitive damages and injunctive relief in excess of $75,000."[1] Plaintiff did not decrease or change her demand, but rather acknowledged the limitations of her claim pursuant to controlling law. Defendant does not dispute this fact but claims that costs of Plaintiff's action alone will be substantial and may exceed the amount in controversy. Defendant did not substantiate this claim by offering a single estimate of the costs purportedly associated with Plaintiff's case, and the Court rejects the prospect of resting federal jurisdiction on pure speculation. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (noting that, where

---

[1] Plaintiff's Reply Memorandum in Support of Renewed Motion to Remand, at 2.

jurisdiction is predicated on removal, defendant bears the burden of showing that the federal jurisdiction requirements are met). Plaintiff's concession, and the fact that she has not decreased her demand in an effort to escape federal jurisdiction, compels the conclusion that the amount in controversy did not exceed the statutory minimum at the time of removal. Accordingly, the Court lacks subject matter jurisdiction over this case.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that this case be, and hereby is, REMANDED to the Seventeenth (17th) Judicial Circuit in and for Broward County.

This case is CLOSED. All pending Motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of July, 2001.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided:
All Counsel of Record